# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

HAROLD HARRIS; PASTOR ROBERT
TIPTON, JR.; DELTA SIGMA THETA
SORORITY, INC., DESOTO COUNTY
MS NAACP UNIT 5574

    *Plaintiffs*,

v.

DESOTO COUNTY, MISSISSIPPI;
DESOTO COUNTY BOARD OF
SUPERVISORS; DESOTO COUNTY
ELECTION COMMISSION; and DALE
THOMPSON in her official capacity as
DeSoto County Circuit Clerk.

    *Defendants*.

No. 3:24-cv-289-DMB-RP

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

1. Plaintiffs Harold Harris, Pastor Robert Tipton, Jr., Delta Sigma Theta Sorority, Inc., and DeSoto County MS NAACP Unit 5574 respectfully submit this response to Defendants' motion for a 60-day extension of time to answer or otherwise respond to Plaintiffs' Complaint in the above-captioned matter. ECF No. 27.

2. Plaintiffs consent to aligning the response deadlines for all named Defendants to the response deadline of the last-served Defendant, which is October 8, 2024.

1

3. Plaintiffs also consent to a thirty-day extension for all Defendants to respond to Plaintiffs' Complaint, which would make the response due November 7, 2024.

4. Plaintiffs oppose a sixty-day extension, however, because it is important that this case move expeditiously and because Defendants have provided no justification for a two-month-long delay.

5. Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the "[C]ourt may, for good cause, extend the time" to file a responsive pleading. Fed. R. Civ. P. 6(b)(1). The sixty-day extension of time that Defendants have requested is unwarranted. Sixty days is a substantial amount of time, and an extension of this length would nearly triple the number of days that the Federal Rules allot for a responsive pleading. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

6. Defendants have not justified an extension of this magnitude. They make only boilerplate references to "the complex nature of this matter" and "the breadth of allegations included in the Complaint." ECF 27 at 2.

7. Defendants were served over two weeks ago, *see* ECF 14-18, and have counsel on staff, *see* ECF 18 (serving Board Attorney). They apparently waited weeks to retain outside counsel.

8. Further, for at least two weeks, Defendants have apparently had sufficient information to deny the allegations in the Complaint to the media. *See, e.g.*, Bob Bakken, *County sued over Supervisor district lines*, DeSoto County News (Sept. 17, 2024), https://desotocountynews.com/desoto-county-news/county-sued-over-supervisor-district-lines/ (providing statement from County that "[t]he Board of Supervisors denies the allegations in the lawsuit").

9. Plainly, Defendants have been on notice for some time that they would need to hire counsel and "investigate" the facts of Plaintiffs' suit. ECF 27 at 2.

10. As a professional courtesy, Plaintiffs have consented to a month-long extension of Defendants' deadline—more than doubling the time allotted by the Federal Rules. But there is no reason Defendants should be granted an additional month on top of that.

11. There are important reasons to ensure this case moves expeditiously. Plaintiffs allege that five offices of DeSoto County government are elected in a way that unlawfully deprives Black voters of an equal opportunity to elect their preferred candidates—effectively shutting a third of DeSoto County's residents out of government. If Plaintiffs prove those allegations, it is imperative for Plaintiffs and for the public interest that the violations are remedied as soon as possible.

12. If Plaintiffs prevail in this lawsuit, Plaintiffs intend to seek special elections under a remedial districting plan. *See* ECF 1 at 36.

13. Recently the U.S. District Court for the Southern District of Mississippi held Mississippi's state legislative plan unlawfully dilutes Black voters. It has ordered the State to redraw its legislative districts, including several in DeSoto County. *Mississippi State Conf. of NAACP v. State Bd. of Election Commissioners*, No. 3:22-CV-734-DPJ-HSO-LHS, 2024 WL 3275965 (S.D. Miss. July 2, 2024).

14. That court subsequently ordered the State Legislature to schedule special elections to occur in 2025. *Mississippi State Conf. of NAACP v. State Bd. of Election Commissioners*, No. 3:22-CV-734-DPJ-HSO-LHS, 2024 WL 3460116, at *4 (S.D. Miss. July 18, 2024).

15. If Plaintiffs prevail in this case, it would be ideal for the special elections that they seek to occur at same time as the remedial state legislative elections. It would likely also streamline election administration.

16. In light of the timeliness concerns that are implicated in this suit, Plaintiffs are considering filing a motion to formally expedite proceedings in this matter.

17. The Court should extend the deadline for Defendants' response to Plaintiffs' complaint by thirty days, but deny the request for a sixty-day extension.

Dated: October 4, 2024

Respectfully submitted,

*/s/ Daniel J. Hessel*

Daniel J. Hessel*
Ruth Greenwood*
**ELECTION LAW CLINIC**
**HARVARD LAW SCHOOL**
6 Everett Street, Ste. 4105
Cambridge, MA 02138
(617) 496-00222
rgreenwood@law.harvard.edu
dhessel@law.harvard.edu

Joshua Tom (Miss. Bar No. 105392)
**ACLU OF MISSISSIPPI**
101 South Congress Street
Jackson, MS 39201
Telephone: (601) 354-3408
jtom@aclu-ms.org

Amir Badat (Miss. Bar No. 106599)
Victor Genecin*
Brenda Wright*
**NAACP LEGAL DEFENSE AND**
  **EDUCATIONAL FUND, INC.**
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
abadat@naacpldf.org
vgenecin@naacpldf.org
bwright@naacpldf.org

4

Victor Jones*
**NAACP LEGAL DEFENSE AND**
  **EDUCATIONAL FUND, INC.**
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 216-2720
Facsimile: (202) 682-1312
vjones@naacpldf.org

*Attorneys for Plaintiffs*
*\*Admitted Pro Hac Vice*