**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

HAROLD HARRIS; PASTOR ROBERT
TIPTON, JR.; DELTA SIGMA THETA
SORORITY, INC., DESOTO COUNTY
MS NAACP UNIT 5574

    *Plaintiffs*,

v.                                                   No. 24-cv-289-GHD-RP

DESOTO COUNTY, MISSISSIPPI;
DESOTO COUNTY BOARD OF
SUPERVISORS; DESOTO COUNTY
ELECTION COMMISSION; and DALE
THOMPSON in her official capacity as
DeSoto County Circuit Clerk.

    *Defendants*.

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO ALLOW DISCOVERY TO PROCEED

    Pursuant to Local Rule 16(b)(3)(B), Plaintiffs Harold Harris, Pastor Robert Tipton, Jr., Delta Sigma Theta Sorority, Inc., and DeSoto County MS NAACP Unit 5574 (together, "Plaintiffs") respectfully request that this Court allow all discovery to continue while it considers the motion to dismiss filed by Defendants DeSoto County, Mississippi, the DeSoto County Board of Supervisors, the DeSoto County Election Commission, and Dale Thompson in her official capacity as DeSoto County Circuit Clerk (together, "Defendants"). *See* ECF 36.

    Defendants' motion raises three different defenses. All Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on two separate grounds: first, they claim that Plaintiffs have failed to allege sufficient facts to state a claim, *see* ECF No. 37 at 5-12; second,

1

they insist that Section 2 does not provide a private right of action, *id*. at 12-15. Defendant Thompson alone raises the third defense, challenging Plaintiffs' standing to sue her under Federal Rule of Civil Procedure 12(b)(1). Hers is the only jurisdictional defense that could trigger a stay under Local Rule 16(b)(3)(B). That jurisdictional question is straightforwardly answered in Plaintiffs' favor. The other two grounds are not jurisdictional and therefore provide no basis for a stay under Local Rule 16. As Plaintiffs explain in more detail below, and as Defendants concede, ECF No. 37 at 12, the Fifth Circuit has explicitly rejected Defendants' argument that Section 2 does not have a private right of action, and that defense is the only one that would end this case. In other words, staying this case will do nothing but delay the discovery that the Parties will have to undertake. Should Plaintiffs prevail, Plaintiffs will seek special elections for the relevant county seats in 2025. A stay, and the resulting delay, will prolong DeSoto County residents living in dilutive and unfair County districts, likely until after elections in 2025.

Given these circumstances, the Court should not allow Defendants to delay the case. It would be appropriate to allow discovery to proceed, and Plaintiffs respectfully request that the Court exercise its discretion to do so.

## BACKGROUND

On September 12, 2024, Plaintiffs filed a complaint alleging that DeSoto County's 2022 redistricting plan violates Section 2 of the Voting Rights Act. *See* ECF No. 1. The complaint seeks, among other relief, an injunction preventing use of the plan in future elections and an order setting special elections. *See id*. at 35-36.

On October 3, Defendants moved for a two-month-long extension to answer the complaint. *See* ECF No. 27. Plaintiffs consented to a 30-day extension but opposed a longer extension because of the important public rights at stake. *See* ECF No. 30. Plaintiffs explained the urgency of relief

2

in this case, especially given the recent federal court order requiring special elections for state legislative districts in DeSoto County in 2025. *Id.* ¶¶ 12-15. The Court granted a forty-five-day extension of Defendants' deadline to respond. ECF No. 34. In the meantime, counsel for the parties met and conferred pursuant to Federal Rule of Civil Procedure 26(f) to attempt to agree on a discovery plan and timeline for the case.

On November 22, 2024, Defendants moved to dismiss the complaint, s*ee* ECF Nos. 36-37, and asked the Court to stay the case during the pendency of that motion.

## ARGUMENT

Local Rule 16(b)(3)(B) gives this Court discretion to permit discovery to proceed while a motion to dismiss based on a jurisdictional defense is pending. Under the circumstances of this case—including the merits of Defendants' defenses, the minimal burden that the discovery process would impose on Defendant Thompson, and the important public rights at issue—it would be appropriate for the Court to allow parties to proceed with discovery notwithstanding Thompson's jurisdictional defense.

I. **The Court should exercise its discretion to permit discovery to proceed.**

Only one of the four Defendants in this case raises a jurisdictional argument that would prompt a stay under Local Rule 16(b)(3)(B), and that defense is extraordinarily weak. *Cf. Moore v. N. Bolivar Consol. Sch. Dist.*, No. 4:23-cv-59-MPM-JMV, 2023 WL 4881911, at *1 (N.D. Miss. July 31, 2023) (when assessing whether to stay discovery due to a motion to dismiss pursuant to Rule 26(c), courts assess "the strength of the dispositive motion filed by the party seeking a stay."). Thompson insists she is not appropriately subject to suit because Plaintiffs "lack standing" to bring their claims against her because she has no role in "either adopting or drafting district maps." ECF 37 at 5. This argument ignores the fact that she is an official responsible for conducting elections

in the County. Plaintiffs face harm not only from the existence of the maps, but from the fact that they are used in elections that Thompson runs; the injunction they seek, *see* ECF No. 1 at 35, will enjoin *Thompson* (and the other entities responsible for running elections) from holding elections, redressing those harms. It is standard in redistricting cases to name the officials responsible for administering elections, whether or not they drew the challenged plans. *See, e.g.*, *Allen v. Milligan*, 599 U.S. 1 (2023) (Alabama Secretary of State named defendant in challenge to plan drawn by legislature); *Robinson v. Ardoin*, 86 F.4th 574 (5th Cir. 2023) (same in Louisiana); *Mississippi State Conf. NAACP v. State Bd. of Election Commissioners*, No. 3:22-cv-734-DPJ-HSO-LHS, 2024 WL 3275965 (S.D. Miss. July 2, 2024) (three-judge court) (Mississippi Board of Election Commissioners named defendant in challenge to plan drawn by legislature); *see also Ex Parte Young*, 209 U.S. 123 (1908).

Absent the weak jurisdictional defense that Thompson alone raises, this case would not be stayed. The other Defendants' defenses are raised pursuant to Federal Rule of Civil Procedure 12(b)(6), which does not entitle them to a stay. Mississippi's local rules make "no mention of a discovery stay upon the filing of a Rule 12(b)(6) motion." *Boone Funeral Home, Inc. v. Lakeview Gardens, Inc.*, No. 4:16-cv-180-DMB-RP, 2017 WL 11309548, at *1 (N.D. Miss. Feb. 21, 2017). Under the Federal Rules of Civil Procedure, "such a stay is the exception rather than the rule." *Ford Motor Co. v. United States Auto Club*, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008). There is no good reason for *all* discovery to be halted in its tracks on the narrow basis that *one* Defendant has raised an unpersuasive jurisdictional defense.

It is important to note that Defendants' non-jurisdictional defenses are exceedingly unlikely to end this case. The first of these defenses argues that Plaintiffs have failed to allege sufficient facts to state a Section 2 claim, purportedly because they have discussed the Black "community"

4

rather than Black voters and because they illustrate racially polarized voting with certain types of elections. *See* No. 37 at 5-12. Even if Defendants were correct (which they are not, as Plaintiffs will more fully explain in opposing the motion), Plaintiffs could simply seek leave to amend their complaint with a small number of additional allegations. *See* Fed. R. Civ. P. 15(a)(2). The case would proceed. The other defense—that there is "no private right of action in Section 2," ECF 37 at 12—is *explicitly foreclosed* by Fifth Circuit precedent from less than thirteen months ago. *See Robinson v. Ardoin*, 86 F.4th 574, 588 (5th Cir. 2023) ("[T]here is a right for [private] Plaintiffs to bring these claims."). Put simply: unless and until the Fifth Circuit changes its precedent, this case is going to proceed to discovery.

What's more, whether or not Thompson prevails in her jurisdictional arguments, the burdens on her will be very similar, if not identical. Thompson is an employee of DeSoto County, sued in her official capacity. She is represented by the same attorneys as all the other Defendants. *See* ECF Nos. 25-26, 28-29, 32 (Notices of Appearance on behalf of all Defendants). To the extent that any Interrogatories Plaintiffs ask of the County implicate her office, her office will ultimately need to help answer those Interrogatories; to the extent that her office is a custodian of records responsive to Plaintiffs' production requests, her office will need to search for records; and to the extent that Plaintiffs notice deposition topics pursuant to Federal Rule of Civil Procedure 30(b)(6) that implicate her office, her office will have to help a designee prepare. Joint defense counsel will presumably coordinate Defendants' collective approach to third-party discovery, which will add no burden to Thompson. The stay will not insulate Defendant Thompson from any discovery. It will just delay things.

Against this backdrop, there is good reason to allow the case to proceed. This case alleges that DeSoto County's government illegally shuts Black voters out of the political process. This

harm affects tens of thousands of voters. It is severe and irreparable. As Plaintiffs have previously explained, the relief they seek will best be served with prompt special elections. ECF No. 30 ¶¶ 12-15. Delaying inevitable discovery aggravates that harm.

## II. In the alternative, this Court should allow discovery against the other Defendants and third parties.

As an alternative, it would be appropriate for the Court to allow discovery to proceed for the Defendants other than Thompson. Courts within the Fifth Circuit have permitted discovery to proceed in similar circumstances. For example, in *Davis v. Matagorda County*, the U.S. District Court for the Southern District of Texas allowed written discovery between the plaintiff and a county defendant to proceed, even while two individual defendants moved to dismiss the claim pursuant to qualified immunity. No. 3:18-cv-00188, 2019 WL 1924532 (S.D. Tex. Apr. 30, 2019). The court there reasoned that the case against the county would proceed regardless of the immunity question, and it made sense to allow the plaintiff "to obtain relevant information regarding his claims against [the] County and ensure that all relevant, responsive documents are timely exchanged and not lost to time nor space." *Id*. at *4 (citing *Imani v. City of Baton Rouge*, No. 17-439-JWD-EWD, 2018 WL 2208221, at *7 (M.D. La. May 14, 2018)).

The situation here is similar. As Plaintiffs have explained, the case against the other Defendants will almost certainly proceed regardless of how the Court decides Thompson's jurisdictional defense; on-point Fifth Circuit precedent from within the last thirteen months requires it. Moreover, unlike in *Davis* or *Imani*, there would be no additional burden to Thompson to allow *all* discovery against the other Defendants and third parties, to proceed (as opposed to just written discovery). She is sued in her official capacity and represented by the same counsel as the County and other Defendants, which means her attorneys will be at any depositions regardless of

6

the outcome of her motion. Though Plaintiffs maintain that *any* stay of discovery unnecessarily hinders the efficient resolution of their claims, this approach would mitigate that harm.

## CONCLUSION

For the foregoing reasons, Plaintiffs ask this Court to use its discretion to allow discovery to proceed.

Dated: November 25, 2024

| | |
|---|---|
| | */s/ Daniel J. Hessel* |
| Joshua Tom (Miss. Bar No. 105392) | Daniel J. Hessel* |
| **ACLU OF MISSISSIPPI** | Ruth Greenwood* |
| 101 South Congress Street | **ELECTION LAW CLINIC** |
| Jackson, MS 39201 | **HARVARD LAW SCHOOL** |
| Telephone: (601) 354-3408 | 6 Everett Street, Ste. 4105 |
| jtom@aclu-ms.org | Cambridge, MA 02138 |
| | (617) 496-0222 |
| | dhessel@law.harvard.edu |
| | rgreenwood@law.harvard.edu |
| | |
| Amir Badat (Miss. Bar No. 106599) | Victor Jones* |
| Victor Genecin* | **NAACP LEGAL DEFENSE AND** |
| Brenda Wright* | **EDUCATIONAL FUND, INC.** |
| **NAACP LEGAL DEFENSE AND** | 700 14th Street NW, Suite 600 |
| **EDUCATIONAL FUND, INC.** | Washington, DC 20005 |
| 40 Rector Street, 5th Floor | Telephone: (202) 216-2720 |
| New York, NY 10006 | Facsimile: (202) 682-1312 |
| Telephone: (212) 965-2200 | vjones@naacpldf.org |
| Facsimile: (212) 226-7592 | |
| abadat@naacpldf.org | |
| vgenecin@naacpldf.org | |
| bwright@naacpldf.org | |

*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice

7

## CERTIFICATE OF SERVICE

I, Daniel J. Hessel, do certify that on this day I filed the foregoing with the ECF System which sent notification to all counsel of record.

This the 25 day of November, 2024.

*/s/ Daniel J. Hessel*

Daniel J. Hessel