IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HAROLD HARRIS, et al.                                                                                PLAINTIFFS

v.                                                          NO. 3:24-CV-289-GHD-RP

DESOTO COUNTY, MISSISSIPPI, et al.                                    DEFENDANTS

## ORDER LIFTING STAY OF DISCOVERY

This matter is before the court on the Plaintiffs' Motion to Allow Discovery to Proceed. ECF #38. The plaintiffs request that the court lift the stay of discovery imposed by the court pending a ruling on the defendants' motion to dismiss. The defendants oppose the plaintiffs' motion. The court finds that the plaintiffs' motion is well taken and should be granted.

The plaintiffs -- two black individual DeSoto County, Mississippi residents, a predominately black national membership service organization with a chapter in Desoto County, and the DeSoto County chapter of the NAACP -- brought this action under Section 2 of the Voting Rights Act challenging DeSoto County's 2022 redistricting plan, which the plaintiffs allege does not afford black voters in any of the county's districts the opportunity to elect their preferred candidates to any county office. The plaintiffs seek injunctive and other relief, and they name as defendants DeSoto County, the county board of supervisors, the county election commission, and Dale Thompson in her official capacity as the county circuit clerk responsible for conducting county elections.

The defendants moved to dismiss the complaint, arguing that the court lacks subject matter jurisdiction over the claims against Thompson, and that the complaint fails to state a claim against any of the defendants. Pursuant to the court's Local Uniform Civil Rule 16(b)(3)(B), which provides for a stay of all discovery upon the filing of a motion asserting a jurisdictional defense, the court stayed the attorney conference and disclosure requirements and all discovery, and continued the case management conference, pending a ruling on the defendants' motion. The plaintiffs now move to lift

the stay, arguing that under the circumstances, the court should exercise its discretion to allow discovery to proceed while the court considers the defendants' motion to dismiss. The defendants oppose lifting the stay, relying primarily on the local rule providing for the stay. The court agrees with the plaintiffs.

The subject local rule, while providing for a discovery stay upon the filing of a motion asserting a jurisdictional defense, also states, "Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief." L.U.Civ.R. 16(b)(3)(B). The plaintiffs have now filed such a motion, in which they request that the court allow all discovery to proceed or, alternatively, that the court allow discovery to proceed as to defendants other than Thompson.

In exercising its discretion in this matter, the court has considered several factors that it believes to be relevant under the particular circumstances of this case. They are: (1) the strength of Thompson's jurisdictional defense; (2) whether Thompson's jurisdictional defense, if successful, would dispose of the entire case; (3) whether Thompson's jurisdictional defense, if successful, would substantially relieve Thompson of the burdens of discovery; and (4) whether the defendants' motion to dismiss for failure to state a claim warrants leaving the discovery stay in place. If any one or more of these factors were to weigh in the defendants' favor, the court would be inclined to leave the discovery stay in place. However, as discussed below, the court finds that each of these factors weighs in favor of allowing discovery to proceed, and the court sees little benefit in excepting Thompson from discovery.

**(1) The strength of Thompson's jurisdictional defense.**

When considering whether good cause exists under Federal Rule of Civil Procedure 26(c) to

stay discovery due to the filing of a dispositive motion, courts consider, among other things, "the strength of the dispositive motion filed by the party seeking the stay." *Moore v. North Bolivar Consolidated School District*, No. 4:23-cv-59-MPM-JMV, 2023 WL 4881911, at *1 (N.D. Miss. July 31, 2023). Similarly, the court finds the strength of Thompson's jurisdictional motion to be an appropriate consideration when considering the plaintiffs' request to allow discovery to proceed under Local Rule 16(b)(3)(B). Having reviewed the briefs on that motion, the undersigned believes that this factor favors the plaintiffs.

In support of her jurisdictional motion, Thompson argues that because as circuit clerk she had no role in drawing or adopting the county's redistricting plan, the plaintiffs have not and cannot plead facts showing that Thompson either caused the plaintiffs' alleged injury or can be forced by judicial decree to redress it. As such, Thompson argues, the plaintiffs lack standing to sue her in this matter, and the court therefore lacks subject matter jurisdiction over the plaintiffs' claims against her.

In opposition, the plaintiffs point out that under Mississippi law Thompson was responsible for implementing and administering the county's redistricting plan, and that the plaintiffs seek an injunction prohibiting Thompson from using the challenged plan in future elections. Also, the plaintiffs cite a number of cases in support of their assertion that election officials are routinely named as defendants in Section 2 voting rights cases regardless of whether the officials drew the challenged plans, whereas the defendants cite not a single Section 2 case where an election official was found to be an improper defendant. Without delving deeper into the parties' arguments on standing -- this is, after all, an issue to be resolved by the presiding district judge on the motion to dismiss -- the undersigned weighs this factor in favor of the plaintiffs.

### (2) Whether Thompson's jurisdictional defense, if successful, would dispose of the entire case.

This question is easily answered in the negative. Only Thompson has asserted a lack of

jurisdiction, and although that is a threshold issue as to the claims against her, if successful it would not dispose of the entire case or eliminate the need for discovery. Indeed, a finding of lack of jurisdiction as to Thompson, who is sued in her official capacity only, likely would have very little effect on the extent of discovery to be conducted in this case. This factor favors the plaintiffs.

### (3) Whether Thompson's jurisdictional defense, if successful, would substantially relieve Thompson of the burdens of discovery.

The plaintiffs point out that Thompson is the custodian of many if not all of the records and data of the other defendants that may be relevant to the claims and defenses in this action. Even if Thompson prevails on her jurisdictional motion, her duties likely will require her nonetheless to assist the other defendants in providing discovery in this matter without the necessity of a subpoena *duces tecum*. This factor favors the plaintiffs, and it favors their primary request to allow all discovery to proceed over their alternative request to allow discovery to proceed as to defendants other than Thompson, which alternative would provide Thompson little relief from the burdens of discovery.

Further, the defendants express concerns that if discovery is allowed to proceed as to defendants other than Thompson, then she may be forced to participate in discovery in order to protect her interests so that the case does not develop in ways that may prejudice her position or, if she were to opt against participating in discovery, then she may end up having to repeat the same type of discovery that was conducted in her absence, such as depositions of the plaintiffs. The court does not share these concerns, for Thompson is sued in her official capacity only, and it appears to the court that her interests are aligned with those of the other defendants, with whom she shares counsel. Nevertheless, allowing discovery to proceed as to Thompson along with the other defendants would eliminate the defendants' concerns in these regards.

### (4) Whether the defendants' motion to dismiss for failure to state a claim warrants leaving the discovery stay in place.

A stay of discovery pending the outcome of a motion to dismiss for failure to state a claim "is the exception rather than the rule." *Ford Motor Company v. United States Auto Club, Motoring Division, Inc.*, No. 3-07-CV-2182-L, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008). "While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise." *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663 RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016). Of course, good cause for such a stay may be found to exist, such as when, for example, "the motion to dismiss raises a serious legal question or factual deficiency that has a reasonably [sic] likelihood of resulting in the dismissal of the case." *Id.* at *2. However, the undersigned does not find that to be the case here.

The legal question raised by the defendants in their 12(b)(6) motion – whether Section 2 affords a private right of action – is foreclosed by binding Fifth Circuit precedent answering that question in the affirmative, and the defendants admittedly have raised the issue solely to preserve it for appellate review. As to the factual deficiencies raised in the defendants' 12(b)(6) motion, the parties dispute not only whether such deficiencies exist but also, if they do exist, the likelihood that the plaintiffs would be afforded the opportunity to cure them. While the undersigned makes no prediction whether the plaintiffs would be afforded such an opportunity,[1] nor any suggestion whether any such deficiencies are curable, the undersigned likewise is not prepared to find that the defendants' 12(b)(6) motion is reasonably likely to result in the dismissal of the case such as might warrant a "very rare"

---

[1] "The Fifth Circuit has held that a court generally should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Adams v. Energizer Holdings, Inc.*, No. 3:12CV797TSL-JMR, 2013 WL 1791373, at *4 (S.D. Miss. Apr. 19, 2013) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000)). However, "[t]he court need not grant the plaintiffs such an opportunity where they declare the sufficiency of their pleadings and make no attempt to amend their complaint in response to the defendants' challenge pursuant to Rule 12(b)(6)." *Adams*, 2013 WL 1791373, at *4 (citing cases).

stay of discovery pending a ruling on the motion.

## Conclusion

For these reasons, the Plaintiff's Motion to Allow Discovery to Proceed is GRANTED, the stay of discovery is LIFTED, and all discovery may proceed pending a ruling on the defendants' motion to dismiss. A case management conference will be set by separate notice.

**SO ORDERED**, this the 22nd day of January, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE