Last Updated: Jan 2022
FORM 1 (ND/SD MISS. JAN 2022)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

HAROLD HARRIS; PASTOR ROBERT TIPTON, JR.; DELTA SIGMA THETA SORORITY, INC.; DESOTO COUNTY MS NAACP UNIT 5574     **PLAINTIFFS**

v.     CIVIL ACTION NO. **3:24CV289-GHD-RP**

DESOTO COUNTY, MISSISSIPPI; DESOTO COUNTY BOARD OF SUPERVISORS; DESOTO COUNTY ELECTION COMMISSION; and DALE THOMPSON in her official capacity as DeSoto County Circuit Clerk.     **DEFENDANTS**

## CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:** 10

   **ESTIMATED TOTAL NUMBER OF WITNESSES:** 30

   **EXPERT TESTIMONY EXPECTED:** Yes    **NO. OF EXPERTS:** 6

   Enter explanation (if necessary) here:

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   TBD

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.

4. **DISCLOSURE.** (Pick one)

   The following additional disclosure is needed and is hereby ordered:

   The plaintiffs will produce copies of documents identified in their initial disclosures by February 28, 2025.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution/bifurcation of the trial issues will not assist in the prompt resolution of this action.

   Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __35__ succinct questions.

   B. Requests for Production are limited to __35__ succinct questions.

   C. Requests for Admissions are limited to __35__ succinct questions.

   D. Depositions are limited to the parties, experts, and no more than

   __10__ fact witness depositions per party without additional approval of the Court.

    **E.**    The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

Electronically stored information (ESI) shall be produced in its native format unless otherwise requested. The parties have been advised of their obligations to preserve documents and ESI, including by disabling any auto-delete functions.

    **F.**    The court imposes the following further discovery provisions or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☑ 5. Other:

No party will be allowed to list in the final pretrial order any exhibit or witness not disclosed or produced before the discovery deadline as required by the Federal Rules of Civil Procedure and the local rules of this court.

FORM 1 (ND/SD MISS. JAN 2022)

The parties agree that the limitations set forth in Paragraphs 6.A, 6.B., and 6.C. include all discrete subparts.

The defendants' Unopposed Motion for Time to Object and Respond to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents [ECF #65] is GRANTED.

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  NON-JURY TRIAL

   beginning on: April 27, 2026, at 9:30, a.m., in Oxford, Mississippi, before United States District Judge Glen H. Davidson.

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS  10 . ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: March 23, 2026, at 10:00, a.m., in Oxford, Mississippi, before United States Magistrate Judge Roy Percy.

   C. **Discovery.** All discovery must be completed by: September 26, 2025.

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be filed by: March 19, 2025.

   E. **Experts.** The parties' experts must be designated by the following dates:

      1. Plaintiff(s):  April 18, 2025.

      2. Defendant(s):  June 6, 2025.

FORM 1 (ND/SD MISS. JAN 2022)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: October 10, 2025 .The deadline for motions *in limine* is twenty-one (21) calendar days prior to the pretrial conference; the deadline for responses is fourteen (14) calendar days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

    If the parties desire judicial assistance to settle the case after initial discovery, they will contact the Court to request a date for a settlement conference when they have obtained the discovery necessary to make the conference effective.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) March 16, 2026 , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3).*

**SO ORDERED:**

February 19, 2025          /s/ Roy Percy
DATE                       UNITED STATES MAGISTRATE JUDGE