# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| **HAROLD HARRIS; PASTOR ROBERT TIPTON, JR.; DELTA SIGMA THETA SORORITY, INC.; AND DESOTO COUNTY MS NAACP UNIT 5574** | **PLAINTIFFS** |
| **VS.** | **CIVIL NO.: 3:24-CV-00289-GHD-RP** |
| **DESOTO COUNTY, MISSISSIPPI; DESOTO COUNTY BOARD OF SUPERVISORS; AND DESOTO COUNTY ELECTION COMMISSION** | **DEFENDANTS** |

## MEMORANDUM IN SUPPORT
## OF UNOPPOSED MOTION TO AMEND CASE MANAGEMENT ORDER

Defendants DeSoto County, Mississippi, DeSoto County Board of Supervisors, and DeSoto County Election Commission's (collectively "Defendants") respectfully make this unopposed request to extend their expert designation deadline for good cause.

### Relevant Background

On February 19, 2025, the Court entered the Case Management Order [67], establishing April 18, 2025, as the deadline for Plaintiffs to disclose their expert witnesses. Per that same order, Defendants' deadline to designate their experts is currently set for June 6, 2025. On May 6, 2025, a month prior to that deadline, undersigned counsel contacted Plaintiffs' counsel by telephone to inquire about an extension. Having conferred with Plaintiffs' counsel multiple times after that initial telephone conference, the parties have agreed to a 35-day extension, or until July 11, 2025, for Defendants' expert designation deadline. Beyond the parties' agreement on this extension, good cause exists to extend the deadline.

PD.49411866.2

**Legal Standard**

A party's expert designation deadline set forth in a scheduling order may be amended for "good cause." *See* Fed. R. Civ. P. 16(b); *see also Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997). To assess good cause, courts should consider the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enterprises v. SouthTrust Bank of Am., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (cleaned up). Each of these factors supports the very modest amendment to the Case Management Order [67] represented by the requested extension of Defendants' expert designation deadline.

**Arguments and Authorities**

With respect to the first factor, Defendants are timely requesting an amendment nearly one month prior to the June 6, 2025 expert designation deadline, not at the eleventh hour or (worse) after the expiration of the deadline. Undersigned counsel initially contacted Plaintiffs' counsel regarding the requested extension a month prior to expiration of that deadline.

The second factor looks to the importance of the requested amendment. Here, Plaintiffs challenge the County's 2022 redistricting plan adopted related to each of the County's five districts (the "2022 redistricting plan") by advancing a claim for violation of Section 2 of the Voting Rights Act, 52 U.S.C.§ 10301 ("VRA") predicated on a vote dilution theory, *see* Compl. [1] at ¶¶ 1–27, and, as a result, expert reports, analysis, and testimony will be critical in defending against Plaintiffs' claim. Plaintiffs specifically allege that the 2022 redistricting plan "splits" and "cracks" the Black community among the County's five districts, diluting the voting strength and political power of the County's Black residents, thereby denying Black voters the opportunity in any of the

2

five district to elect their preferred candidate to any of the County offices. *See id*. at ¶¶ 2, 9, 81. Plaintiffs further allege that "[c]onsistent with traditional redistricting principles, there were many ways the Board of Supervisors could have drawn a reasonably configured majority-Black district in DeSoto County that would provide the opportunity for Black voters in DeSoto County to elect a candidate of choice in each of the elections for which the districts are used." *Id*. at ¶ 95; *see also id*. at ¶ 11. Thus, Plaintiffs contend that the 2022 redistricting plan violates Section 2 because it does not provide an equal opportunity for Black residents to participate in the political process and to elect candidates of their choice. *Id*. at ¶¶ 20, 89, 237.

The nature of proof that is needed to defend against this Section 2 claim underscores the importance of defense experts here. Indeed, in many cases involving vote dilution claims, the merits of the claims turn on expert reports, analysis, and testimony related to political, statistical, and demographic issues. *See, e.g.*, *Petteway v. Galveston Cnty., Tex.*, 698 F. Supp. 3d 952 (S.D. Tex. 2023), *reversed and remanded Petteway v. Galveston Cnty.*, 111 F.4th 596 (5th Cir. 2024); *Harding v. Cnty. of Dallas, Tex.*, 336 F. Supp. 3d 677 (N.D. Tex. 2018), *aff'd Harding v. Cnty. of Dallas, Tex.*, 948 F.3d 302 (5th Cir. 2020); *Rodriguez v. Harris Cnty., Tex.*, 964 F. Supp. 2d 686 (S.D. Tex. 2013), *aff'd sub nom*. *Gonzalez v. Harris Cnty., Tex.*, 601 F. App'x 255 (5th Cir. 2015). Accordingly, because defense experts will be critically important to Defendants in defending Plaintiffs' Section 2 claim, factor two weighs in favor of extending Defendants' expert designation deadline.

With respect to the third factor, Plaintiffs, who do not oppose an additional 35 days, will not be prejudiced by the amendment to extend Defendants' expert designation deadline. If the request is granted, Plaintiffs will have sufficient time to conduct any additional discovery in this case, including taking any depositions, and to prepare for trial. Under the current scheduling order,

the discovery deadline is set for September 26, 2025, and the motions deadline is set for October 10, 2025. *See* Case Management Order [67]. And the trial of this matter is set for January 26, 2026, meaning Plaintiffs would have approximately six months to prepare for trial following Defendants' expert designation should this extension request be granted. *See* Not. of Trial [92].

Lastly, with respect to the fourth factor, there is no need for a continuance of the January 26, 2026, trial date or any other deadlines in the scheduling order given that the requested extension will not prejudice Plaintiffs' ability to conduct any additional discovery and to prepare for trial.

In sum, given the timeliness of this request for amendment prior to the deadline to designate Defendants' expert witnesses, coupled with both the unopposed nature of this request and the lack of prejudice to Plaintiffs, good cause exists to grant the requested extension of Defendants' expert designation deadline.

## **Conclusion**

For these reasons, Defendants respectfully request an additional 35 days, until July 11, 2025, to designate their expert witnesses.

Dated: May 12, 2025.

Respectfully submitted,

PHELPS DUNBAR LLP

/s/ *Nicholas F. Morisani*
D. Michael Hurst, Jr., MB # 99990
W. Thomas Siler, Jr., MB #6791
Nicholas F. Morisani, MB #104970
Sonya C. Dickson, MB #106284
1905 Community Bank Way, Suite 200
Flowood, Mississippi 39232
Telephone: 601-352-2300
Facsimile: 601-360-9777
mike.hurst@phelps.com
tommy.siler@phelps.com

nick.morisani@phelps.com
sonya.dickson@phelps.com

and

Andrew W. Coffman, MB#106207
105 East Main Street, Suite 201
Tupelo, Mississippi 38804
Telephone: 662-842-7907
Telecopier: 662-842-3873
andrew.coffman@phelps.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that on May 12, 2025, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Nicholas F. Morisani*
Nicholas F. Morsani
