IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **HAROLD HARRIS; PASTOR ROBERT TIPTON, JR.; DELTA SIGMA THETA SORORITY, INC.; DESOTO COUNTY MS NAACP UNIT 5574** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO.: 3:24-CV-00289-GHD-RP** |
| **DESOTO COUNTY, MISSISSIPPI; DESOTO COUNTY BOARD OF SUPERVISORS; and DESOTO COUNTY ELECTION COMMISSION** | **DEFENDANTS** |

## NOTICE OF 30(b)(6) DEPOSITION

TO: **ALL COUNSEL OF RECORD**

PLEASE TAKE NOTICE Defendants, DeSoto County, Mississippi, DeSoto County Board of Supervisors, and DeSoto County Election Commission, will take the following deposition, upon oral examination:

| | |
|---|---|
| **Deponent:** | **Delta Sigma Theta Sorority, Inc.** |
| **Date:** | **September 12, 2025** |
| **Time:** | **9:00 a.m.** |
| **Place:** | **Bridgforth, Buntin & Emerson, PLLC, 5293 Getwell Road, Southaven, Mississippi 38672** |

The deposition will be conducted before an officer authorized by law to administer oaths and take depositions. Said deposition will begin at the time and place indicated and will continue thereafter from day to day as the taking of the deposition may be adjourned, at which time and place you are cordially invited to appear and to take such part in the examination as appropriate. The testimony will be recorded by audio, audio-visual and/or stenographic means.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Delta Sigma Theta Sorority, Inc. should designate one or more officers, directors, agents, employees, or other persons to testify on its behalf concerning the subject matters contained herein.

PD.50705881.1

Further, in accordance with Fed.R.Civ.P. 30(b)(6), said examination will be limited to the following topics, described with reasonable particularity:

### DEFINITIONS

1. As used herein, the term "Unit 5574" means, without limitation, Desoto County MS NAACP Unit 5574.

2. As used herein the term "Delta Sigma Theta" means, without limitation Detlta Sigma Theta Sorority, Inc.

3. The term "Complaint" means the Complaint filed September 12, 2024 that initiated this action.

### TOPICS

1. Membership qualifications to be or become a member of Delta Sigma Theta.

2. The membership rolls and number of members of Delta Sigma Theta in DeSoto County, Mississippi, including but not limited to the location of where those members live in DeSoto County.

3. The party identification of voters that are members of Delta Sigma Theta.

4. The party identification of voters that are members of Delta Sigma Theta and live in DeSoto County.

5. The number of members of Delta Sigma Theta that are registered to vote in DeSoto County.

6. The race of members of Delta Sigma Theta.

7. The race of members of Delta Sigma Theta that live in DeSoto County.

8. The corporate structure of the Delta Sigma Theta.

9. Any participation of Delta Sigma Theta in the 2022 redistricting process for DeSoto County.

10. Any negative actions taken by any elected official that harmed Delta Sigma Theta or were contrary to the interests of Delta Sigma Theta.

11. Any particularized needs of Delta Sigma Theta to which DeSoto County elected officials have been unresponsive.

12. Any particularized needs of the members of Delta Sigma Theta to which DeSoto County elected officials have been unresponsive.

13. Any participation (official or unofficial) of Delta Sigma Theta or its members in political campaigns in DeSoto County.

14. The identity of any members of Delta Sigma Theta that have run for public office in DeSoto County.

15. The number of members of Delta Sigma Theta that live in DeSoto County and have been disenfranchised because of a criminal conviction.

16. The number of members of Delta Sigma Theta that reside in each of the purported Black Opportunity Districts in the alternative maps provided by Plaintiffs' experts.

17. Any overlap in the membership rolls of Unit 5574 and Delta Sigma Theta.

18. Any political campaign activities that Delta Sigma Theta or its members engaged in during the period from 2021 through the present in DeSoto County.

19. Political support offered by Delta Sigma Theta to candidates for public office in DeSoto County, regardless of office or party, between January 1, 2020 through the present.

20. Any projects or community activities sponsored or put on by Delta Sigma Theta in DeSoto County between January 1, 2020 and the present.

21. Any analysis of the percentage of Black voters that must live in a proposed Black Opportunity District in order to elect a candidate of the Black voters' choice.

22. The political cohesiveness of Black voters in DeSoto County.

23. The political cohesiveness of any racial or ethnic group that neither identifies as Black or white in Desoto County.

24. The number of Republican Black voters in DeSoto County.

25. Any evidence of "bloc voting" by the white voters of DeSoto County.

26. Any instances where the preferred candidate of Black voters in DeSoto County was not a member of the Democratic Party in elections between 2020 and the present.

27. Any analysis of white "crossover" voters that support Democratic candidates in DeSoto County.

28. Any division between white and Black voters that is separate and apart from party affiliation.

29. Any calls to racial division by a candidate for public office in DeSoto County.

30. Any evidence of intentional racial discrimination regarding the 2022 redistricting in DeSoto County.

31. Delta Sigma Theta's knowledge of or participation in the formation of the Citizens' Redistricting Committee as identified in paragraph 64 of the Complaint.

32. The work of the Citizens' Redistricting Committee as identified in paragraph 64 of the Complaint.

33. Delta Sigma Theta's knowledge of documents possessed by the Citizens' Redistricting Committee as identified in paragraph 64 of the Complaint.

34. Any alternative redistricting maps created by or on behalf of Delta Sigma Theta prior to the filing of the Complaint.

35. Delta Sigma Theta's knowledge of or participation in the creation of any alternative redistricting maps created by or on behalf of the Citizens' Redistricting Committee as identified in paragraph 64 of the Complaint.

36. The submission of any maps created by or on behalf of the Citizens' Redistricting Committee or Delta Sigma Theta to the DeSoto County Board of Supervisors.

37. Relationship between Delta Sigma Theta and the Citizens' Redistricting Committee, the DeSoto County Redistricting Committee, or the DeSoto Community Redistricting Committee.

38. Delta Sigma Theta's participation in any hearings or meetings regarding the 2022 DeSoto County redistricting lawsuit.

39. Any disclosure, communication, or other provision of any proposed redistricting maps for DeSoto County after the 2020 census to either Delta Sigma Theta or any of its members prior to the June 6, 2022 public hearing of the DeSoto County Board of Supervisors.

40. The Citizens' Redistricting Committee's presentation to and its reception from the DeSoto County Board of Supervisors on June 6, 2022.

41. The given reasons for the DeSoto County Board of Supervisors rejecting the alternative maps presented on June 6, 2022.

42. Any request by Delta Sigma Theta or its members to move the June 6, 2022 redistricting public hearing.

43. The community of interest with socioeconomic and cultural ties between Horn Lake, Walls, and Nesbit as alleged in the Complaint.

44. The population of Horn Lake, Walls, and Nesbit.

45. How Delta Sigma Theta determined the number of voting age residents in Nesbit.

46. The election of Black public officials in DeSoto County from 2020 to the present.

47. The basis for any claim that the presence of police at a polling location disproportionately affects Black votes or lowers voter turnout.

48. Any Ku Klux Klan flyers distributed in DeSoto County between 2020 and the present, including any link between those flyers and DeSoto County (as a political entity) or any of its public officials.

49. Any discrimination in education perpetuated or caused by DeSoto County (as a political entity) or any of its public officials as alleged in paragraphs 166, 167, and 168.

50. Any "racial terror, sanctioned by white officials, to enforce de jure discrimination" between 2020 and the present in DeSoto County.

51. Any analysis of whether the alternative maps proposed by Plaintiffs will have an economic impact on the Black residents of DeSoto County.

52. Black participation in DeSoto County elections from 2020 to the present.

53. The relationship between the DeSoto County Alumni Chapter of Delta Sigma Theta and Delta Sigma Theta itself.

54. Activities and communications between members of Delta Sigma Theta and the DeSoto County Alumni Chapter's Social Action Committee in 2021.

55. Activities and communications between members of Delta Sigma Theta and the DeSoto County Alumni Chapter's Social Action Committee in 2022.

56. Activities and communications between members of Delta Sigma Theta and the DeSoto County Alumni Chapter's Social Action Committee in 2023.

57. Communications between Delta Sigma Theta, its leadership, or its members and any entities or organizations affiliated with the Democratic Party.

58. Basis for the claim that BancorpSouth was headquartered in DeSoto County during 2016 as alleged in paragraph 183 of the Complaint.

59. Any connection between Delta Sigma Theta and the DeSoto County Parents & Students for Justice group identified in paragraph 187 of the Complaint.

60. Any Complaints made by Delta Sigma Theta to Desoto County or its elected officials regarding the lack Black churches as polling places.

61. Delta Sigma Theta's understanding of the minimum requirements to qualify as a potential polling places in DeSoto County.

62. Any intimidation of Black candidates for elected office by DeSoto County (as a political entity) or its elected officials.

63. Any intimidation of Black candidates for elected office by residents of DeSoto County.

64. Any and all public statements, press releases, or press conferences held by or participated in by Delta Sigma Theta as it relates to this lawsuit or the 2022 redistricting process.

65. The source of any funding for the Citizens' Redistricting Committee.

66. The source of any funding for creating alternative 2022 redistricting maps created prior to the filing of the Complaint.

67. The other "civic-minded organizations in DeSoto County" with which Delta Sigma Theta "coordinates" as set forth in paragraph 43 of the Complaint.

68. Communications between Delta Sigma Theta and One Voice or Monica McInnis in 2020.

69. Communications between Delta Sigma Theta and One Voice or Monica McInnis in 2021.

70. Communications between Delta Sigma Theta and One Voice or Monica McInnis in 2022.

71. Communications between Delta Sigma Theta and One Voice or Monica McInnis in 2023.

72. Delta Sigma Theta's Responses to Defendants' Written Discovery.

This, the 1st day of September, 2025.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: */s/ Nicholas F. Morisani*
D. Michael Hurst, Jr., MB #99990
W. Thomas Siler, Jr., MS #6791
Nicholas F. Morisani, MB #104970
Sonya C. Dickson, MB #106284
1905 Community Bank Way
Suite 200
Flowood, Mississippi 39232
Telephone: 601-352-2300
Telecopier: 601-360-9777
mike.hurst@phelps.com
tommy.siler@phelps.com
nicholas.morasani@phelps.com
sonya.dickson@phelps.com

*And*

Andrew W. Coffman, MB#106207
105 East Main Street, Suite 201
Tupelo, Mississippi 38804
Telephone: 662-842-7907
Telecopier: 662-842-3873
andrew.coffman@phelps.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2025, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record in this action.

                                            */s/ Nicholas F. Morisani*
                                            Nicholas F. Morisani