IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HAROLD HARRIS, PASTOR ROBERT
TIPTON, JR., DELTA SIGMA THETA
SORORITY, INC., and DESOTO COUNTY
MS NAACP UNIT 5574,

       *Plaintiffs*,

v.

       No. 3:24-cv-00289-GHD-RP

DESOTO COUNTY, MISSISSIPPI;
DESOTO COUNTY BOARD OF
SUPERVISORS; and DESOTO COUNTY
ELECTION COMMISSION,

       *Defendants*.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' MOTION TO STAY**

    Plaintiffs Harold Harris, Pastor Robert Tipton, Jr., Delta Sigma Theta Sorority, Inc., and DeSoto County Branch MS NAACP Unit 5574 (together, "Plaintiffs"), respectfully request an extension of time to and including October 20, 2025, or any other date that the Court finds warranted, to file their opposition to Defendants' Motion to Stay this Case, ECF No. 200, which would allow discovery in the case to finish, and permit briefing on the stay motion to coincide with other briefing in the case.

    Defendants have moved to stay this case, *see* ECF No. 199, seeking a profoundly consequential order that would affect the rights of thousands of DeSoto County's Black residents. They filed their request more than a month after the U.S. Supreme Court order precipitating it, during an intensive phase of discovery after the Parties carefully negotiated a deposition schedule to conclude discovery in the matter. Plaintiffs seek a modest extension to ensure sufficient time to prepare a response and enable Plaintiffs to file after discovery concludes on October 6, 2025, aligning the opposition with other post-discovery briefing and ensuring this Court receives the careful analysis that such a motion

1

demands.

## BACKGROUND

This case involves fundamental voting rights for thousands of DeSoto County residents. Nearly one-third of the County's population is Black, but Black residents have no opportunity to elect their preferred candidates to the County's Board of Supervisors, Election Commission, Board of Education, Justice Court, or as Constables. There are twenty-five County officials elected from the districts at issue in this case. None are Black or preferred by Black voters. Harms from violations of the Voting Rights Act are ongoing and irreparable. *See Robinson v. Ardoin*, 86 F.4th 574, 600 (5th Cir. 2023) ("Once an 'election occurs, there can be no do-overs and no redress' for voters whose votes were diluted." (citation omitted)); *Singleton v. Allen*, 690 F. Supp. 3d 1226, 1319 (N.D. Ala. 2023) ("We observe that absent relief now, the Plaintiffs will suffer this irreparable injury until 2026, which is more than halfway through this census cycle."). This Court has recognized the irreparable nature of the harm at issue in this case and the importance of an expedited trial in this matter, granting Plaintiffs' request for a January trial to ensure that the Court could order meaningful relief in time for the November 2026 elections. ECF No. 90. *See also* ECF Nos. 74–75 (Plaintiffs' briefing discussing importance of expedited resolution to address irreparable harm).

Over the course of the past eight months, the Parties have actively engaged in discovery, trading dozens of requests for production and interrogatories, producing thousands of pages of documents, and disclosing reports from six expert witnesses. Plaintiffs also took eight depositions in July, while Defendants waited until August 26—one month before the original discovery cutoff—to notice their first depositions. *See* ECF No. 168, 169. Approximately two weeks ago, on Monday, August 25, counsel for Defendants wrote to the Court seeking a discovery conference regarding several scheduling issues, a discovery extension, and a delay of the expedited trial date ordered by the Court. *See* Ex. 1 at 3–5. Plaintiffs' counsel responded indicating that counsel for Defendants had not

meaningfully discussed those issues with Plaintiffs' counsel and expressing confidence that the Parties could negotiate a resolution in good faith. *Id.* at 1–3. At the Court's direction, *see id.* at 1, the Parties resolved all issues, *see* Ex. 2 at 1. They negotiated the remaining schedule for depositions, a schedule for supplementing discovery responses, and a modest extension that would accommodate everyone's needs without moving the Court's trial date. At that time, Defendants had indicated a desire to take fifteen depositions. Defendants have since noticed three additional depositions. *See* ECF Nos. 194, 195, 197. As it stands, there are currently 21 depositions scheduled for the 21 business days remaining in the extended discovery period. Almost all depositions (and other discovery) will be completed before the motion for a stay briefing is completed, even without an extension.

Last week, hours after noticing the additional three depositions (including two additional depositions for this week), *see* ECF Nos. 194, 195, 197, Defendants moved this Court to stay the case pending the Supreme Court's resolution of *Louisiana v. Callais*, No. 24-109 (consolidated with *Robinson v. Callais*, No. 24-110), ECF No. 199. Plaintiffs' opposition is currently due September 17, 2025, with Defendants' reply due September 24, 2025. Discovery in this case will be completed by October 6, 2025, with dispositive motions and *Daubert* briefs due on October 20, 2025. ECF No. 178.

Plaintiffs now move for a modest extension, to allow the Parties to complete discovery uninterrupted, and to align briefing on the stay motion with the existing briefing schedule for post-discovery briefs.

## ARGUMENT

"Federal Rule of Civil Procedure 6(b)(1)(A) provides that 'for good cause,' a court may extend a deadline 'before the original time or its extension expires.'" *Edwards v. City of Tupelo*, No. 1:17-CV-131-DMB-DAS, 2022 WL 807373, at *2 (N.D. Miss. Jan. 11, 2022) (quoting Fed. R. Civ. P. 6(b)(1)(A)). Good cause is present here, given the stakes of the motion to stay, the compressed discovery calendar, and the absence of prejudice to the Defendants.

3

The current opposition deadline creates an untenable conflict between Plaintiffs' discovery obligations and their ability to provide this Court with the analysis that the stakes of Defendants' motion demand. There are nine depositions scheduled between now and September 17, when Plaintiffs' stay opposition is due. *See* ECF Nos. 163, 172, 173, 177, 190, 194, 195, 196.[1] This includes a Rule 30(b)(6) deposition of organizational Plaintiff Delta Sigma Theta Sorority, Inc., noticed by Defendants a week ago with a list of 72 topics, *see* ECF No. 190, and a deposition of one of Defendants' experts, *see* ECF No. 163. Moreover, based on discussions between the Parties, Plaintiffs understand that Defendants intend to notice the 30(b)(6) deposition of organizational Plaintiff DeSoto County Branch MS NAACP Unit 5574 for September 18, the morning after Plaintiffs' stay opposition is currently due. Based on discussions between the Parties, Plaintiffs understand that the notice will include approximately 60 topics. Additionally, as part of the Parties' negotiations to resolve disputes without Court intervention, Plaintiffs have agreed to supplement their responses to Defendants' thirteen contention interrogatories by September 9 and have been diligently working to prepare those responses. Finally, in addition to the many depositions and obligations already on the calendar, Defendants recently moved to strike an expert report, and Plaintiffs' counsel will need to brief their opposition to that motion. *See* ECF 205. Plaintiffs' counsel have obligations in other matters as well.

As Plaintiffs will more fully explain in their opposition, a stay in this case is unwarranted and would jeopardize the possibility of an effective remedy in this case. Plaintiffs' opposition will require explication of the equities at issue and detailed analysis of the cases in which other courts have addressed similar stay motions invoking *Callais*.[2] The Court will undoubtedly benefit from the best post-discovery briefing. The compressed schedule between now and the current September 17

---

[1] In the interest of full candor with the Court, Plaintiffs note that they have engaged in extensive discussions with counsel for third parties who have been subpoenaed for depositions on September 15, and are nearing a resolution that might reschedule or remove those depositions. Nevertheless, even without the September 15 depositions, the discovery schedule creates untenable tension with the current briefing deadline.

[2] Most importantly, the Fifth Circuit recently denied a motion to stay *Nairne v. Landry*, a Section 2 case originating from Louisiana, the same state as *Callais*. Case No. 24-30115 (5th Cir.), Doc. 382-2.

4

deadline will make it extraordinarily difficult for Plaintiffs' counsel to provide the considered analysis that such a motion requires without detracting from the discovery efforts.

Furthermore, Defendants' delay in bringing their motion underscores that a modest extension is reasonable. The Supreme Court issued the order for additional briefing in *Callais* on August 1, 2025, after indicating one was forthcoming on June 27, 2025. *See Louisiana v. Callais*, 145 S. Ct. 2608 (2025); Order in Pending Cases, *Louisiana v. Callais*, Nos. 24-109, 24-110 (U.S. Aug. 1, 2025).[3] But Defendants waited more than a month after that order to move for a stay. They did so while adding depositions to an already compressed calendar. Only now, after their other efforts to postpone the trial proved unsuccessful, and during the busiest time in this case, have they filed this motion asking the Court to reverse its earlier decision expediting the trial date. *See* ECF No. 90.

Defendants have suggested their opposition to an extension reflects their concerns about potential costs of summary judgment briefing. But even on the current schedule for their stay motion, it would not be ripe for decision until September 24, just ten business days before discovery concludes. By waiting until now to move for a stay, Defendants have virtually ensured that all the costs of discovery (and at least some of the costs of preparing post-discovery briefing due October 20) will have been borne before the Court can decide their stay motion. This behavior does not reflect a serious effort to minimize costs that would justify denying Plaintiffs this modest extension request.

Finally, it is worth underscoring that Plaintiffs' request for an extension is an ordinary example of professional courtesy that counsel should be able to resolve without involving the Court.[4] Throughout this litigation, Plaintiffs have repeatedly consented to Defendants' extension requests. *See* ECF Nos. 65, 79, 81, 100, 133, 139, 176 (noting unopposed extension requests). In one instance, Plaintiffs took no position on a requested extension. *See* ECF No. 53. In another instance, Plaintiffs

---

[3] Docket available at: https://www.supremecourt.gov/docket/docketfiles/html/public/24-109.html.
[4] Plaintiffs' counsel advised Defendants' counsel of flexibility on the length of an extension, in the hope of reaching a compromise resolution without the Court. Defendants' counsel have indicated they oppose any extension whatsoever.

agreed to a 30-day extension instead of a 60-day one. *See* ECF No. 30. But Plaintiffs have never opposed any extension request in full, despite their consistent position—and the Court's—that the case should move forward expeditiously. Granting a modest extension here is in that same spirit and will neither prejudice Defendants nor disturb the overall schedule.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for an extension of time until October 20, 2025, or any other date that the Court finds warranted, to file their opposition to Defendants' Motion to Stay this Case.

Dated: September 8, 2025.

Respectfully submitted,

| | |
|---|---|
| */s/ Joshua Tom* | */s/ Daniel J. Hessel* |
| Joshua Tom (Miss. Bar No. 105392) | Daniel J. Hessel* |
| **ACLU OF MISSISSIPPI** | Ruth Greenwood* |
| 101 South Congress Street | **ELECTION LAW CLINIC** |
| Jackson, MS 39201 | **HARVARD LAW SCHOOL** |
| Telephone: (601) 354-3408 | 6 Everett Street, Ste. 4105 |
| jtom@aclu-ms.org | Cambridge, MA 02138 |
| | (617) 496-0222 |
| | dhessel@law.harvard.edu |
| | rgreenwood@law.harvard.edu |
| | |
| Brenda Wright* | Víctor Jones* |
| Victor Genecin* | **NAACP LEGAL DEFENSE AND** |
| Breanna Williams* | **EDUCATIONAL FUND, INC.** |
| **NAACP LEGAL DEFENSE AND** | 700 14th Street NW, Suite 600 |
| **EDUCATIONAL FUND, INC.** | Washington, DC 20005 |
| 40 Rector Street, 5th Floor | Telephone: (202) 216-2720 |
| New York, NY 10006 | Facsimile: (202) 682-1312 |
| Telephone: (212) 965-2200 | vjones@naacpldf.org |
| Facsimile: (212) 226-7592 | |
| bwright@naacpldf.org | |
| vgenecin@naacpldf.org | |
| bwilliams@naacpldf.org | |

*Attorneys for Plaintiffs*
*\*Admitted Pro Hac Vice*

6

**CERTIFICATE OF SERVICE**

I, Daniel J. Hessel, do certify that on this day I filed the foregoing with the ECF System which sent notification to all counsel of record.

    This the 8th day of September, 2025.

    */s/ Daniel J. Hessel*
    Daniel J. Hessel