IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| HAROLD HARRIS; PASTOR ROBERT TIPTON, JR.; DELTA SIGMA THETA SORORITY, INC.; DESOTO COUNTY MS NAACP UNIT 5574 | PLAINTIFFS |
| VS. | CIVIL ACTION NO.: 3:24-CV-00289-GHD-RP |
| DESOTO COUNTY, MISSISSIPPI; DESOTO COUNTY BOARD OF SUPERVISORS; and DESOTO COUNTY ELECTION COMMISSION | DEFENDANTS |

### NOTICE OF 30(b)(6) DEPOSITION

TO: **ALL COUNSEL OF RECORD**

PLEASE TAKE NOTICE Defendants, DeSoto County, Mississippi, DeSoto County Board of Supervisors, and DeSoto County Election Commission, will take the following deposition, upon oral examination:

        **Deponent:**    DeSoto County MS NAACP UNIT 5574
        **Date:**         September 18, 2025
        **Time:**        9:00 a.m.
        **Place:**        Bridgforth, Buntin & Emerson, PLLC, 5293 Getwell Road, Southaven, Mississippi 38672

The deposition will be conducted before an officer authorized by law to administer oaths and take depositions. Said deposition will begin at the time and place indicated and will continue thereafter from day to day as the taking of the deposition may be adjourned, at which time and place you are cordially invited to appear and to take such part in the examination as appropriate. The testimony will be recorded by audio, audio-visual and/or stenographic means.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, DeSoto County MS NAACP Unit 5574 should designate one or more officers, directors, agents, employees, or other persons to testify on its behalf concerning the subject matters contained herein.

PD.50569697.1

Further, in accordance with Fed.R.Civ.P. 30(b)(6), said examination will be limited to the following topics, described with reasonable particularity:

## DEFINITIONS

1. As used herein, the term "Unit 5574" means, without limitation, Desoto County MS NAACP Unit 5574.

2. As used herein the term "Delta Sigma Theta" means, without limitation Delta Sigma Theta Sorority, Inc.

3. The term "Complaint" means the Complaint filed September 12, 2024, that initiated this action.

## TOPICS

1. Membership qualifications to be or become a member of Unit 5574,

2. The membership rolls and number of members of Unit 5574 in DeSoto County, Mississippi, including but not limited to the location of where those members live in DeSoto County.

3. The party identification of voters that are members of Unit 5574.

4. The party identification of voters that are members of Unit 5574 and live in DeSoto County.

5. The number of members of Unit 5574 that are registered to vote in DeSoto County.

6. The race of members of Unit 5574.

7. The race of members of Unit 5574 that live in DeSoto County.

8. The corporate structure of the State Conference of the NAACP and Unit 5574's place in that structure.

9. Any participation of Unit 5574 in the 2022 redistricting process for DeSoto County.

10. Any negative actions taken by any elected official that harmed Unit 5574 or were contrary to the interests of Unit 5574.

11. Any particularized needs of Unit 5574 to which DeSoto County elected officials have been unresponsive.

12. Any particularized needs of the members Unit 5574 to which DeSoto County elected officials have been unresponsive.

13. Any particularized needs of Unit 5574 to which DeSoto County elected officials have been responsive.

14. Any particularized needs of the members Unit 5574 to which DeSoto County elected officials have been responsive.

15. The role of Harold Harris as a member of Unit 5574.

16. The identity of any members of Unit 5574 that have run for public office in DeSoto County.

17. The number of members of Unit 5574 that live in DeSoto County and have been disenfranchised because of a criminal conviction.

18. Any participation (official or unofficial) of Unit 5574 or its members in political campaigns in DeSoto County.

19. The number of members of Unit 5574 that reside in each of the purported Black Opportunity Districts in the alternative maps provided by Plaintiffs' experts.

20. The identity and number of alternative Black Opportunity Districts as provided by Plaintiffs' experts' maps in which Harold Harris lives.

21. The identity and number of alternative Black Opportunity District as provided by Plaintiffs' experts' maps in which Robert Tipton lives.

22. The role of Robert Tipton as President of Unit 5574.

23. Any overlap in the membership rolls of Unit 5574 and Delta Sigma Theta.

24. Relationship between Unit 5574 and Delta Sigma Theta.

25. Communications between Unit 5574, its leadership, or its members and any entities or organizations affiliated with the Democratic Party.

26. Any political campaign activities that Unit 5574 or its members engaged in during the period from 2021 through the present in DeSoto County.

27. Political support offered by Unit 5574 to candidates for public office in DeSoto County, regardless of office or party affiliation, between January 1, 2020 through the present.

28. Any projects or community activities sponsored or put on by Unit 5574 between January 1, 2020 and the present, including but not limited to voter drives.

29. Any analysis of the percentage of Black voters that must live in a proposed Black Opportunity District in order to elect a candidate of the Black voters' choice.

30. The political cohesiveness of Black voters in DeSoto County.

31. The political cohesiveness of any racial or ethnic group that neither identifies as Black or white in Desoto County.

32. The number of Republican Black voters in DeSoto County.

33. Any evidence of "bloc voting" by the white voters of DeSoto County.

34. Any instances where the preferred candidate of Black voters in DeSoto County was not a member of the Democratic Party in elections between 2020 and the present.

35. Any analysis of white "crossover" voters that support Democratic candidates in DeSoto County.

36. Any division between white and Black voters that is separate and apart from party affiliation.

37. Any calls to racial division by a candidate for public office in DeSoto County.

38. Any evidence of intentional racial discrimination regarding the 2022 redistricting in DeSoto County.

39. Unit 5574's knowledge of or participation in the formation of the Citizens' Redistricting Committee as identified in paragraph 64 of the Complaint.

40. The work of the Citizens' Redistricting Committee as identified in paragraph 64 of the Complaint.

41. Unit 5574's knowledge of documents possessed by the Citizens' Redistricting Committee as identified in paragraph 64 of the Complaint.

42. Any alternative redistricting maps created by or on behalf of Unit 5574 prior to the filing of the Complaint.

43. Unit 5574's knowledge of or participation in the creation of any alternative redistricting maps created by or on behalf of the Citizens' Redistricting Committee as identified in paragraph 64 of the Complaint.

44. The submission of any maps created by or on behalf of the Citizens' Redistricting Committee or Unit 5574 to the DeSoto County Board of Supervisors.

45. Relationship between Unit 5574 and the Citizens' Redistricting Committee, the DeSoto County Redistricting Committee, or the DeSoto County Community Redistricting Committee.

46. Unit 5574's participation in any hearings or meetings regarding the 2022 DeSoto County redistricting lawsuit.

47. Any disclosure, communication, or other provision of any proposed redistricting maps for DeSoto County after the 2020 census to either Unit 5574 or any of its members prior to the June 6, 2022 public hearing of the DeSoto County Board of Supervisors.

48. The Citizens' Redistricting Committee's presentation to and its reception from the DeSoto County Board of Supervisors on June 6, 2022.

49. The given reasons for the DeSoto County Board of Supervisors rejecting the alternative maps presented on June 6, 2022.

50. Any request by Unit 5574 or its members to move the June 6, 2022 redistricting public hearing.

51. The community of interest with socioeconomic and cultural ties between Horn Lake, Walls, and Nesbit as alleged in the Complaint.

52. The population of Horn Lake, Walls, and Nesbit.

53. How Unit 5574 determined the number of voting age residents in Nesbit.

54. The election of Black public officials in DeSoto County from 2020 to the present.

55. The basis for any claim that the presence of police at a polling location disproportionately affects Black votes or lowers voter turnout.

56. Any Ku Klux Klan flyers distributed in DeSoto County between 2020 and the present, including any link between those flyers and DeSoto County (as a political entity) or any of its public officials.

57. Any discrimination in education perpetuated or caused by DeSoto County (as a political entity) or any of its public officials as alleged in paragraphs 166, 167, and 168 of the Complaint.

58. Any "racial terror, sanctioned by white officials, to enforce de jure discrimination" between 2020 and the present in DeSoto County.

59. Any analysis of whether the alternative maps proposed by Plaintiffs will have an economic impact on the Black residents of DeSoto County.

60. Black participation in DeSoto County elections from 2020 to the present.

61. Basis for the claim that BancorpSouth was headquartered in DeSoto County during 2016 as alleged in paragraph 183 of the Complaint.

62. Any connection between Unit 5574 and the DeSoto County Parents & Students for Justice group identified in paragraph 187 of the Complaint.

63. Any complaints made by Unit 5574 to Desoto County or its elected officials regarding the lack of Black churches as polling places.

64. Unit 5574's understanding of the minimum requirements to qualify as a potential polling place in DeSoto County.

65. The identity of individuals who worked as a poll worker in DeSoto County.

66. Unit 5574's request for "an investigation into disparities in how Black and white residents are treated by the sheriff as set forth in paragraph 217 of the Complaint and the response to that request.

67. Any intimidation of Black candidates for elected office by DeSoto County (as a political entity) or its elected officials.

68. Any intimidation of Black candidates for elected office by residents of DeSoto County.

69. Any and all public statements, press release, or press conferences held by or participated in by Unit 5574 as it relates to this lawsuit or the 2022 redistricting process.

70. The source of any funding for the Citizens' Redistricting Committee.

71. The source of any funding for creating alternative 2022 redistricting maps created prior to the filing of the Complaint.

72. Unit 5574's Responses to Defendants' Written Discovery.

This, the 8th day of September, 2025.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:   */s/ Nicholas F. Morisani*
     D. Michael Hurst, Jr., MB #99990
     W. Thomas Siler, Jr. MS #6791
     Nicholas F. Morisani, MB #104970
     Sonya C. Dickson, MB #106284
     1905 Community Bank Way, Suite 200
     Flowood, Mississippi 39232
     Telephone: 601-352-2300
     Telecopier: 601-360-9777
     mike.hurst@phelps.com
     tommy.siler@phelps.com
     nicholas.morasani@phelps.com
     sonya.dickson@phelps.com

*And*

Andrew W. Coffman, MB#106207
105 East Main Street, Suite 201
Tupelo, Mississippi 38804
Telephone: 662-842-7907
Telecopier: 662-842-3873
andrew.coffman@phelps.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

  I certify that on September 8, 2025, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record in this action.

            */s/ Nicholas F. Morisani*
            Nicholas F. Morisani