IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HAROLD HARRIS; PASTOR ROBERT
TIPTON, JR.; DELTA SIGMA THETA
SORORITY, INC.; and DESOTO COUNTY
MS NAACP UNIT 5574                                                                      PLAINTIFFS

v.                                                       Civil No. 3:24-cv-00289-GHD-RP

DESOTO COUNTY, MISSISSIPPI; DESOTO
COUNTY BOARD OF SUPERVISORS; and
DESOTO COUNTY ELECTION
COMMISSION                                                      DEFENDANTS

## ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS

Presently before the Court is the Defendants' Motion to Stay Proceedings or, alternatively, Motion to Continue Trial [Doc. No. 199] until the United States Supreme Court decides *Louisiana v. Callais*, No. 24-109 (consolidated with *Robinson v. Callais*, No. 24-110) (collectively "*Callais*") which Defendants contend will likely be June 2026. Plaintiffs have timely opposed the Motion, and the issue is now ripe for decision. Based upon the reasoning below, the Court finds the Motion should be denied and the trial shall go forward as scheduled.[1]

It is axiomatic "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (internal citation omitted); see also *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). Courts determine "whether to stay a matter pending resolution of a separate action" by considering: "(1) the potential prejudice to the moving party if a stay is denied; (2) the potential prejudice to the non-moving party if a stay is granted; and (3) other 'difficulties inherent in the general situation, including potential judicial inefficiency." *McGregory v. 21st*

---

[1] Having conducted the good cause analysis in conjunction with the Court's prior expedition of trial [90] from April 27, 2026, to January 26, 2026, no good cause exists to continue this trial.

*Century Ins. & Fin. Serv., Inc.*, No. 1:15-cv-00098-DMB-DAS, 2016 WL 11643678, at *3 (N.D. Miss. Feb. 2, 2016) (citing *Wedgeworth*, 706 F.2d at 545-46) (internal quotation marks omitted). This Court conducts the same analysis here.

As to factor one, Defendants argue the stay's denial will force them "to expend significant taxpayer funds, considerable time, and other resources litigating [this case]," when the Supreme Court's decision in *Callais* "may invalidate" the "underlying basis of the lawsuit" [200]. Defendants' point is well taken, and the Court acknowledges the *possibility* of reversal and remand if trial goes forward; nevertheless, this is nothing more than speculation. As support, Defendants point to several instances where courts allegedly stayed proceedings pending the Supreme Court's *Callais* decision. The Court only addresses *Nairne v. Landry*, 151 F.4th 666 (5th Cir. 2025) due to its persuasive nature—the rest are unpersuasive.

In *Nairne*, the Fifth Circuit denied a motion to stay proceedings pending the *Callais* decision while simultaneously granting an extension of time to seek rehearing *en banc*. *Id.* at Doc. No. 328-2. Defendants argue, however, this action supports their motion because it was taken *after* the court withheld its mandate in the case, "essentially suspend[ing] the proceedings at the district court level" until the rehearing petition is decided [287]. This is unpersuasive and in fact cuts against Defendants' position. If the Fifth Circuit had intended to stay the proceedings at any level in *Nairne* until *Callais* was decided, it would have done so upon the parties' motion. To assume the court withheld its mandate for any other purpose than those explicitly stated in its order (*i.e.*, to provide the parties time to seek rehearing *en banc*) is pure speculation. Further, the Court finds one of Plaintiffs' arguments particularly persuasive on this point; that is, "[t]o the extent . . . *Callais* may turn on Section 2 as applied to Louisiana, it will affect the *Nairne* case more than [the case *sub judice*]. Nevertheless, the Fifth Circuit determined a stay [of *Nairne*] was

2

inappropriate" [282]. In sum, Defendants show some prejudice under factor one, but the Court must determine its weight when compared to factors two and three.

Under factor two, Plaintiffs argue they "currently suffer 'ongoing and irreparable harm' by residing in racially dilutive districts" and it will continue if proceedings are stayed [282]. That is, "any insignificant delay in these proceedings would threaten the possibility of a remedy in time for the 2026 election" [282]. Defendants counter Plaintiffs' argument of potential prejudicial harm by pointing out "the regularly scheduled 2026 elections include one of the 25 offices elected from the challenged district lines" [287]. The Supreme Court has repeatedly acknowledged "the political franchise of voting is . . . a fundamental political right, because [it is] preservative of all rights." *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886). Indeed, "the right of suffrage is a fundamental matter in a free and democratic society" where "[n]o right is more precious . . . [because] [o]ther rights, even the most basic, are illusory if the right to vote is undermined." *Reynolds v. Sims*, 377 U.S. 533, 560 (1964) (quoting *Wesberry v. Sanders*, 376 U.S. 1, 17-18 (1964)) (internal quotation marks omitted). Given this language from the Supreme Court, Defendants' argument is unpersuasive. Plaintiffs allege a harm, and this harm must be remedied if proven regardless of whether the upcoming elections include one or all twenty-five of the county's offices. Factor two weighs in favor of denying Defendants' stay.

The final factor considers other "difficulties inherent in the general situation, including potential judicial inefficiency." *McGregory*, 2016 WL 11643678, at *3 (internal quotation marks omitted). As previously stated, Defendants note only one of the twenty-five offices elected under the challenged districting lines is up for reelection in 2026 and allege this "potentially triggers special elections for as many as 24 offices in 2026" with incumbents having served one year before having to campaign once again for the regularly scheduled 2027 elections [287].

3

Defendants bring this "difficulty" prematurely, and they acknowledge as much in a footnote: "This arises from the fact Plaintiffs seek to have the Court order special elections *should they prevail*" [287 (emphasis added)]. The special election issue is one concerning a possible remedy, not the merits of this action; therefore, the Court finds this argument unpersuasive in deciding whether to stay the proceedings currently. As for judicial efficiency, the Court again acknowledges the *potential* necessity of retrying this case after *Callais* is decided if it is not presently stayed. Yet the Court cannot in good conscience stay this trial based on speculation when at this juncture of the proceedings it still must assume Plaintiffs' allegations of actual harm are true.

After consideration of the above material and finding the three factors do not justify a stay in these proceedings, it is hereby **ORDERED** the Defendants' Motion to Stay Proceedings or, alternatively, Motion to Continue Trial [199] is **DENIED**. The trial shall commence as scheduled.

**SO ORDERED**, this, the 27th day of October, 2025.

SENIOR U.S. DISTRICT JUDGE