IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**HAROLD HARRIS, et al.**                                                         **PLAINTIFFS**

**V.**                          **CIVIL ACTION NO. 3:24-CV-289-GHD-RP**

**DESOTO COUNTY, MISSISSIPPI, et al.**                    **DEFENDANTS**

### ORDER DENYING MOTION TO QUASH

This matter is before the court on third party One Voice's Motion to Quash Subpoena Duces Tecum and for a Protective Order. ECF 241. One Voice moves to quash a subpoena *duces tecum* served on it by the defendants, who oppose One Voice's motion. The court finds the motion is not well taken and should be denied.

The defendants served One Voice with a subpoena *duces tecum* commanding the production of "any and all documents, records, or communications in your possession, custody, or control that pertain to, reference or otherwise related in any way to the redistricting process for the five (5) election districts in Desoto County, Mississippi, from January 1, 2019 through the present date," to which One Voice objects on the grounds that such materials include communications and documents protected by attorney-client privilege and the work product doctrine. One Voice states that it will produce responsive documents that are not so protected from disclosure, but One Voice nonetheless asks the court to quash the subpoena, or alternatively, to enter a protective order prohibiting the disclosure of the protected documents. The defendants oppose the motion, arguing that instead of complying with its obligations with respect to claiming privilege or protection as set forth in the court's procedural rules, One Voice filed the instant motion to quash without providing information sufficient to enable the defendants to assess One Voice's claim. The court agrees with the defendants.

Federal Rule of Civil Procedure 45(e)(2)(A) provides as follows:

A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)     expressly make the claim; and

(ii)     describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

The defendants are correct in their argument that One Voice has not complied with this rule. One Voice's motion simply makes a generic invocation of attorney-client privilege and work-product protections as to unidentified "communications and documents between One Voice and its attorneys relating to the redistricting process in DeSoto County, Mississippi during the five year time period" without providing a description of the nature of the withheld documents sufficient to enable the defendants or the court to assess the claim.

Therefore, One Voice's Motion to Quash Subpoena Duces Tecum and for a Protective Order is DENIED. Further, One Voice is ORDERED to provide the defendants with a privilege log of the withheld documents no later than November 21, 2025, failing which One Voice will be deemed to have waived its claim of privilege or protection as to the withheld documents. The clerk is directed to mail a copy of this order to One Voice's attorney at the address provided in One Voice's motion.

SO ORDERED, this the 4th day of November, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE