IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| HAROLD HARRIS; PASTOR ROBERT TIPTON, JR.; DELTA SIGMA THETA SORORITY, INC.; and DESOTO COUNTY MS NAACP UNIT 5574 | PLAINTIFFS |
| v. | Civil No. 3:24-cv-00289-GHD-RP |
| DESOTO COUNTY, MISSISSIPPI; DESOTO COUNTY BOARD OF SUPERVISORS; and DESOTO COUNTY ELECTION COMMISSION | DEFENDANTS |

## ORDER DENYING PLAINTIFFS' OBJECTIONS TO APPEAL OF MAGISTRATE JUDGE'S ORDER

Presently before the Court is Plaintiffs' Objections to the Magistrate Judge's November 12, 2025, Order Granting Defendants' Motion to Strike [Doc. No. 343]. The subject order [322] granted Defendants' motion to strike portions of Williams S. Cooper's reply report, striking "those portions of [the report] pertaining to Illustrative Plans 4 and 5" and prohibiting Cooper from testifying about them at trial. Upon due consideration, the Plaintiffs' objection is overruled, and the Magistrate Judge's Order is affirmed.

### I. *Standard of Review*

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine "pretrial matter[s] not dispositive of a party's claim or defense." *See* 28 U.S.C. § 636(b)(1)(A)1; Fed. R. Civ. P. 72(a); L.U. Civ. R. 72(d). "A party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a)). *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's non-dispositive

1

orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ("[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law"). "Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.'" *Moore*, 755 F.3d at 808 n.15 (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); see *also* Fed. R. Civ. P. 72(a).

## II. *Analysis and Discussion*

Plaintiffs' objection is two-fold. First, they claim the Magistrate Judge "erred as a matter of law in narrowly construing Federal Rule of Civil Procedure 26(a)(2)(D)(ii) and in concluding [Plaintiffs' expert Cooper's report] . . . was improper simply because it also supports his original opinion" [343]. Second, they contend the Magistrate Judge "misapplied the Rule 37 analysis to strike the report" [*Id.*]. Defendants, for their part, argue Plaintiffs' arguments "do not come close to surpassing the strict 'clearly erroneous' or 'contrary to law' standard" [351]. The Court discusses the two arguments below.

This Court cannot agree with Plaintiffs' broadened construction of Rule 26(a)(2)(D)(ii). In support of that contention, Plaintiffs provide a host of unpersuasive authority. As the Order and Rule 26(a)(2)(D)(ii) state, an expert's rebuttal report must contain "'evidence . . . intended *solely*

to contradict or rebut evidence on the same subject matter identified' in the other party's disclosure." (emphasis added). As the Order rightly points out, Plaintiffs essentially admit they offered Illustrative Plans 4 and 5 to rebut *and* "in further support of [Mr. Cooper's] original plan" [238]. Thus, based on Plaintiff's own words, the subject Plans were not submitted solely to contradict or rebut Defendants' evidence; therefore, this Court finds no reversable error with the Magistrate Judge's finding Illustrative Plans 4 and 5 were untimely.

Turning now to Plaintiffs' arguments concerning the Magistrate Judge's Rule 37 analysis. As Defendants aptly and correctly point out, Plaintiffs must show the Order's analysis was "clearly erroneous," and it is indeed a "high bar" for the objecting party. *Sensory Path Inc. v. Fit & Fun Playscapes LLC*, Civ. No. 3:19-cv-219, 2022 WL 2721057, at *2 (N.D. Miss. June 1, 2022). "A magistrate judge's conclusions need not be the only reasonable conclusion; they need only be reasonable." *Id.* After reviewing the materials pertinent to this analysis, this Court is not "left with a definite and firm conviction that a mistake has been committed." *U.S. Gypson Co.*, 333 U.S. at 395.

### *III. Conclusion*

Because Plaintiffs failed to show the Magistrate Judge's Order was either clearly erroneous or contrary to law, their Objections to Order Granting Defendants' Motion to Strike [343] should be denied.

**IT IS THEREFORE** hereby **ORDERED** Plaintiffs' Objections to Order Granting Defendants' Motion to Strike [343] is **DENIED**.

**SO ORDERED**, this, the ___18th___ day of December, 2025.

                                                SENIOR U.S. DISTRICT JUDGE