IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| HAROLD HARRIS; PASTOR ROBERT TIPTON, JR.; DELTA SIGMA THETA SORORITY, INC.; and DESOTO COUNTY MS NAACP UNIT 5574 | PLAINTIFFS |
| VS. | CIVIL ACTION NO.: 3:24-CV-00289-GHD-RP |
| DESOTO COUNTY, MISSISSIPPI; DESOTO COUNTY BOARD OF SUPERVISORS; and DESOTO COUNTY ELECTION COMMISSION | DEFENDANTS |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE**

The Case Management Order and the order governing the pre-trial conference is clear: No party may list a witness or exhibit that was not previously disclosed during the course of the litigation. Defendants seek to enforce this rule as to Wendy Johnson and certain documents listed in the proposed Pretrial Order that were seemingly undisclosed during discovery. This Court should grant Defendants' motion to strike.

**RELEVANT BACKGROUND**

Discovery ended on October 6, 2025,[1] the Final Pretrial Conference was held on December 17, 2025,[2] and trial begins on January 26, 2026.[3]

Two months after the discovery deadline, Plaintiffs identified Wendy Johnson as a fact and liability witness to testify at trial in her capacity "[a]s corporate designee of Delta Sigma Theta Sorority, Inc." in their witness list to be included in the Pretrial Order.[4] But Johnson was not

---

[1] *See* Order [178].
[2] *See* Not. Reset Final Pretrial Conf. [91].
[3] *See* Not. Reset Trial [92].
[4] *See* Plaintiffs' Witness List to Pretrial Order, **Exhibit 1**.

PD.60053414.1

previously disclosed or otherwise identified during discovery.[5] Nor was Johnson designated as the corporate representative of DST to testify on its behalf as to the topics and areas of inquiry listed in the Rule 30(b)(6) deposition notice of DST.[6] Instead, Jackie Nickson was DST's 30(b)(6) corporate designee.[7]

Additionally, in their exhibit list to be included as part of the Pretrial Order, Plaintiffs identified documents numbered PX-249 (redistricting flyers), PX-250 through PX-253 (priorities of four of the current DeSoto County Supervisors), and PX-254 (Supervisor Robert Foster's biography), and PX-272 (list of polling locations as of June 24, 2025)[8]—all of which do not appear to have been previously disclosed or produced during discovery.

During the Final Pretrial Conference, the Court permitted any motions to strike another party's exhibits or witnesses from the Pretrial Order for failure to disclose during discovery to be filed by December 22, 2025.[9] Defendants now move to strike Johnson as a witness and the numerous documents at issue as exhibits from the Pretrial Order.[10]

## ARGUMENTS AND AUTHORITIES

Federal Rule of Civil Procedure 26 "governs parties' obligations to disclose and supplement the names of individuals with information used to support claims and defenses as well as all discovery requests as new information is learned." *Smith v. Fid. & Guar. Life Ins. Co.*, 2017

---

[5] *See* Plaintiffs' Initial and Supplemental Disclosures, **Exhibit 2**; Plaintiff DST's Responses and Supplemental Responses to Defendants' Interrogatories (Excerpt, Interrogatory Nos. 5), **Exhibit 3**.

[6] *See* Re-Notice to take 30(b)(6) Deposition of DST [215].

[7] *See* Excerpt of Depo. of Jackie Nickson, as 30(b)(6) Corporate Representative of DST, **Exhibit 4**.

[8] *See* Appendix B to proposed Pretrial Order, **Exhibit 5**.

[9] *See* Minute Meetings [355]. The Court further instructed that all responses to any motions to strike are due on December 29, 2025, with no replies to be filed, and that Plaintiffs' final witness list is due on December 29, 2025. *Id.*

[10] Because Plaintiffs' final witness list is not due until after the filing of the instant motion, *see* [355], Defendants reserve the right to strike any additional witnesses included in Plaintiffs' final witness list not disclosed during discovery.

2

WL 3653799, at *1 (N.D. Miss. June 15, 2017); *Johnson v. City of Indianola, Miss.*, 2020 WL 4353567, at *1 (N.D. Miss. July 29, 2020). Rule 26(a)(1)(A) requires that a party must, without awaiting a discovery request, provide to the other parties "the name, and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). Additionally, a party must provide to other parties "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(ii). These disclosures must be made "within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C); *see also* L.U. Civ. R. 26(a)(1)(A). "The purpose of these disclosure requirements is to 'eliminate unfair surprise to the opposing party.'" *See Walker v. Benton Cnty., Miss.*, 2022 WL 3273817, at *2 (N.D. Miss. July 8, 2022); *Johnson*, 2020 WL 4353567, at *2; *Smith*, 2017 WL 3653799, at *1.

      Rule 26(e)(1) requires that the "party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory [or] request for production . . . —must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. at 26(e)(1)(A). The Local Rules also provide that "[a] party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and in no event later than the *discovery deadline established by the case management order*." L.U. Civ. R. 26(a)(5) (emphasis added).

3

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Hill v. Koppers Indus.*, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009) (citation omitted); *see also Bailey*, 2015 WL 6828921, at *3 ("A party who fails to comply with Rule 26 'bears the burden to show that its actions were substantially justified or harmless.'") (citation omitted). "The motivation behind Rule 37(c)(1)'s exclusion of testimony from non-disclosed witnesses 'is to prevent an ambush, resulting in surprise or prejudice, of undisclosed or late disclosed evidence.'" *Rios v. Tex. Christian Univ.*, 348 F.R.D. 606, 610-11 (N.D. Tex. 2025) (quoting *Graham v. El Paso Cnty.*, 2022 WL 1112822, at *2 (W.D. Tex. Jan. 12, 2022)). Thus, the sanction provides a "strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion," by the deadline. *Walker*, 2022 WL 3273817, at *2; *Johnson*, 2020 WL 4353567, at *2.

In evaluating whether a Rule 26 violation is harmless, courts consider the following four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to timely disclose." *Walker*, 2022 WL 3273817, at *2 (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)); *see also Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).[11]

---

[11] Although *Geiserman* involved failure to timely designate certain experts, "the same analysis is applied to other types of violations of scheduling orders" and in imposing sanctions under Rule 37(c)(1). *See Bailey v. Stanely Access Techs., Inc.*, 2015 WL 6828921, at *3 & n.4 (N.D. Miss. Nov. 6, 2015).

4

Because Plaintiffs failed to disclose Wendy Johnson and to produce the documents at issue in question during discovery and because Plaintiffs cannot demonstrate that their failure to comply with Rule 26's disclosure requirements was substantially justified or harmless, this undisclosed witness and documents should be stricken from the Pretrial Order.

**I.      Plaintiffs failed to disclose Wendy Johnson and to produce numerous documents during discovery.**

Plaintiffs did not identify Johnson in their initial disclosures and did not produce the documents at issue during discovery, as required by the governing rules. *See* Fed. R. Civ. P. 26(a)(1); L.U. Civ. R. 26(a)(1). Nor did Plaintiffs supplement their disclosures and document production to provide the required disclosure and documents by the discovery deadline. *See* Fed. R. Civ. P. 26(e)(1); L.U. Civ. R. 26(a)(5). Instead, approximately two months after discovery ended and a month and a half before trial set to begin on January 26, 2026, Plaintiffs disclosed Johnson as a fact and liability witness and produced the documents at issue for the first time in their witness and exhibits lists to be included as part of the Pretrial Order.

But the disclosure of trial witnesses and exhibits are "[i]n addition to the disclosures required by Rule 26(a)(1)." *Rios*, 348 F.R.D. at 610-11 (quoting Fed. R. Civ. P. 26(a)(3)(A)). "Rule 26(a)(3) does not provide a carte-blanche opportunity for a party to produce for the first time the names of witnesses and exhibits never before produced during discovery." *Id.*; *see also Noel v. BP Expl. & Prod., Inc.*, 346 F.R.D. 139, 145 (S.D. Ala. 2024) ("Plaintiff does not explain how Rule 26(a)(3) obviates other discovery and disclosure requirements. Plaintiff cites no authority that Rule 26(a)(3) provides for the introduction of trial witnesses and exhibits that were not previously disclosed under those requirements.").

Plaintiffs seemingly attempt to make an end-run around Rule 26's disclosure requirements by characterizing Johnson as a "corporate designee" of DST in their witness list. But that does not

5

save Plaintiffs from their failure to comply with their disclosure obligations. Johnson was not designated as DST's 30(b)(6) corporate designee. That was Jackie Nickson.

Moreover, although generic identification of "corporate representatives" is sufficient to meet disclosure requirements in limited circumstances, that is certainly not the case here. *See contra Garth v. RAC Acceptance East, LLC*, 2021 WL 4432829, at *2 (N.D. Miss. Sept. 27, 2021).

To the extent Plaintiffs attempt to argue they were under no duty to supplement their disclosures and discovery responses because the undisclosed witness and the information contained in the documents were otherwise made known to Defendants during the discovery process, that is insufficient to indicate Plaintiffs' intention to use the witness and documents at trial. *See, e.g.*, *Smith*, 2017 WL 3653799, at *2 ("The mere fact that an individual's identify is known to a party and is discussed during a deposition does not mean the party should assume that individual may be called as a witness at trial" and finding that "Plaintiffs had a duty to supplement their initial disclosures to include the subject witnesses").

**II.     All factors weigh in favor of striking the never disclosed fact and liability witness and the several exhibits.**

Plaintiffs cannot demonstrate that their failure to disclose Johnson and to produce the numerous documents at issue during discovery was substantially justified or harmless. All factors militate in favor of striking Johnson as a witness and the numerous documents as exhibits from the Pretrial Order.

***Importance of the evidence.*** Defendants simply have no idea what Johnson's expected testimony will be because Plaintiffs did not disclose and provide the subject matter of that information, as required by Rule 26. *See* Fed. R. Civ. P. 26(a)(1)(i). Because of this failure to disclose, Defendants were never afforded the opportunity to depose Johnson or even propound discovery requests regarding her knowledge of discoverable information or even her relation to

6

DST. In any event, the importance of evidence "cannot singularly override the enforcement of local rules and scheduling orders." *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996).

***Prejudice to Defendants.*** The prejudice to Defendants resulting from Plaintiffs' failure to disclose Johnson and to produce the documents in question is significant. By not identifying Johnson and not producing the documents at issue during discovery, Plaintiffs have essentially prevented Defendants from using the documents in discovery, requesting documents in discovery to rebut these documents, asking questions in depositions about the newly disclosed documents and witness, or deposing the newly identified witness. *See Dykes v. Cleveland Nursing & Rehab. Ctr.*, 2018 WL 3058870, at *5 (N.D. Miss. June 20, 2018) (quoting *In re Sambrano*, 440 B.R. 702, 708-09 (W.D. Tex. 2010)) ("An inability to depose potential witnesses 'strongly suggests that [an opposing party] would be prejudiced by allowing them to testify at trial.'"); *Bennett v. GEO Group, Inc.*, 2011 WL 4625667, at *2 (S.D. Miss. 2011) ("The purpose of requiring a listing of persons with knowledge, even early on during the discovery phase . . . is to allow the opposing party to interview or depose them, if desired, or to conduct other investigation, and to learn the facts before discovery closes.") (citation omitted)); *Walker*, 2022 WL 3273817, at *3 (finding that if the plaintiffs were allowed to rely upon these documents as evidence at trial, this would force Defendants to review over 2,000 pages of new documents in the short amount of time left before trial, without the opportunity to conduct any follow-up discovery of their own).

Accordingly, the prejudice to Defendants weighs strongly in favor of striking Johnson and the documents at issue from the Pretrial Order. *See Williams v. Gonzales*, 2005 WL 3447885, at *6 (E.D. Tex. Dec. 14, 2005) (first citing *Geiserman*, 893 F.2d at 791; and then citing *Barrett*, 95 F.3d at 381) ("Disruption of the court's discovery schedule and the opponent's preparation constitutes

sufficient prejudice to militate in favor of the exclusion of testimony."); *see also Rios*, 348 F.R.D. at 611.

***Possibility of curing prejudice.*** The prejudice suffered by Defendants cannot be cured at this stage. Even now, Defendants are at a loss regarding Johnson's expected testimony besides that Plaintiffs intend to offer her as a fact and liability witness and she is purportedly a "corporate designee" of DST. *See contra Texas A&M Research*, 338 F.3d at 402 (holding that "any prejudice was cured by the approximately one month during which [the third-party defendant] was allowed to examine and respond to the contested evidence").

Moreover, as Plaintiffs have repeatedly made clear throughout litigation of this case, they oppose any continuance whatsoever and reopening discovery for the limited purpose of interviewing or deposing this undisclosed witness would certainly be opposed and would force Defendants to incur additional costs and impair judicial integrity. *See Koenig v. Beekmans*, 2018 WL 297616, at *6 (W.D. Tex. Jan. 4, 2018) ("Continuing trial at this late stage and re-opening the discovery and expert designation deadlines would force Beekmans to incur additional costs and impair the integrity of the Court's Scheduling Order."). Indeed, delay in obeying discovery deadlines is "a particularly abhorrent feature of . . . trial practice" and causes "disrespect for lawyers and the judicial process." *Geiserman*, 893 F.2d at 792. "Adherence to reasonable deadlines is critical to restoring integrity in court proceedings." *Id*.

***Explanation for failure to disclose.*** Plaintiffs cannot provide any compelling reason to justify their failure to disclose Johnson and the certain documents during discovery. This is especially so given that in the Case Management Order, the Court ordered that "[n]o party will be allowed to list in the final pretrial order any exhibit or witness not disclosed or produced before the discovery deadline as required by the Federal Rules of Civil Procedure and the local rules of

8

this court."[12] Put simply, Plaintiffs have failed to comply with the basic requirements of Rule 26 and the Court's order, despite ample warning of the potential consequences.[13] *See Dykes*, 2018 WL 3058870, at *5 (finding that the explanation for failure to disclose weighs in favor of exclusion because "Danny has failed to specify when in the process he identified the Supplemental Witnesses as potential witnesses").

On balance, the failure to disclose Johnson and to produce the documents at issue is neither substantially justified nor substantially justified and as such, this witness and these documents should be stricken from the Pretrial Order. *See, e.g.*, *Dykes*, 2018 WL 3058870, at *5 (finding that "[b]ecause all four factors weigh in favor of exclusion, the Court concludes that the Supplemental Witnesses must be excluded under Rule 37(a)(1)").

## CONCLUSION

For the foregoing reasons, this Court should strike Wendy Johnson as a witness and documents numbered PX-249, PX-250 through PX-253, and PX-254 from the Pretrial Order.

Dated: December 22, 2025.

                                        Respectfully submitted,

                                        PHELPS DUNBAR LLP

                                        BY:   */s/ Sonya C. Dickson*
                                                 D. Michael Hurst, Jr., MB #99990
                                                 W. Thomas Siler, Jr., MS #6791
                                                 Nicholas F. Morisani, MB #104970
                                                 Nash E. Gilmore, MB #105554
                                                 Sonya C. Dickson, MB #106284
                                                 1905 Community Bank Way, Suite 200
                                                 Flowood, Mississippi 39232
                                                 Telephone: 601-352-2300
                                                 Telecopier: 601-360-9777
                                                 mike.hurst@phelps.com
                                                 nicholas.morisani@phelps.com

---

[12] *Id.* at 2, 3.
[13] See [67]; [71].

9

tommy.siler@phelps.com
nash.gilmore@phelps.com
sonya.dickson@phelps.com

*And*

Mark N. Halbert, MB #100048
Andrew W. Coffman, MB #106207
105 East Main Street, Suite 201
Tupelo, Mississippi 38804
Telephone: 662-842-7907
Telecopier: 662-842-3873
mark.halbert@phelps.com
andrew.coffman@phelps.com

**ATTORNEYS FOR DEFENDANTS**

PD.60053414.1

**CERTIFICATE OF SERVICE**

  I certify that on December 22, 2025, I electronically filed this motion with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record in this action.

            */s/ Sonya C. Dickson*
            Sonya C. Dickson