IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**HAROLD HARRIS, et al.**                                                                                      **PLAINTIFFS**

**v.**                                                            **CIVIL ACTION NO.: 3:24-CV-289-GHD-RP**

**DESOTO COUNTY, MISSISSIPPI, et al.**                                                          **DEFENDANTS**

### ORDER GRANING MOTION TO STRIKE

This matter is before the court on the Plaintiffs' Motion to Strike, in which they ask the court to exclude at trial any testimony by eight individuals disclosed by the defendants four business days prior to the close of discovery. ECF 341. The defendants oppose the motion. The court finds the motion is well taken and should be granted.

### Relevant Procedural Background

The plaintiffs -- two black individual DeSoto County, Mississippi residents, a predominately black national membership service organization with a chapter in Desoto County, and the DeSoto County chapter of the NAACP -- brought this action under Section 2 of the Voting Rights Act seeking injunctive and other relief against the defendants DeSoto County, the county board of supervisors, and the county election commission.[1] The plaintiffs challenge DeSoto County's 2022 redistricting plan, which the plaintiffs allege does not afford black voters in any of the county's five districts the opportunity to elect their preferred candidates to any county office.

The deadline to complete all discovery in this case was October 6, 2025. In a supplemental disclosure served on September 12, 2025, the defendants identified ten individuals likely to have discoverable information the defendants may use to support their defenses. As to nine of those individuals, the subject of his/her discoverable information was given only as, "May have knowledge

---

[1] The plaintiffs' complaint also named as a defendant Dale Thompson in her official capacity as the county circuit clerk responsible for conducting county elections, but the claims against that defendant have since been dismissed.

related to the allegations in the Complaint;" and as to the tenth individual, no subject was given. Defendant's Second Supplemental Initial Disclosures, ECF 341-2. Two of the individuals' names were later determined to be misspelled. On September 30, 2025 – four business days before the discovery deadline – the defendants served another supplemental disclosure identifying the same ten individuals, correcting the spelling of the two previously misspelled names, identifying an additional individual, and providing a description of the subject matters of all eleven individuals' information. Defendants' Third Supplemental Initial Disclosures, ECF 341-1.

Of relevance to the court's consideration of the present motion, on the last day of discovery, the plaintiffs disclosed two individuals, which disclosure the defendants then moved to strike as untimely because the individuals were not disclosed sufficiently in advance of the discovery deadline to permit the defendants to depose them. While that motion was pending, the plaintiffs advised the defendants of the plaintiffs' intention to move to strike the defendants' late-disclosed witnesses; but as an alternative, the plaintiffs offered to afford the defendants an opportunity to conduct limited depositions of the plaintiffs' two late-disclosed witnesses in exchange for an opportunity for the plaintiffs to depose the defendants' late-disclosed witnesses. The defendants did not accept that offer, and ultimately the court granted the defendants' motion to strike the plaintiffs' two late-disclosed witnesses. ECF 345.

Now before the court is the plaintiffs' motion to strike eight of the defendants' late-disclosed witnesses: Dianne Bryant, Kelvin Hall, Al Bowen, Erma Johnson, Nelson Bridgeforth, Edison Robertson, Dwight Mosley, and Edward Merriweather.[2] The plaintiffs argue – just as the defendants argued in their own successful motion to strike – that the subject individuals were not disclosed sufficiently in advance of the discovery deadline to permit their depositions before the

---

[2] The other three of the defendants' eleven late-disclosed witnesses are public officials with whom the plaintiffs were familiar, and the plaintiffs do not seek to strike those three individuals.

close of discovery, and that the untimely disclosure is not harmless. It should come as no surprise to the defendants that the court agrees. What is good for the goose is good for the gander.

## Law and Analysis

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires that a party provide in its initial disclosures, among other information, "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e)(1)(A) requires a party to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

"As a general rule, '[a] supplemental disclosure under Rule 26(e)(1)(a) is timely if it is made as soon as possible' after the party learns of the deficiency." *Dykes v. Cleveland Nursing & Rehabilitation Center,* No. 4:15-CV-76-DMB-JMV, 2018 WL 3058870, at *4 (N.D. Miss. June 20, 2018) (quoting *Bruhn Farms Joint Venture v. Fireman's Fund Ins. Co.,* No. 13-cv-4106, 2017 WL 632105, at *4 (N.D. Iowa Feb. 13, 2017)). "A party learns of a deficiency when he 'should have been aware of' the need to disclose." *Dykes,* 2018 WL 3058870, at *4 (quoting 6 MOORE'S FEDERAL PRACTICE – Civil § 26.131[3] (2018)).

In opposition to the plaintiffs' motion to strike, the defendants argue primarily that the motion is procedurally improper under the court's Local Uniform Civil Rule 7(b)(2)(C), which states, "A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court, and time to effectuate the court's order before

the discovery deadline." The defendants are mistaken. A motion to strike an untimely disclosure, which is a motion to exclude evidence, is not a motion to compel or limit discovery that must be filed in advance of the discovery deadline under the referenced local rule. The plaintiffs' motion is not procedurally improper and the court will address it on its merits.

### A. Whether the defendants' disclosure was untimely.

The defendants' September 12, 2025 disclosure misspelled two individuals' names and provided no useful information regarding the subjects of any of the individuals' discoverable information. It was not until September 30, 2025 – four business days before the close of discovery – that the defendants corrected the misspellings, identified an additional individual, and provided all the information required by Rule 26(a)(1)(A)(i).

The defendants submit that they provided the supplemental disclosures as soon as possible after learning, during their first two depositions of the plaintiffs' witnesses in late August, of the need to locate and identify individuals with knowledge of the defendant Board of Supervisors' actions addressing the needs of the county's black citizens. However, as the plaintiffs point out in reply, they alleged in their complaint that the county's governing bodies have not been responsive to the needs of its black citizens, a well-recognized factor that may have probative value in actions claiming Section 2 violations. *See Thornburg v. Gingles*, 478 U.S. 30, 36-37, 106 S.Ct. 2752, 92 L.Ed.2d 25 (1986). In fact, as the plaintiffs point out, when denying the defendants' motion to dismiss the complaint on April 28, 2025, the court specifically noted the sufficiency of the plaintiffs' pleading as to this factor. ECF 97 at 12. Further, in their initial disclosures the plaintiffs identified individuals with knowledge regarding this factor. The defendants should have been aware -- long before the tail end of discovery -- of the need to disclose individuals with knowledge regarding this factor if the defendants intended to contest it.

Additionally, "parties are obliged to disclose witnesses in sufficient time to permit the witnesses' deposition to be complete before the discovery deadline." *Powell v. Worldwide Trucks, LLC*, No. 3:23-cv-2985-TSL-MTP, 2024 WL 4770428, at *4 (S.D. Miss. Nov. 13, 2024) (quoting *Jindal v. U.S. Dept. of Education*, No. 14-534-SDD-RLB, 2015 WL 2405950, at *2 (M.D. La. May 18, 2015)). The court finds that the defendants' disclosure of the subject witnesses was not properly made until September 30, 2025, by which time it was untimely.

### B. Whether the defendants' untimely disclosure should be stricken.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c). In evaluating whether a violation of Rule 26 is harmless, the court considers four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 729 (5th Cir. 2010).

As to the first factor, the importance of the subject witnesses' testimony appears uncertain. The defendants state they "may" call these witnesses to testify regarding the responsiveness of their elected officials to the needs of their respective communities and regarding other matters, and that "depending on how trial proceeds," their testimony "may be essential" to the claims and defenses in this case. Defendant's brief, ECF 353 at 8. Even if, as the defendants state is possible, their testimony ends up being essential, that would be no bar to exclusion. *See Geiserman v. MacDonald*, 893 F.2d 787, 793-95 (5th Cir. 1990) (affirming exclusion of plaintiff's untimely disclosed expert testimony and resulting summary judgment).

The prejudice to the plaintiffs that would be occasioned by allowing the testimony of the subject individuals is readily apparent. The plaintiffs were deprived of the opportunity to depose or conduct other meaningful discovery as to the individuals during discovery, and the defendants were not agreeable to the plaintiffs' offer to afford each side an opportunity to depose the other side's late-disclosed witnesses after the close of discovery. The court thereafter struck the plaintiffs' untimely disclosure, and it would be patently unfair to the plaintiffs for the court to treat the defendants' untimely disclosure any differently.

As to the possibility of curing such prejudice by granting a continuance, the court previously expedited the trial of this case and later denied a defense motion to stay the case or continue trial pending the United States Supreme Court's forthcoming decision in a case examining the constitutionality and interpretation of Section 2 of the Voting Rights Act. No continuance is available, and "a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Geiserman*, 893 F.2d at 792.

Finally, as to the defendants' explanation for their failure to make the subject disclosure in a timely manner, the court has already discussed herein above its dissatisfaction with the defendants' explanation for the timing of their disclosure. As to why they did not provide the subject matters of the individuals' discoverable information until September 30, 2025, the defendants state they waited until the plaintiffs objected to the insufficient September 12 disclosure before doing so. This explanation is lacking as well, as it wrongly suggests that a party has no duty to provide all the information required of Rule 26(a)(1)(A)(i) disclosures unless and until there is an objection to an insufficient disclosure.

Having considered the relevant factors, the court finds that the defendants' untimely disclosure of the subject eight individuals should be stricken.

**Conclusion**

For the above reasons, the Plaintiffs' Motion to Strike [ECF 341] is GRANTED, the defendants' disclosure of Dianne Bryant, Kelvin Hall, Al Bowen, Erma Johnson, Nelson Bridgeforth, Edison Robertson, Dwight Mosley, and Edward Merriweather is STRICKEN, those individuals are precluded from testifying at trial, and their names may not be included in the defendants' list of trial witnesses in the pretrial order.

**SO ORDERED**, this the 29th day of December, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE