# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| HAROLD HARRIS; PASTOR ROBERT TIPTON, JR.; DELTA SIGMA THETA SORORITY, INC.; and DESOTO COUNTY MS NAACP UNIT 5574 | **PLAINTIFFS** |
| VS. | CIVIL ACTION NO.: 3:24-CV-00289-GHD-RP |
| DESOTO COUNTY, MISSISSIPPI; DESOTO COUNTY BOARD OF SUPERVISORS; and DESOTO COUNTY ELECTION COMMISSION | **DEFENDANTS** |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' URGENT AND NECESSITOUS MOTION FOR RECONSIDERATION

On October 27, 2025, this Court denied Defendants' request for a stay in light of the U.S. Supreme Court's pending decision in *Louisiana v. Callais*, No. 24-109 (consolidated with *Robinson v. Callais*, No. 24-110) (collectively "*Callais*").[1] In denying that request, this Court relied heavily on the Fifth Circuit's refusal to stay a Section 2 voting rights case in *Nairne v. Landry*, CA5 No. 24-30115.[2] The Fifth Circuit has since reconsidered its refusal to issue a stay pending a decision in *Callais*, so this Court should too. Like in *Nairne*, a stay in this case is warranted until *Callais* is decided because the U.S. Supreme Court may offer definitive guidance on how this case should be resolved. It would be prejudicial to everyone involved to undergo extensive trial proceedings when the legal landscape could dramatically change.

To be clear, Defendants respect this Court's prior ruling, they do not make a habit of filing this type of motion, and they do not file this motion lightly. Still, Defendants are compelled to point out intervening and evolving changes that impact this case. This is especially so given the

---

[1] *See* Order Denying Def.'s Mot. to Stay [301].
[2] *Id.* at 2-3.

significant resources in terms of time, money, and effort that the parties and the Court will have to incur during the trial of Plaintiffs' Section 2 claim. This Court should grant Defendants' reconsideration motion, as authorized by Federal Rule of Civil Procedure 54(b).

## STANDARD

The prior ruling denying the request for a stay constitutes an interlocutory order under Federal Rule of Civil Procedure 54(b), which permits this Court "'to reconsider and reverse its decision for any reason it deems sufficient'" prior to final judgment. *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (quoted case omitted); *see also United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (quoting *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010)) (noting that under Rule 54(b), a court may grant a party's reconsideration motion "'for any reason it deems sufficient.'"). Unlike motions brought <u>after</u> final judgment under Rules 59 and 60, reconsideration motions regarding interlocutory orders may be granted "even in the absence of new evidence or an intervening change in or clarification of substantive law." *Saqui*, 595 F.3d at 210-11 (quoted case omitted). "[T]he power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders." *Jehl v. GGNSC Southaven*, 2024 WL 409382, at *3 (N.D. Miss. Feb. 2, 2024) (Davidson, J.) (quoted case omitted). Reconsideration is especially appropriate here since there is an intervening and relevant action by the Fifth Circuit.

## ARGUMENT AND AUTHORITIES

In the prior order denying Defendants' stay request, this Court found that only *Nairne* needed to be addressed "due to its persuasive nature" and the fact that the Fifth Circuit had denied

2

a stay request in that case.³ The Fifth Circuit, however, has since changed course in *Nairne*. On November 26, 2025—a month after this Court entered its order—the Fifth Circuit decided to stay rehearing proceedings in *Nairne* "pending the decision of the Supreme Court . . . in . . . *Callais*."⁴

*Nairne*, like this case, is about the merits of a Section 2 VRA case involving vote dilution claims. 151 F.4th 666, 684 (5th Cir. 2025). If the Fifth Circuit has deemed a stay appropriate in *Nairne*, a Section 2 case where the district court and a three-judge panel have already ruled,⁵ then certainly it is appropriate to stay a three-week trial before that trial takes place. This result is underscored by the fact that the Supreme Court's decision in *Callais* will apply beyond *Nairne* and to this case and to any other case involving Section 2 claims regardless of whether those claims involve the State of Louisiana.

Put simply, the entire landscape could change over how Section 2 VRA cases are litigated. Some observers have suggested that the Supreme Court "might eviscerate vote dilution claims under Section 2 of the Voting Rights Act altogether."⁶ Others predict a narrower ruling, specifically a tweak to the applicable legal framework.⁷ Regardless, whether *Callias* results in broad or narrow changes to the law underlying Section 2, it is in the interest of justice and judicial economy to let the Highest Court speak first, so the parties will better know how to present their case, and this Court will have the current rules of the road. *Cf. Elizondo v. Spring Branch Indep. Sch. Dist.*, 2025

---

³ [301] at 2.
⁴ *See* Order Granting Mot. for Abeyance in *Nairne*, Exhibit 1. Plaintiffs' counsel are undoubtedly aware of the Fifth Circuit's recent stay order in *Nairne*. To be sure, some of the same counsel of record for Plaintiffs in this case are counsel of record in *Nairne*. *Compare generally* Docket in *Harris v. DeSoto County, Miss.*, No. 3:29-cv-289-GHD-RP (S.D. Miss.) *with generally* Docket in *Nairne v. Landry*, No. 24-30115 (5th Cir.) *and* Ex. 1.
⁵ Ex. 1.
⁶ Edward Foley, *Redistricting cases head for rock bottom*, SCOTUSblog (Dec. 22, 2025), https://www.scotusblog.com/2025/12/redistricting-cases-head-for-rock-bottom/.
⁷ *Louisiana v. Callais and the Future of the Voting Rights Act* (Dec. 1, 2025), https://law.vanderbilt.edu/louisiana-v-callais-and-the-future-of-the-voting-rights-act/.

3

WL 2664245, at * (S.D. Tex. Sept. 17, 2025) (applying factors from *Nken v. Holder*, 556 U.S. 418, 433 (2009) in considering a request for a stay pending appeal, which imposes a heavier burden, and concluding that "[w]hile the harm that Plaintiff seeks to prevent—holding an election under an unlawful plan with discriminatory effects—is a serious harm, the prejudice Defendants will suffer from enforcement of the court's Final Judgment based on a standard that has a significant potential to change following the Supreme Court's decision in *Callais* outweighs the prejudice that the Plaintiff and other parties interested in this proceeding will suffer in the event of a stay") (cleaned up).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court reconsider its prior order denying their request for a stay and stay all proceedings in this case pending the U.S. Supreme Court's decision in *Callais*.

Dated: December 30, 2025.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: */s/ Sonya C. Dickson*
D. Michael Hurst, Jr., MB #99990
W. Thomas Siler, Jr., MS #6791
Nicholas F. Morisani, MB #104970
Nash E. Gilmore, MB #105554
Sonya C. Dickson, MB #106284
1905 Community Bank Way, Suite 200
Flowood, Mississippi 39232
Telephone: 601-352-2300
Telecopier: 601-360-9777
mike.hurst@phelps.com
nicholas.morisani@phelps.com
tommy.siler@phelps.com
nash.gilmore@phelps.com
sonya.dickson@phelps.com

*And*

Mark N. Halbert, MB #100048
Andrew W. Coffman, MB #106207
105 East Main Street, Suite 201
Tupelo, Mississippi 38804
Telephone: 662-842-7907
Telecopier: 662-842-3873
mark.halbert@phelps.com
andrew.coffman@phelps.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I certify that on December 30, 2025, I electronically filed this memorandum with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record in this action.

>／s/ *Sonya C. Dickson*
>Sonya C. Dickson