## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**HAROLD HARRIS; PASTOR ROBERT
TIPTON, JR.; DELTA SIGMA THETA
SORORITY, INC.; and DESOTO COUNTY
MS NAACP UNIT 5574**                                          **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO.: 3:24-CV-00289-GHD-RP**

**DESOTO COUNTY, MISSISSIPPI;
DESOTO COUNTY BOARD OF
SUPERVISORS; and DESOTO COUNTY
ELECTION COMMISSION**                                         **DEFENDANTS**

### DEFENDANTS' OBJECTIONS TO
### PLAINTIFFS' DEPOSITION DESIGNATIONS

Defendants DeSoto County, Mississippi, DeSoto County Board of Supervisors, and DeSoto County Election Commission (collectively "DeSoto County") object to Plaintiffs' deposition designations stating as follows:

Plaintiffs have identified deposition excerpts which are not admissible pursuant to Federal Rule of Civil Procedure 32. Plaintiffs have identified excerpts of DeSoto County employees Michael Lee (**Exhibit A**), Vanessa Lynchard (**Exhibit B**), Dale Thompson (**Exhibit C**), and Cory Uselton (**Exhibit D**). As Judge Aycock has previously ruled, these governmental employees are not officers or managing agents. As such, their depositions cannot be used to present their testimony. Likewise, Plaintiffs have identified excerpts from Christopher Watson deposition (**Exhibit E**), despite the fact that Watson lives and works in this District. Watson is certainly not an officer or managing agent of DeSoto County. Instead, Watson is merely an independent contractor hired by DeSoto County. As such, his deposition testimony is not admissible. Plaintiffs have also identified portions of one of Defendants' expert witnesses, Christopher Bonneau (**Exhibit F**). As courts in the Fifth Circuit have ruled, a party may not avoid the expense of calling

an expert witness by claiming that witness is unavailable, but must instead make substantial efforts to obtain the expert's attendance at trial. Here, Plaintiffs have made no such attempts.

Plaintiffs have also identified excerpts of DeSoto County elected officials Lee Caldwell (**Exhibit G**), Ray Denison (**Exhibit H**), Robert Foster[1] (**Exhibit I**), Mark Gardner (**Exhibit J**), and Jessie Medlin (**Exhibit K**). Finally, Plaintiffs have identified portions of the Rule 30(b)(6) depositions of the DeSoto County Election Commission (Sissie Ferguson) (**Exhibit L**), DeSoto County, Mississippi (Vanessa Lynchard) (**Exhibit M**), and DeSoto County, Mississippi (Justin Smith) (**Exhibit N**). In section IV below, DeSoto County sets out its line-by-line objections to certain questions in their depositions. Additionally, section IV also sets out line-by-line objections to the depositions Michael Lee, Vanessa Lynchard, Dale Thompson, Cory Uselton, Christopher Watson, and Christopher Bonneau.

## STANDARD OF REVIEW

The use of a deposition at trial is within the district court's discretion, and the decision of the district court will not be overturned except for an abuse of that discretion. *Bobb v. Modern Prods., Inc.*, 648 F.2d 1051, 1055 (5th Cir. 1981).

A deposition may not be introduced into the record at trial unless the witness is unavailable or exceptional circumstances justify its admission. *Jauch v. Corley*, 830 F.2d 47, 49-50 & n.1 (5th Cir. 1987); Fed. R. Civ. P. 32(a). A deposition may be used at trial if (1) the witness is dead; (2) the witness is more than 100 miles from the place of trial; (3) the witness is incapacitated by age, illness, infirmity, or imprisonment; (4) the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (5) exceptional circumstances exist. Fed. R. Civ. P.

---

[1] DeSoto County does not raise objection to any of the designations of Robert Foster's deposition testimony.

PD.60265691.1

32(a)(3). The burden rests upon the party offering the deposition to establish the unavailability of the witness. *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 552 (5th Cir. 1989).

Further, "Rule 32(a)(3) permits a deposition to be used 'for any purpose' if the Court finds the deponent 'was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).' *Powertrain, Inc. v. Ma*, 88 F. Supp. 3d 679, 691 (N.D. Miss. 2015) (quoting Fed. R. Civ. P. 32(a)(3)). The burden on proving a witness falls within the ambit of Rule 32 is on the party seeking to use the deposition and failure to meet that burden requires exclusion. *Flores v. Lowes Home Ctrs., L.L.C.*, No. EP-22-cv-296, 2023 U.S. Dist. LEXIS 116625, at *5 (W.D. Tex. July 7, 2023).

## ARGUMENT

### I. Employees of the Defendants Are Not Parties, Managing Agents, or Designees.

Federal Rule of Civil Procedure 32 governs the use of depositions in court proceedings. Relevant here, Rule 32(a)(3) allows an adverse party to use the deposition of a "party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 32(a)(3). This Rule does not make the testimony of every manager or employee of an entity admissible. Instead, the Rule is intended only to make admissible the type of testimony that constitutes a party admission and binds an entity.

As such, even high-level employees, like directors, are not "parties, agents,[2] or designees" merely by the fact that they offered testimony both as a Rule 30(b)(6) deponent and as an individual. *See Hlywiak v. Grand Casinos of Biloxi LLC*, No. 1:16-cv-352, 2018 U.S. Dist. LEXIS

---

[2] "Managing agent" within meaning of federal rules is person invested by corporation with general powers to exercise judgment and discretion and has interests of corporation so close to heart that he could be depended upon to carry out corporate employer's direction to give testimony at demand of party engaged in litigation with employer. *Krauss v. Erie R. Co.*, 16 F.R.D. 126 (S.D.N.Y. 1954).

PD.60265691.1

231977, at \*10-11 (S.D. Miss. Mar. 16, 2018); *see also Powertrain,* 88 F. Supp. 3d at 691 (affirming exclusion of employee deposition excerpts when employees were not designated as Rule 30(b)(6) witnesses). Courts in this district have applied that principle to find that even high level government employees are not parties, agents, or designees pursuant to Rule 32(a)(3). *See Jackson v. Lowndes County Sch. Dist.*, No. 1:08-cv-178, 2010 U.S. Dist. LEXIS 1414, at \*7-8 (N.D. Miss. Jan. 6, 2010) (finding school board member was party opponent, but school principal and former school employees were not). This is consistent with long held federal practice. *See Burns Bros. v. The B.&O. No. 177, etc.*, 21 F.R.D. 142, (E.D.N.Y. 1957) (corporate party may be deposed by taking deposition of an officer or agent whose statements would constitute an admission of the corporation, but cannot be taken by examining its directors, former officers, former managing agents, or subordinate employees).

Here, Plaintiffs have designated deposition excerpts for Michael Lee, the Director of the DeSoto County Agri-Education Center; Vanessa Lynchard,[3] the appointed County Administrator; Dale Thompson, DeSoto County Circuit Clerk; and Cory Uselton, the Superintendent of the DeSoto County Schools. Each of these individuals is an employee of DeSoto County, but none of them are the county, a county officer with the power to bind the county, nor the managing agent of the county. Certainly, there is no evidence in the record that any of these individuals can bind DeSoto County in this litigation.

Accordingly, this Court should find that these individuals do not fall within the bounds of Rule 32 and their deposition testimony must be excluded from this trial. *See Powertrain*, 88 F. Supp. 3d at 681 (finding that because Best Machinery was dismissed on default judgment earlier

---

[3] Lynchard was deposed both as an individual and as a Rule 30(b)(6) witness. This objection applies only to Lynchard's individual deposition and not her deposition as a designee. Section IV contains line objections to Lynchard's Rule 30(b)(6) designations.

in the proceeding, it was not a party to the action at the time of trial and that neither of Best Machinery's owners were designated under Rule 30(b)(6) to testify on behalf of Best Machinery in the case); *Howard v. Offshore Liftboats, LLC*, 2016 WL 232251, at *1 (E.D. La. Jan. 19, 2016) (permitting that current employees of the corporate defendants, who were specifically designated as the defendants' respective corporate representatives, to testify only to the extent they testified as corporate representatives in response to a Rule 30(b)(6) deposition notice); *Hlywiak*, 2018 WL 8805926, at *4 (finding that a witness's deposition taken in her individual capacity was simply that, and the fact that she also testified in her corporate capacity in a separate deposition did not convert her individual deposition into one taken as a "director" within the meaning of Rule 32(a)(3)); *Jackson*, 2010 U.S. Dist. LEXIS 1414, at *7-8.

## II. Chris Watson Is Neither Unavailable nor a Party, Agent, or Designee of Defendants

Plaintiffs' trial witness list includes Chris Watson. Watson is the owner of Bridge and Watson, an independent company. Ex. E at 31:3-32:7. Watson was engaged by DeSoto County to assist with its redistricting, as an independent contractor. Ex. E at 44:7-14; Ex. J at 66:22-67:4. Watson lives in Oxford, Mississippi. Ex. E at 9:15-17.

As set forth above, Rule 32(a)(3) only allows an adverse party to use the deposition of a party, its officers, managing agents, and designees. Watson falls into none of these categories. While independent contractors can, under some circumstances, be managing agents, courts have routinely rejected claims that independent contractors, including those who provide training, are the types of individuals contemplated by Rule 32(a)(3). *See Jackson v. Stevens Transp., Inc.*, No. 2015 U.S. Dist. LEXIS 5318, at *11 (N.D. Tex. Jan. 15, 2015).

That is especially important in the context of governmental parties. Under Mississippi law, "[a] county's Board of Supervisors acts and contracts on behalf of its county." *Williamson*

*Pounders Architects PC v. Tunica County Miss.*, 597 F.3d 292, 296 (5th Cir. 2010). Further, a

Board of Supervisors may only bind a County through its minutes. *Id*. As the Fifth Circuit has

held,

> Mississippi has stated its justifications for this rigidity: (1) the public is entitled to
> the board's exercising its judgment only after it examines a proposal and has an
> open discussion among its members; and (2) the board's decision should not be
> reflected in the uncertain recollection of individual witnesses but will be evidenced
> by a written entry in board minutes, viewable by the public.

*Id*. (citing *Lee County v. James*, 174 So. 76, 77 (Miss. 1937)); *see also Bridge & Hill v. Bd. of*

*Supervisors of Clay County*, 58 Miss. 817, 820 (Miss. 1881). That is, Mississippi and its political

subdivisions, like the County, have a strong public policy that only elected officials may bind the

government. The public has a right to have its elected officials make decisions on its behalf – as

opposed to being subject to the dictates of unelected governmental employees or, in this case, a

mere independent contractor. As such, Watson is not an officer, managing agent, or designee of

DeSoto County and his deposition excerpts are inadmissible.

### III.     Plaintiffs May Not Call a Retained Expert Witnesses By Deposition.

Plaintiffs have identified excerpts of Chris Bonneau's deposition testimony in the Proposed

Pre-Trial Order. Bonneau is a retained expert designated by Defendants. Ex. E at 20:1-22. On

September 22, 2025, Bonneau was deposed by Plaintiffs. Ex. F. That deposition was recorded by

stenographic means, but was not recorded. Ex. E at 2. In the governing Pre-Trial Order, Plaintiffs

have identified excerpts of Bonneau's deposition that they wish to read into the record.

"The use of a deposition at trial is within the district court's discretion, and the decision of

the district court will not be overturned except for an abuse of that discretion." *Delgado v. City of*

*El Campo*, 68 F.3d 471 [published in full at No. 95-20142, 1995 U.S. App. LEXIS 42213, at *8

(5th Cir. Sept. 20, 1995) (citing *Bobb v. Modern Products, Inc.*, 648 F.2d 1051, 1055 (5th Cir.

PD.60265691.1

1981)). "The burden rests upon the party offering the deposition to establish the unavailability of the witness." *Id.* (citing *Moore v. Miss. Valley State Univ.*, 871 F.2d 545, 552 (5th Cir. 1989)). Additionally, there is a "stringency with which this particular set of requirements is applied." *Swearingen v. Gillar Home Health Care, L.P.*, 759 F. App'x 322, 323-24 (5th Cir. 2019). "A 'deposition is an acceptable substitute for oral testimony when in-court observation of the witness is extremely difficult or virtually impossible.'" *Id.* (citing *Jauch v. Corley*, 830 F.2d 47, 50 (5th Cir. 1987)); *see also Swearingen*, 759 F. App'x at 324 ("The other specifically identified grounds for unavailability indicate the Rule does not take lightly the allowing of deposition testimony at trial.").

As set forth above, Plaintiffs have not established that Bonneau is unavailable. Plaintiffs have put forth no evidence that it has made any attempt to obtain Bonneau's attendance at trial. Plaintiffs have not requested that Defendants, who engaged Bonneau, bring him to trial in this matter. As such Plaintiffs cannot meet their burden of showing Bonneau is unavailable, making his deposition testimony inadmissible.

### IV. Line-by-Line Deposition Objections

#### A. <u>Chief Deputy Justin Smith</u>

**97:1-99:2 – FRE 403** – Waste of Time & Speculation - This portion of the testimony consists exclusively of counsel requesting the production of certain records and the witness testifying regarding his uncertainty of the records that can be reasonably produced.

#### B. <u>Chris Watson</u>

**91:16-24 – FRE 403 & 702** - - Question interferes with the Court's determination of the law by questioning a fact witness regarding his understanding (speculation) as to whether certain hypothetical events would lead to a Section 2 of the Voting Rights Act.

**113:18-21 – FRE 403** – Lack of Personal Knowledge & Waste of Time – Witness testifying he does not know if a third party, the DeSoto County Board of Supervisors publicized a specific date.

PD.60265691.1

**124:2-12** – **FRE 403** - Assumes Facts Not in Evidence & Confusing – The question asks references an exhibit that has not been previously admitted and is not entered during the portion of the deposition designated.

**141:25-142:14** – **FRE 403** - Assumes Facts Not in Evidence & Confusing – The question asks references an exhibit that has not been previously admitted and is not entered during the portion of the deposition designated.

**143:24-144:6** – **FRE 403** - Assumes Facts Not in Evidence & Confusing – The question asks references an exhibit that has not been previously admitted and is not entered during the portion of the deposition designated.

**144:12-17** – **FRE 403** - Assumes Facts Not in Evidence & Confusing – The question asks references an exhibit that has not been previously admitted and is not entered during the portion of the deposition designated.

**158:18-161:11** – **FRE 801 & 802** – Hearsay - Introduces a hearsay document (a report from one of Plaintiffs' experts) and requests the witness to testify regarding this inadmissible hearsay document.

**160:4-18** – **FRE 702** – Unsupported Expert Testimony & Speculation – Question asks the witness to offer a professional opinion regarding the "compactness" of a particular district on a map the witness has not seen before the question is asked and to which the witness' answer makes clear without a full analysis the question cannot be answered.

**161:3-11** – **FRE 403, 702, 801, & 802** - Introduces a hearsay document (a report from one of Plaintiffs' experts) and requests the witness to testify regarding this inadmissible hearsay document. Question asks the witness to offer a professional opinion regarding a particular district on a map the witness has not seen before the question is asked.

### C. Cory Uselton

**33:23-36:7** – **FRE 403** – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

**39:20-43:11 & 43:16-44:11** – **FRE 403** – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

**47:20-23** – **FRE 403** – Confusing – Question designated, but not the witness' answer.

**48:1-49:5** - **FRE 403** – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

**50:18-53:17** - **FRE 403** – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

**54:24-61:7** - **FRE 403** – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

PD.60265691.1

**62:24-65:11** - **FRE 403** – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

**65:21-66:6** - **FRE 403** – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

**67:25-68:17** - **FRE 403** – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

**74:20-75:18** - **FRE 403** – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

**85:2-16** - **FRE 403** – More Unfairly Prejudicial than Probative – Witness testifying that a complaint regarding racial disparity in school discipline was filed in or around 2016 – without any testimony or evidence regarding the credibility of that complaint or its resolution.

**89:22-90:20** - **FRE 403, 801, & 802** – Hearsay, Assumes Facts Not in Evidence, Confusing, More Unfairly Prejudicial than Probative – Witness testifying regarding a hearsay news article reporting on an alleged dispute regarding a social justice lesson plan created by the New York Times (reportedly including a racial slur) and used by a single teacher at Horn Lake Middle School.

**102:15-103:15** - **FRE 403** – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

**103:20-104:7** - **FRE 403** – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

**104:19-105:23** - **FRE 403** – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

**106:24-107:4** - **FRE 403** – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

**113:7-11** - **FRE 403, 801, & 802** – Speculation & Hearsay – Witness testifying he is not aware of any reason to not trust the hearsay statements included in the website (which has not been produced or entered into evidence) shown to the witness during his deposition.

### D.  Edith Dale Thompson

**7:15** – **FRE 403** – Confusing – Answer designated without the designation of the question.

**28:3-6** – **FRE 403** – More Unfairly Prejudicial Than Probative – Questioning witness regarding her training in assisting individuals who do not speak English – a fact that has no relevance to African-American voting opportunities in DeSoto County, Mississippi.

**79:21-80:11** – **FRE 403 & 702** – Unsupported Speculation Regarding an Expert Opinion – Asking a fact witness for their opinion about whether a hypothetical change in state law would increase voter participation.

PD.60265691.1

**80:12-15** – **FRE 403 & 702** – Unsupported Speculation Regarding an Expert Opinion; Waste of Time – Asking a fact witness for their opinion about whether more people voting in DeSoto County would be positive.

**80:22-24** – **FRE 403 & 702** – Unsupported Speculation Regarding an Expert Opinion – Asking a fact witness for their opinion about whether a hypothetical change in state law would increase voter participation.

**84:8-19** – **FRE 403** – Lack of Relevance & Waste of Time – Witness' opinion on voter fraud in DeSoto County, an issue not in dispute in this litigation.

### E. Jessie Medlin

**20:25-21:2** – **FRE 403** – Confusing – Witness provided a "(Nonverbal response)" to the question asked.

**63:10-23** – **FRE 403** – Waste of Time – Witness testimony regarding his lay understanding of the criteria to be used in redistricting.

### F. Lee Caldwell

**30:5-7** – **FRE 403** – Confusing - Question lacks context and is confusing because of that lack of context.

**47:8** – **FRE 403** – Confusing – Question designated, but not the answer.

**71:13-22** – **FRE 403** – Lack of Personal Knowledge, Speculation, Confusing – Witness testifying to her understanding of a third parties' email message.

**77:13-19** – **FRE 801 & 802** – Hearsay – Having witness read the out-of-court statement of a third party.

**91:13-14** – **FRE 403** – Confusing – Question designated, but not the answer.

**101:9-19** – **FRE 403** – Speculation – Witnesses opinion regarding why a particular demographic group might hold a political opinion.

**101:20-102:7** – **FRE 403** – Lack of Relevance/Waste of Time – Witness testifying to the "benefits" of having a female member of the DeSoto County Board of Supervisors.

**102:12-19** – **FRE 403** – Lack of Relevance/Waste of Time – Witness testifying to the "benefits" of having a female member of the DeSoto County Board of Supervisors.

### G. Mark Gardner

**32:8-11** – **FRE 403** – Confusing – Answer designated, but not the question.

**57:16-17** – **FRE 403** – Confusing – Question designated, but not the answer.

**99:20** – **FRE 403** – Confusing – Stray remark by witness designated without either a question or answer designated.

**102:1-6** – **FRE 403** – More unfairly prejudicial than probative, Speculation, & Confusing – Witness testifying regarding his understanding of a legal term of art with which he is not familiar.

**105:5-20** – **FRE 403, 801 & 802** – Confusing & Hearsay – Witness testifying regarding the contents of a document that is not introduced in the designation or identified in the designated testimony.

**139:1-6** – **FRE 403** – Speculation & Waste of Time – Witness testifying he is not aware of economic differences between the white and Black residents of DeSoto County.

**167:16-169:17** – **FRE 401 & 403** – Relevance & Waste of Time – Witness testifying regarding the administrative structure of the DeSoto County Convention and Visitors Bureau.

**204:17-206:1** – **FRE 401 & 403** – Relevance, Confusing, & More unfairly prejudicial than probative – Witness testifying to his understanding of a separate Voting Rights Act case to which he was not a party and his opinion regarding the decision in that case.

### H. Michael Lee

**10:1-9** – **FRE 403** – Speculation & Confusing – Witness testifying regarding his understanding of why Plaintiffs brought the lawsuit.

**11:17-20** – **FRE 403** – Confusing – Question designated, but not the full answer.

**100:5-25** – **FRE 403** – Waste of Time – Witness testifying about his lack of memory regarding his promotions at the DeSoto County Sheriff's office before his 2003 departure from that employment.

**101:14-19** – **FRE 403** – Waste of Time – Witness testifying about his lack of memory regarding his promotions at the DeSoto County Sheriff's office before his 2003 departure from that employment.

**102:6-10** – **FRE 403** – Waste of Time – Witness testifying about his promotions at the DeSoto County Sheriff's office before his 2003 departure from that employment.

**103:3-6** – **FRE 403** – Waste of Time – Witness testifying about his lack of memory regarding his promotions at the DeSoto County Sheriff's office before his 2003 departure from that employment.

**106:7-107:6** – **FRE 403** – Waste of Time – Witness testifying about his promotions at the DeSoto County Sheriff's office before his 2003 departure from that employment.

**108:5-8** – **FRE 403** – Waste of Time – Witness testifying about the lack of training he received regarding working with individuals of different races while employed by the DeSoto County Sheriff's Office from 1987 until 2003.

- 11 -

**127:9-21** – **FRE 403** – Waste of Time – Witness testifying regarding a former sheriff's endorsements in a 2023 sheriff election that witness lost.

**127:24-128:1** – **FRE 403** – Waste of Time – Witness testifying regarding a former sheriff's endorsements in a 2023 sheriff election that witness lost.

**128:10-21** – **FRE 403** – Waste of Time & Confusing – Witness being asked questions regarding his view (and the views of others) on the "constitutional role" of a sheriff.

**128:24-131:6**– **FRE 403** – Waste of Time & Confusing – Witness being asked about political controversies involving a driving under the influence charge (or lack thereof) brought against the son of an employee of the sheriff's department.

**131:20-**– **FRE 403, 801, & 802** – Waste of Time, Confusing, & Hearsay – Witness being asked about political controversies involving a driving under the influence charge (or lack thereof) brought against the son of an employee of the sheriff's department and further asked to comment on the meaning of an out-of-court statement made by a private individual purportedly to a reporter who then printed that supposed statement in a news article.

**228:4-14** – **FRE 403** – Confusing – Designation of a question and objection, but the question was ultimately withdrawn and never answered.

**229:22-23 & 230:1-2** – **FRE 403** – Confusing – Follow-up question that is nothing more than attorney testimony after the witness answered that he did not know the answer to the original question.

## I. Ray Denison

**81:15-82:16** – **FRE 403** – Confusing – Designated portion of the transcript involves cross-talk, the re-asking of a modified question repeatedly and no clear answer to the question regarding the witness' fears, if any, that running for public office might hurt the finances of his business.

**125:22-126:2** – **FRE 403** – Speculation – Witness asked to testify regarding by what a third party meant by her statement at a Board of Supervisors meeting.

**153:9-156:7** – **FRE 403, 801 & 802** – Confusing & Hearsay – Witness testifying regarding the contents of a document that is not introduced in the designation or identified in the designated testimony

**194:23-195:12** – **FRE 403** – Speculation, Waste of Time, & Confusing – Witness asked to testify regarding specific demographic information with which he was not familiar and could not provide answers.

**196:21-24** – **FRE 403** – Speculation, Waste of Time, & Confusing – Witness asked to testify regarding specific demographic information with which he was not familiar and could not provide answers.

- 12 -

**209:11-20** – **FRE 403** – Speculation, Waste of Time, & Confusing – Witness asked to testify regarding information which does not possess.

**223:12-15** – **FRE 403** – Confusing – Answer designated, but not the question.

**230:8-231** – **FRE 403** – Confusing – Designation of cross-talk and objections without a clear question and answer, despite the fact that a clear question and answer are designated immediately following this confusing portion of the deposition.

**232:11-234:18** – **FRE 401 & 403** – Relevance, Confusing, & More unfairly prejudicial than probative – Witness testifying to his understanding of a separate Voting Rights Act case to which he was not a party and his opinion regarding the decision in that case.

### J. DeSoto County Election Commission (Sissie Ferguson as designee)

**150:24-151:17** – **FRE 401 & 403** – Relevance & Confusing - Questioning the witness about the considerations for redistricting despite the witness repeatedly testifying that the Election Commission does not have a role in redistricting.

**219:1-24** – **FRE 403, 801 & 802** – Confusing & Hearsay – Witness testifying regarding the contents of a document that is not introduced in the designation or identified in the designated testimony.

**224:19-226:5** - **FRE 403, 801, & 802** – Confusing & Hearsay – Witness being asked to testify regarding whether a third-party email correctly states the law.

**234:22-235:7** – **FRE 403, 801 & 802** – Confusing & Hearsay – Witness testifying regarding the contents of a document that is not introduced in the designation or identified in the designated testimony.

**236:7-237:10** – **FRE 801 & 802** – Hearsay – Offering the out-of-court statement of a third party, the former Chairman of the DeSoto County Republican Party for the truth of the matter asserted and then asking the witness to comment on the third party's statement.

**237:25-238:22** – **FRE 801 & 802** – Hearsay – Offering the out-of-court statement of a third party, the former Chairman of the DeSoto County Republican Party for the truth of the matter asserted and then asking the witness to comment on the third party's statement.

**279:14-287:3** – **FRE 403, 801, & 802** – Speculation, Lack of Personal Knowledge, and Hearsay – Asking the witness to testify regarding semiotics – the meaning of a symbol on a third-party's t-shirt and to testify regarding what other third parties might reasonably believe regarding the third party's t-shirts symbol, with each question premised on an out-of-court statement as reported by a news website.

**289:22-290:6** – **FRE 403** – Harassing & Waste of Time – Witness being asked a harassing question regarding lynchings in DeSoto County and the attorney asking the question agreed to withdraw it during the deposition.

PD.60265691.1

**K. DeSoto County, Mississippi (Vanessa Lynchard as designee)**

**54:10-13** – **FRE 403** – Confusing – Designation of a question, but not the answer to the question.

**58:5-7** – **FRE 403** – Confusing – Designation of a portion of a question, and an interruption by the witness.

**68:15-71:14** – **FRE 403** – Confusing – Designation of a question, but only a portion of the answer.

**71:15-72:10** – **FRE 403** – Confusing – Designation of a question, but only a portion of the answer.

**77:9-78:8** – **FRE 403** – Confusing – Designation of a question, but only a portion of the answer.

**81:13-83:6** – **FRE 403** – Confusing – Designation of a question, but only a portion of the answer.

**83:7-84:9** – **FRE 403** – Confusing – Designation of a question, but only a portion of the answer.

**86:13-87:2** – **FRE 403** – Confusing – Designation of a question, but only a portion of the answer.

**90:24-91:4** – **FRE 403** – Confusing – Designation of a question, but only a portion of the answer.

**91:24-92:23** – **FRE 403** – Confusing – Designation of a question, but only a portion of the answer.

**95:4-10** – **FRE 403** – Confusing – Designation of a question, but only a portion of the answer.

**133:21-25** – **FRE 403** – Confusing – Designation of a question that was not answered.

**168:19-169:15** – **FRE 403** – Confusing – Designation of a question, but only a portion of the answer.

**185:3-17** – **FRE 403** – Confusing – Attorney statement and not evidence.

Vanessa Lynchard (individually)

**28:24-29:9** - **FRE 403** – Confusing – Attorney statement and not evidence.

**37:12-38:20** – **FRE 403, 801 & 802** – Confusing & Hearsay – Witness testifying regarding the contents of a document that is not introduced in the designation or identified in the designated testimony.

**79:6-80:9** – **FRE 403, 801 & 802** – Confusing & Hearsay – Witness testifying regarding the contents of a document that is not introduced in the designation or identified in the designated testimony.

**134:11-135:17** – **FRE 403, 801 & 802** – Confusing & Hearsay – Witness testifying regarding the contents of a document that is not introduced in the designation or identified in the designated testimony.

- 14 -

**136:6-15** – **FRE 403, 801, & 802** – Speculation, Lack of Personal Knowledge, and Hearsay – Asking the witness to testify regarding an out-of-court statement in a document that is not identified or introduced in the designated testimony and asking the witness to speculate on what third parties meant by their statements.

**140:17-141:25** – **FRE 403, 801, & 802** – Speculation, Lack of Personal Knowledge, and Hearsay – Asking the witness to testify regarding an out-of-court statement in a document that is not identified or introduced in the designated testimony and asking the witness to speculate on what third parties meant by their statements.

**143:21-144:25** – **FRE 403, 801, & 802** – Speculation, Lack of Personal Knowledge, and Hearsay – Asking the witness to testify regarding an out-of-court statement in a document that is not identified or introduced in the designated testimony and asking the witness to speculate on what third parties meant by their statements.

**178:3-8** – **FRE 403** – Confusing & Lack of Personal Knowledge – Attorney testifying to facts not in evidence despite the witness repeatedly stating she is not aware of those facts.

**180:18-181:4** – **FRE 403, 801 & 802** – Confusing, Lack of Personal Knowledge, Speculation, & Hearsay – Witness testifying regarding her understanding of the meaning of a third party's out-of-court statement.

**192:17-193:3** – **FRE 403, 801 & 802** – Confusing, Lack of Personal Knowledge, Speculation, & Hearsay – Witness testifying regarding her understanding of the meaning of a third party's out-of-court statement.

**222:12-223:2** – **FRE 403, 801 & 802** – Confusing, Lack of Personal Knowledge, Speculation, & Hearsay – Witness testifying regarding her understanding of the meaning of a third party's out-of-court statement.

**CONCLUSION**

Based on the authority and argument above, the Court should prohibit Plaintiffs from calling Michael Lee, Vanessa Lynchard, Dale Thompson, Cory Uselton, Christopher Watson, and Christopher Bonneau by deposition or, in the alternative should exclude the portions of the depositions identified in Section IV. Additionally, this Court should exclude the portions of depositions of Justin Smith, Jessie Medlin, Lee Caldwell, Mark Gardner, Michael Lee, Ray Denison, the DeSoto County Election Commission, and DeSoto County, Mississippi.

- 15 -

Dated: January 12, 2025.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: */s/ Andrew W. Coffman*
      D. Michael Hurst, Jr., MB #99990
      W. Thomas Siler, Jr., MS #6791
      Nicholas F. Morisani, MB #104970
      Nash E. Gilmore, MB #105554
      Sonya C. Dickson, MB #106284
      1905 Community Bank Way, Suite 200
      Flowood, Mississippi 39232
      Telephone: 601-352-2300
      Telecopier: 601-360-9777
      mike.hurst@phelps.com
      nicholas.morisani@phelps.com
      tommy.siler@phelps.com
      nash.gilmore@phelps.com
      sonya.dickson@phelps.com

      *And*

      Mark N. Halbert, MB #100048
      Andrew W. Coffman, MB #106207
      105 East Main Street, Suite 201
      Tupelo, Mississippi 38804
      Telephone: 662-842-7907
      Telecopier: 662-842-3873
      mark.halbert@phelps.com
      andrew.coffman@phelps.com

      **ATTORNEYS FOR DEFENDANTS**

PD.60265691.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 12, 2025, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record in this action.

*/s/ Andrew W. Coffman*
Andrew W. Coffman

PD.60265691.1