IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HAROLD HARRIS, PASTOR ROBERT
TIPTON, JR., DELTA SIGMA THETA
SORORITY, INC., and DESOTO
COUNTY MS NAACP UNIT 5574,

    *Plaintiffs*,

v.

DESOTO COUNTY, MISSISSIPPI;
DESOTO COUNTY BOARD OF
SUPERVISORS; and DESOTO COUNTY
ELECTION COMMISSION,

    *Defendants*.

No. 3:24-cv-00289-GHD-RP

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO OBJECTIONS TO ORDER OF
MAGISTRATE JUDGE GRANTING MOTION TO STRIKE WITNESSES**

As Judge Percy found, Defendants have known (or should have known) since the beginning of this case that DeSoto County's non-responsiveness to Black constituents was relevant to Plaintiffs' Section 2 claim. ECF No. 366 at 4; *see also* ECF No. 1 ¶¶ 23–26, 206–221 (complaint alleging non-responsiveness); ECF No. 97 at 12 (motion to dismiss opinion holding "Plaintiffs sufficiently allege examples of DeSoto County's lack of responsiveness to its black community's concerns"). Nevertheless, as Judge Percy explained, Defendants waited until the "tail end" of discovery to disclose any witnesses with purported knowledge on that topic. ECF No. 366 at 4. On September 30, 2025, with only four business days left in discovery and seven depositions already scheduled during that time, Defendants amended their initial disclosures to add eleven witnesses, depriving Plaintiffs of the opportunity to conduct meaningful discovery. Judge Percy appropriately struck eight of Defendants' late-disclosed witnesses. ECF No. 366 at 7.

1

The Court should deny Defendants' Objections (ECF No. 373) to Judge Percy's Order (ECF No. 366). Judge Percy correctly found that Defendants did not properly disclose their eleven witnesses until September 30, 2025, just four business days before the close of discovery in the case. Defendants' objections elide that factual finding, instead repeatedly asserting that the witness disclosures occurred on September 12, 2025 (which would have been belated in any event). But to prevail in their objections, Defendants cannot simply wish away Judge Percy's factual finding. They must clear the "high bar" of establishing that this factual finding is "clearly erroneous." *Sensory Path, Inc. v. Fit & Fun Playscapes LLC*, Civ. No. 3:19-cv-219-GHD-RP, 2022 WL 2721057, at *2 (N.D. Miss, June 1, 2022). Defendants cannot meet their heavy burden.

Nor do Defendants' other arguments justify their objections to Judge Percy's decision. Defendants complain about Plaintiffs' disclosures, relying on arguments and evidence that they never presented to Judge Percy. But, in reviewing Judge Percy's decision, "the district court is not permitted to receive further evidence." *Moore v. Ford Motor Co.*, 755 F.3d 802, 808 n.15 (5th Cir. 2014) (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). And Defendants' contention that Plaintiffs' motion was untimely flies squarely in the face of their own briefing (with which Judge Percy agreed) when Defendants successfully moved to strike some of Plaintiffs' witnesses.[1]

None of Defendants' arguments come close to clearing the high bar necessary to successfully object to Judge Percy's decision. This Court should deny their objections.

---

[1] While it is not legally relevant to the instant motion, it is worth stating clearly that Plaintiffs' motion to strike is not retaliatory. *Contra* ECF No. 374 at 4. Plaintiffs intended to file a motion to strike or to take depositions out of time prior to seeing Defendants' motion to strike (something Plaintiffs' counsel has conveyed to Defendants' counsel). Plaintiffs sought to resolve the two motions without the Court's intervention by allowing each side to take limited depositions out of time. That effort failed, of course, but is no reason to conclude that the present motion is retaliatory.

**STATEMENT OF FACTS**

Plaintiffs filed their complaint in this case on September 12, 2024, alleging a violation of Section 2 of the Voting Rights Act. ECF No. 1. In their complaint, Plaintiffs explained that DeSoto County has been non-responsive to the needs and concerns of its Black citizens. *See, e.g.*, *id.* ¶¶ 23–26, 206–221. After a brief stay, discovery began in the case in early 2025. *See* ECF No. 60. On February 12, 2025, Plaintiffs included in their Rule 26(a)(1) initial disclosures information about several individuals who might have information regarding "the County's responsiveness (or lack thereof) to Black residents." ECF No. 357-1 at 6–9. Subsequently, this Court, in its opinion denying in part Defendants' motion to dismiss, explained that one of the Senate Factors relevant to a Section 2 claim is "whether there is a significant lack of responsiveness on the part of elected officials to the particularized needs of members of the minority group" and held that Plaintiffs had sufficiently pled non-responsiveness. ECF No. 97 at 12 (citation omitted).

The initial discovery deadline in this case was September 26, 2025, *see* ECF No. 67, but was extended to October 6, 2025, ECF No. 366 at 1; ECF No. 178. For nearly seven months of discovery following entry of the Court's scheduling order in this case, ECF No. 67, Defendants disclosed only eleven individuals with relevant knowledge, all of whom were public officials of DeSoto County. Then, just before the close of discovery, Defendants served their Second Supplemental Initial Disclosures on September 12, 2025, in which they attempted to include the names of ten additional defense witnesses. *See* ECF No. 341-2. As to nine of those new witnesses, the document they served stated only that the individuals, "May have knowledge related to the allegations in the Complaint." *Id.* As to the tenth, the document provided no description of any subject matter known to the person. ECF No. 366 at 1–2 (citing 341-2).

Three of those individuals named by Defendants on September 12, Sheriff Thomas Tuggle,

3

Representative Rodney Hall, and Alderman Andrew Miller, are public officials who were known to Plaintiffs; their names and actions had come up repeatedly in discovery. Despite the deficiency of Defendants' disclosures, Plaintiffs knew enough about them to notice depositions of Sheriff Tuggle and Representative Hall, and to decide not to depose Alderman Miller. Plaintiffs had no information concerning the knowledge of the other seven individuals who are not public officials and had no basis on which to decide whether their depositions were necessary.

Four business days before the discovery deadline, on September 30, 2025, Defendants served Defendants' Third Supplemental Initial Disclosures, ECF No. 341-1, in which they identified eleven individuals (thus adding a completely new witness to those purportedly disclosed on September 12). ECF No. 366 at 2. This document was the first setting forth the subject matter of the information known to all eleven. ECF No. 366 at 2 (citing Defendants' Third Supplemental Initial Disclosures, ECF 341-1).

At the time Defendants properly disclosed these eleven individuals on September 30, there were seven depositions scheduled for the remaining four days of the discovery period, with at least one deposition taking place on each of those days.[2] (There were nineteen depositions scheduled in the seventeen business days between September 12 and the close of discovery on October 6, *see* ECF Nos. 163, 174, 185, 186, 196, 190, 197, 209, 211, 212, 213, 218, 220, 228, 251.) Defendants' belated disclosures thus did not afford Plaintiffs the opportunity to determine whether depositions of the eight newly-disclosed witnesses who were not public officials would be necessary, as Fed. R. Civ. Pro. 26(a)(1)(A)(i) requires, much less to prepare for and take their depositions or seek discovery from them.[3]

---

[2] One of those depositions was subsequently withdrawn by Defendants. *See* ECF No. 263.
[3] Plaintiffs' motion, and the instant objection, are focused on the eight individuals who were not identified as required by Rule 26(a)(1)(A)(i) until September 30: Dianne Bryant, Kelvin Hall, Al Bowen, Erma Johnson, Nelson Bridgeforth, Edison Robertson, Dwight Mosley, and Edward Merriweather.

4

**LEGAL STANDARD**

Pursuant to its statutory authority, the Court has designated United States Magistrate Judges to hear and determine "pretrial matter[s] not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); L.U. Civ. R. 72(d). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore* 755 F.3d at 806 (quoting Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (non-dispositive order of a magistrate judge may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ("No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines . . . that the magistrate judge's ruling is clearly erroneous or contrary to law.")

The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Pursuant to Fed. R. Civ. P. 72(a), moreover, the district court "is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact." *Moore,* 755 F.3d at 808 n.15 (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).

**ARGUMENT**

Defendants object to virtually every aspect of Judge Percy's order. There are two through-lines to these objections. One through-line to these objections is Defendants' insistence that the magistrate judge struck Defendant's tardily-disclosed witnesses for no reason other than that "what's good for the goose is good for the gander" reasoning. ECF No. 374 at 1, 5, 6, 15. But even a superficial reading of the magistrate judge's order demonstrates that Defendants have no basis

for this claim. The magistrate judge did not invoke "What is good for the goose is good for the gander," ECF No. 366 at 3, as a maxim determining the outcome of the motion. Rather, he carefully reviewed the facts before making findings, and then applied the controlling law, step-by-step, to his findings. He mentioned the proverbial goose and gander only to say that Defendants should not be surprised by the court's even-handed application of principles and precedents that Defendants themselves had advocated in their own motion to strike. *Id*. at 2–3. Rhetorical flourish does not render Judge Percy's decision contrary to law.

## I.  PLAINTIFFS' MOTION TO STRIKE WAS TIMELY

Judge Percy did not err in concluding that Plaintiffs' motion was timely. Defendants invoke L.U. Civ. 7(b)(2)(C) to insist that Judge Percy erred in even considering Plaintiffs' motion. That rule provides that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." L.U. Civ. 7(b)(2)(C). But as Judge Percy explained, the motion at issue here was a motion to exclude evidence, not a motion to compel or limit discovery subject to the Local Civil Rule. ECF No. 366 at 4. That holding is correct: motions to strike are not discovery motions.[4] *Davenport v. Hansaworld USA, Inc.*, No. 2:12-cv-233–KS–MTP, 2015 WL 3885425, at *2–6 (S.D. Miss. June 24, 2015); *Gerald v. Univ. of S. Miss.*, No. 2:12-cv-147–KS–MTP, 2013 WL 5592454, at *2–3 (S.D. Miss. Oct. 10, 2013). Indeed, Defendants, in support of their own motion to strike Plaintiffs' witnesses, wrote that "motion[s] to strike as untimely witnesses . . . are not 'discovery motions.'" ECF No. 333 at 2. Judge Percy agreed with them, explaining that "[a] motion to strike an untimely disclosure . . . is a motion to exclude evidence,"

---

[4] Here, Plaintiffs filed their motion on the day on which motions in *limine* were due, *see* ECF No. 67, and well in advance of the deadline for motions to strike undisclosed witnesses, which the Court set at the final pre-trial conference, *see* ECF No. 355.

6

not a discovery motion. ECF No. 345 at 2 n.2. Judge Percy's application of this rule (which Defendants themselves invoked) does not become contrary to law simply because it cuts against Defendants here.

Defendants rely on an inapposite case, *Brown v. Old Dominion Freight Line, Inc.*, No. 3:19-CV-456-KHJ-FKB, 2021 WL 3362042 (S.D. Miss. July 6, 2021), to challenge Judge Percy's decision. In *Brown*, the plaintiff moved, after responding to the defendants' motion for summary judgment, to strike a witness declaration filed in support of the summary judgment motion. *Id.* at *4. At the same time, the plaintiff moved to compel one of the defendants to provide Rule 30(b)(6) deposition testimony about topics that its designated 30(b)(6) witness had been unable to cover. *Id.* The court denied the motion to strike without reference to L.U. Civ. Rule 7(b)(2)(C); rather, it denied the motion to strike pursuant to Fed. R. Civ. Pro. 12(f) because it was filed after the response to the motion for summary judgment. *Id.* The court invoked L.U. Civ. Rule 7(b)(2)(C) only in its separate denial of the motion to compel additional 30(b)(6) testimony, because the plaintiff should have moved for that relief by the deadline set by the court for the filing of discovery motions. *Id.* Defendants' characterization of *Brown* as a case holding that L.U. Civ. Rule 7(b)(2)(C) applies to motions to strike is thus incorrect. Indeed, Defendants point to no case that applies the Local Rule to such motions.

Magistrate Judge Percy correctly concluded that Plaintiffs' motion to strike was timely.

## II. JUDGE PERCY DID NOT ERR IN EXCLUDING DEFENDANTS' EIGHT WITNESSES

### A. The Magistrate Judge Properly Concluded that Defendants' Disclosure Was Untimely.

Defendants' objections are predicated on the erroneous notion that they made their

7

disclosures on September 12. Indeed, Defendants' motion paper asserts "[t]he Order strikes eight individuals initially disclosed by Defendants on September 12, 2025" and makes no mention of Defendants' September 30 disclosures. ECF No. 373. And their brief repeatedly asserts that the disclosures were made on September 12. *See* ECF No. 374 at 2, 3, 4, 8, 10, 11, 12, 14, 15. In essence, Defendants wish away Judge Percy's factual finding that "the defendants' disclosure of the subject witnesses was not properly made until September 30, 2025." ECF No. 366 at 5.

But Defendants offer no actual basis on which this Court could conclude that the magistrate judge clearly erred in that finding, which is plainly supported by the record before Judge Percy. The factual record is clear: the document served on September 12 disclosure stated only that nine of the named individuals "May have knowledge related to the allegations in the Complaint," ECF No. 341-2, and provided no description of any subject matter known to the tenth person, *id.* Moreover, it misspelled the names of two of the witnesses. ECF No. 366 at 2. Judge Percy's factual finding is not clearly erroneous. Case law in this district holds that a disclosure is deficient if it states only that a potential witness has "knowledge regarding [the plaintiff's] claims and [the defendant's] defenses." *Garth v. RAC Acceptance E., LLC*, No. 1:19-cv-192-DMB-RP, 2021 WL 4432829, at *4 (N.D. Miss. Sept. 27, 2021); *see also Hammonds v. Jackson*, No. 1:13-CV-711-MHS-WEJ, 2015 WL 12867065, at *2 (N.D. Ga. Mar. 16, 2015) (holding that disclosure that potential witnesses "have knowledge of the facts and allegations in the . . . Complaint" was "plainly deficient"); *Klayman v. Barmak,* No. 08-1005 (JDB), 2009 WL 10695670, at *1 (D.D.C. Oct. 28, 2009) (holding that disclosure that potential witness "knows of the wrongful acts of defendants as alleged in the complaint" is deficient).

The magistrate judge further found that "[i]t was not until September 30, 2025—four business days before the close of discovery—that the defendants corrected the misspellings,

8

identified an additional individual, and provided all the information required by Rule 26(a)(1)(A)(i)." ECF No. 366 at 4. This conclusion, too, is clearly supported by the record. *See* ECF No. 341-2.

Finally, given his finding that Defendants did not disclose the eight witnesses at issue in a manner that satisfied Rule 26(a)(1)(A)(i) until September 30, the magistrate judge noted that "parties are obliged to disclose witnesses in sufficient time to permit the witnesses' deposition to be complete before the discovery deadline." ECF No. 366 at 5 (quoting *Powell v. Worldwide Trucks, LLC*, No. 3:23-cv-2985-TSL-MTP, 2024 WL 4770428, at *4 (S.D. Miss. Nov. 13, 2024) and *Jindal v. U.S. Dept. of Education*, No. 14-534-SDD-RLB, 2015 WL 2405950, at *2 (M.D. La. May 18, 2015)). It was not clearly erroneous for the magistrate judge to conclude that, with four business days remaining before the discovery cutoff, Defendants' disclosure of their eight witnesses was untimely. ECF No. 366 at 4. Courts strike disclosures made much longer before the discovery cutoff if they come too late for the opposing party to act on them. *See, e.g.*, *White v. State Bd. of Election Comm'rs*, No. 4:22-cv-62-SA-JMV, 2023 WL 2957819, at *2–6 (N.D. Miss. Apr. 14, 2023) (granting motion to strike because disclosures were untimely: disclosures made more than a month before the discovery deadline); *Billiot v. Bankers Specialty Ins. Co.*, No. 22-2331, 2023 WL 1971349, at *3 (E.D. La. Jan. 11, 2023) (granting motion to strike: disclosures made twenty-six days before the discovery deadline).

Defendants' attempts to explain away their late disclosures miss the mark. First, they note that Plaintiffs *could have* noticed depositions upon receipt of the September 12 document. *See* ECF No. 374 at 11. But the point of a disclosure is to "provide enough information [to] allow the opposing party to help focus the discovery that is needed and to determine *whether a deposition . . . might be necessary*." *Lipari v. U.S. Bancorp, N.A.*, No. 07–2146–CM–DJW, 2008

9

WL 2874373, at *2 (D. Kan. July 22, 2008) (emphasis added). Here, the September 12 document offered no information to allow Plaintiffs to make that assessment.

For this reason, Defendants cannot excuse their omissions by noting that Plaintiffs did in fact notice depositions of Sheriff Tuggle and Representative Hall. *See* ECF No. 374 at 11 n.3. Both Sheriff Tuggle and Representative Hall had come up repeatedly earlier in discovery and in Defendants' filings. *See, e.g.*, ECF No. 318-42 at 5 (Defendants' expert report); ECF No. 37 at 11 (Defendants' motion to dismiss). This knowledge provided Plaintiffs with information to determine that depositions were worthwhile—despite Defendants' failure to provide sufficient disclosures. That does not excuse Defendants' failure to make adequate disclosures of the potential testimony of their other previously undisclosed witnesses.

Defendants also continue to insist that they provided their supplemental disclosures as soon as possible after learning in late August 2025 that they needed to identify witnesses with knowledge of the Board of Supervisors' purported responsiveness to the county's Black citizens. ECF No. 374 at 2, 8. But Defendants' claim that they worked "swiftly . . . to locate, identify, and speak with," *id.* at 8, all their new witnesses after they deposed two of Plaintiffs' witnesses provides no excuse for their late disclosures.

As an initial matter, there is no reason why Defendants had to wait until late August to depose any of Plaintiffs' disclosed individuals; as already noted, the witnesses Defendants deposed at the end of August 2025 had been identified by Plaintiffs in February 2025. Moreover, this Court denied in large part the Defendants' motion to dismiss in April 2025, holding (among other things) that Plaintiffs had sufficiently pleaded the Board of Supervisors' failures to attend to the needs of their Black constituents. No error, much less clear error, can be assigned to the magistrate judge's finding that Defendants "should have been aware—long before the tail end of discovery—of the need to disclose individuals with knowledge regarding [governmental unresponsiveness] if the

defendants intended to contest it." ECF No. 366 at 4.

Nor did Judge Percy clearly err or act contrary to law in rejecting Defendants' efforts to shift the blame onto Plaintiffs. Defendants argue—as they did before Judge Percy—that they should be absolved of consequences of their insufficient disclosures because it took *Plaintiffs* too long to point out the insufficiency of Defendants' disclosures (notwithstanding that Plaintiffs did so within two weeks of the service of the September 12 document). *See* ECF No. 374 at 3. As Judge Percy explained, this argument "wrongly suggests that a party has no duty to provide all the information required of Rule 26(a)(1)(A)(i) disclosures unless and until there is an objection to an insufficient disclosure." ECF No. 366 at 6. It was not contrary to law for Judge Percy to hold that Rule 26 does not impose upon Plaintiffs the burden of ensuring that *Defendants* comply with their discovery obligations.

Finally, Defendants improperly seek to make hay of the fact that Plaintiffs disclosed two witnesses on September 30. *See* ECF No. 374 at 3. Defendants never raised this argument before Judge Percy, *see* ECF Nos. 352, 353, and did not include Plaintiffs' September 30 disclosures as evidence before Judge Percy, *compare* ECF No. 352 *with* ECF No. 373. This Court's review of Judge Percy's decision is limited to the evidence before Judge Percy, and it may not receive new evidence. *Moore*, 755 F.3d 808 n.15. And, of course, nothing precluded Defendants from filing a motion to strike Plaintiffs' witnesses disclosed on September 30 if Defendants had seen any grounds for doing so (they did, in fact, move to strike two other witnesses and did not include the witnesses disclosed on September 30 in that motion, *see* ECF No. 293). Defendants, however, failed to do so, and the deadline for such a motion has passed. The Defendants' decision not to file a motion of their own does not provide grounds for a collateral attack on Judge Percy's decision

11

resolving the matters that were properly before him.[5]

### B. The Magistrate Judge Properly Concluded that Defendants' Witnesses Should be Excluded.

Judge Percy did not err in concluding that the untimely-disclosed witnesses should be excluded pursuant to Fed. R. Civ. P. 37(c) because Defendants' failure was neither substantially justified nor harmless. Judge Percy correctly weighed the four factors mandated by the Fifth Circuit: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 729 (5th Cir. 2010) (citation omitted). As this Court explained in denying Plaintiffs' objections to a motion to strike, the party seeking to disturb a Rule 37 analysis "must show the Order's analysis was 'clearly erroneous,' and it is indeed a 'high bar' for the objecting party." ECF No. 360 at 3 (quoting *Sensory Path Inc. v. Fit & Fun Playscapes, LLC,* Civ. No. 3:19-cv-219-GHD-RP, 2022 WL 2721057, at *2 (N.D. Miss. June 1, 2022). Defendants cannot clear that high bar here.

Judge Percy's analysis of each factor was plainly supported by the record, and his overall assessment was not clearly erroneous. As to the first factor, Judge Percy noted Defendants' statement that they "may" call these witnesses to testify regarding the responsiveness of their elected officials to the needs of their respective communities and regarding other matters, and concluded that "the importance of the subject witnesses' testimony appears uncertain." ECF No.

---

[5] It is worth noting, in this context, however, a couple of important distinctions between the Parties' September 30 disclosures: Defendants' September 30 disclosures included eleven individuals, doubling the number of individuals they disclosed during the entire discovery period. These individuals were disclosed as purportedly having a wide range of knowledge. *See* ECF No. 341-2. Plaintiffs, by contrast, had disclosed individuals throughout the discovery period, and disclosed only two new individuals on September 30. *See* ECF No. 341-1. Both were offered for limited purposes, which no doubt explains why Defendants made no effort to object to them until after Judge Percy struck Defendants' late-disclosed witnesses.

366 at 5. That conclusion is supported by the fact that none of these witnesses is listed by Defendants as "will call." *See* ECF No. 357-2. Judge Percy accounted for Defendants' belated assertion that these witnesses' testimony "may be essential," "depending on how trial proceeds," ECF No. 353 at 8, but concluded that the potential for the witnesses' testimony to be essential is not a bar to exclusion, ECF No. 366 at 5 (citing *Geiserman v. MacDonald*, 893 F.2d 787, 793–95 (5th Cir. 1990) (affirming exclusion of untimely-disclosed expert testimony and resulting summary judgment).

As to the second factor, Judge Percy found that Plaintiffs were deprived of the opportunity to depose the eight witnesses or conduct other meaningful discovery about them during discovery. Accordingly, the court found that the prejudice to the opposing party of including the evidence was "readily apparent." ECF No. 366 at 6. The late timing of the disclosures and the discovery calendar—with seven depositions already scheduled in the four business days remaining in discovery—fully supports this conclusion. On the question whether the prejudice to Plaintiffs could be cured by granting a continuance, Judge Percy correctly concluded that no continuance is available, and that "a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Id. (*citing *Geiserman*, 893 F.2d at 792). Judge Percy's assessment here is supported by the fact that this Court had ordered an expedited trial and subsequently denied Defendants' motion to stay the case or continue trial. ECF No. 366 at 6.

Lastly, Judge Percy turned to Defendants' explanations for their failure to make the required disclosures in a timely manner, noting again his "dissatisfaction" with their explanations. ECF No. 366 at 6. As explained above, the history of this case belies Defendants' assertion that they only learned in late August, after they took their first two depositions of Plaintiffs' witnesses, that they needed to contest Plaintiffs' claims of non-responsiveness. The Complaint had put Defendants on

13

notice of Plaintiffs' allegations concerning the unresponsiveness of DeSoto County government to the needs of the County's Black citizens, *see* ECF No. 1 ¶¶ 23–26, 206–221, Plaintiffs disclosed nine witnesses with knowledge concerning Defendants' unresponsiveness in their initial disclosures in February 2025, ECF No. 357-1, and the District Court had emphasized Plaintiffs' pleading concerning governmental unresponsiveness in its denial of Defendants' motion to dismiss the complaint in April 2025, ECF 97 at 12.

Upon review of the relevant factors, Judge Percy found that the facts did not justify Defendants' failure to disclose their eight witnesses in a timely manner, nor was this default harmless. This finding cannot be considered "clearly erroneous." Magistrate Judge Percy properly struck Defendants' disclosure of Dianne Bryant, Kelvin Hall, Al Bowen, Erma Johnson, Nelson Bridgeforth, Edison Robertson, Dwight Mosley, and Edward Merriweather and precluded Defendants from presenting any of these individuals as witnesses at trial.

## CONCLUSION

Defendants have failed to show that the order of the magistrate judge is either clearly erroneous or contrary to law. Accordingly, their Objections to the Order granting Plaintiffs' Motion to Strike should be denied.

Dated: January 14, 2026

Respectfully submitted,

*/s/ Joshua Tom*
Joshua Tom (Miss. Bar No. 105392)
**ACLU OF MISSISSIPPI**
101 South Congress Street
Jackson, MS 39201
Telephone: (601) 354-3408
jtom@aclu-ms.org

*/s/ Daniel J. Hessel*
Daniel J. Hessel*
Ruth Greenwood*
**ELECTION LAW CLINIC**
**HARVARD LAW SCHOOL**
6 Everett Street, Ste. 4105
Cambridge, MA 02138
(617) 496-0222
dhessel@law.harvard.edu
rgreenwood@law.harvard.edu

14

Brenda Wright*
Victor Genecin*
Breanna Williams*
Jory Burks*
Kathryn Sadasivan*
**NAACP LEGAL DEFENSE AND**
  **EDUCATIONAL FUND, INC.**
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
bwright@naacpldf.org
vgenecin@naacpldf.org
bwilliams@naacpldf.org
jburks@naacpldf.org
ksadasivan@naacpldf.org

Amir Badat (Miss. Bar No. 106599)
**BADAT LEGAL PLLC**
P.O. Box 15
Tougaloo, MS 39174
Phone: (601) 462-9592
amir.badat@gmail.com

Víctor Jones*
Pilar Whitaker*
**NAACP LEGAL DEFENSE AND**
  **EDUCATIONAL FUND, INC.**
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 216-2720
Facsimile: (202) 682-1312
vjones@naacpldf.org
pwhitaker@naacpldf.org

*Attorneys for Plaintiffs*
**Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

      I, Daniel J. Hessel, do certify that on this day I filed the foregoing with the ECF System which sent notification to all counsel of record.

      This the 14th day of January, 2026.

      */s/ Daniel J. Hessel*
      Daniel J. Hessel