**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

|  |  |
|---|---|
| HAROLD HARRIS, PASTOR ROBERT TIPTON, JR., DELTA SIGMA THETA SORORITY, INC., and DESOTO COUNTY MS NAACP UNIT 5574,<br><br>     *Plaintiffs*,<br><br>v.<br><br>DESOTO COUNTY, MISSISSIPPI; DESOTO COUNTY BOARD OF SUPERVISORS; and DESOTO COUNTY ELECTION COMMISSION,<br><br>     *Defendants*. | No. 3:24-cv-00289-GHD-RP |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DEPOSITION DESIGNATIONS**

Plaintiffs Harold Harris, Pastor Robert Tipton, Jr., Delta Sigma Theta Sorority, Inc., and DeSoto County MS NAACP Unit 5574 (together, "Plaintiffs") respectfully submit this memorandum of law in opposition to Defendants' Objections to Plaintiffs' Deposition Designations. ECF No. 385. Defendants ask this Court to preclude deposition testimony from the trial record, including testimony from: Cory Uselton, Superintendent of Education for DeSoto County Schools; Vanessa Lynchard, County Administrator for DeSoto County; Dale Thompson, the Circuit Clerk of DeSoto County; Michael Lee, Director of the DeSoto County Agri-Education Center; Christopher Watson, who is a redistricting consultant for DeSoto County and Defendants in this case; and Dr. Christopher Bonneau, Defendants' retained expert in this case.

1

Defendants' motion rests on an incorrect legal premise: that deposition testimony can be presented at trial *only* if the witness is "unavailable" under Rule 32(a)(4) or qualifies as a party "officer" or "managing agent" under Rule 32(a)(3). *See* ECF No. 385 at 3–5.

However, Rule 32(a)(2) expressly permits the use of deposition testimony "for any other purpose allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(2). Where deposition testimony is otherwise admissible under the Federal Rules of Evidence, it is appropriate to accept designations into the record. Here, the deposition testimony of Superintendent Uselton, Mrs. Lynchard, Ms. Thompson, Mr. Lee, and Mr. Watson is admissible under Federal Rule of Evidence 801(d)(2)(D), because they are "agent[s] or employee[s]" of DeSoto County who have testified on "matter[s] within the scope of that relationship" "while it existed." Fed. R. Evid. 801(d)(2)(D). That rule of evidence "provides an independent basis—separate from Rule 32(a)(3)—for admitting deposition testimony." *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 574 (S.D.N.Y. 2017); *see also infra* pp. 5–6 (collecting additional cases holding same).

Because Plaintiffs' designated excerpts are admissible under Federal Rule of Evidence 801(d)(2)(D), the Court should reject Defendants' objections and allow Plaintiffs to present their properly designated deposition excerpts at trial.

## RELEVANT BACKGROUND

As part of discovery in this case, Plaintiffs took the depositions of Superintendent Uselton, Mrs. Lynchard,[1] Ms. Thompson, Mr. Lee, Mr. Watson, and Dr. Bonneau. *See* ECF Nos. 127, 163, 236, 242 (deposition notices).[2]

---

[1] Mrs. Lynchard was also one of DeSoto County's designees pursuant to Federal Rule of Civil Procedure 30(b)(6). Defendants' motion and this response deal only with the testimony she offered in her separate deposition. *See* ECF No. 385 at 4 & n.3.

[2] Plaintiffs understand that Defendants will file copies of the relevant transcripts on the docket under seal, pursuant to ECF No. 391.

At the time of their depositions, Superintendent Uselton served as Superintendent of Education for DeSoto County Schools;[3] Mrs. Lynchard served as County Administrator for DeSoto County;[4] Ms. Thompson served as Circuit Clerk for DeSoto County;[5] Mr. Watson was retained by Defendants as a consulting expert in this case,[6] having previously served as the County's redistricting consultant;[7] and Mr. Lee served as Director of DeSoto County's Agri-Education Center[8] and on the Board of Directors for the Landers Center,[9] having previously served as a Supervisor on the DeSoto County Board of Supervisors.[10] Defendants also retained Mr. Bonneau as an expert witness in this case, and Plaintiffs deposed him in that capacity.

As part of their submissions accompanying the proposed Final Pretrial Order, Plaintiffs designated portions of depositions, including those at issue in Defendants' motion, for use at trial; Defendants provided objections and counter-designations; and Plaintiffs provided objections to those counter-designations. These designations, counter-designations, and objections are part of the Final Pretrial Order entered by the Court on January 12, 2026. ECF No. 382-1 (Appendix G). Defendants filed objections to these designations on January 12, 2026. ECF No. 385.

## LEGAL STANDARD

Federal Rule of Civil Procedure 32 typically governs the use of depositions at trial. *See* Fed. R. Civ. P. 32(a). Rule 32 establishes several independent avenues to admit deposition testimony at trial. *See* Fed. R. Civ. P. 32. Under Rule 32(a)(2), "[a]ny party may use a deposition

---

[3] Uselton Dep. 10:19–11:6
[4] Lynchard Dep. 18:15–22. Mrs. Lynchard retired from her position effective December 31, 2025, but she served as County Administrator at the time of her deposition. *Id.* at 19:12–18.
[5] Thompson Dep. 11:15–17.
[6] Watson Dep. 19:20–20:10 (Defense counsel objection stating Watson is "retained…as a consulting expert to help us defend the case.").
[7] *Id.* at 33:1–3, 34:6–13.
[8] Lee Dep. 22:2–7 (Mr. Lee stating "I work for the County."); *Id.* at 47:2–6.
[9] *Id.* at 47:13–14.
[10] *Id.* at 53:4–18.

. . . for any other purpose allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(2). Defendants' motion focuses on Rule 32(a)(3), under which "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee," Fed. R. Civ. P. 32(a)(3), and Rule 32(a)(4), under which a party may use a deposition if the court finds the witness "unavailable," Fed. R. Civ. P. 32(a)(4). Defendants wrongly ignore Fed. R. Evid. 801(d)(2)(D), which provides an "independent basis . . . for admitting deposition testimony," *MF Glob. Holdings Ltd.*, 232 F. Supp. 3d at 574, when "allowed by the Federal Rules of Evidence," Fed. R. Civ. P. 32(a)(2).

Plaintiffs offer the deposition testimony pursuant to Fed. R. Evid. 801(d)(2). Under that provision, an out-of-court statement is not hearsay if it is offered against a party opponent and "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). There are three requirements to meet this exclusion: "(1) an agency or employment relationship between the declarant and the party against whom the statement is being used, (2) the statement made 'concern[s] a matter within the scope of [the] agency' or employment, and (3) the statement was 'made during the existence of the agency relationship.'" *McCain v. City of Cleveland*, 286 F. Supp. 3d 800, 801 (N.D. Miss. 2017) (quoting *United States v. Saks*, 964 F.2d 1514, 1524 (5th Cir. 1992)).

## ARGUMENT

The deposition testimony of Superintendent Uselton, Mrs. Lynchard, Ms. Thompson, Mr. Watson, and Mr. Lee satisfies the requirements of Fed. R. Evid. 801(d)(2)(D) and should be admissible at trial. Each deponent was an agent or employee of Defendants at the time of their deposition; their testimony concerned matters within the scope of their respective relationships with Defendants; and their statements were made while those relationships existed. Defendants'

objections fail because they rest entirely on Rule 32(a)(3)'s "managing agent" requirement—a standard that does not apply when deposition testimony is admissible under Fed. R. Civ. P. 32(a)(2) because it satisfies Fed. R. Evid. 801(d)(2)(D)'s requirements for admission. Separately, the deposition testimony of Dr. Bonneau is admissible pursuant to Fed. R. Civ. P. 32(a)(4)(B) because he is beyond the Court's subpoena power and Defendants have not committed to making him available at trial.

### I.  Federal Rule of Evidence 801(d)(2)(D) provides an independent basis for using the deposition testimony in question.

Defendants' objections to the challenged testimony of Superintendent Uselton, Mrs. Lynchard, Ms. Thompson, Mr. Lee, and Mr. Watson are entirely premised on the notion that the Plaintiffs have not satisfied Fed. R. Civ. P. 32(a)(3) because the witnesses in question are not a "party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." *See generally* ECF No. 385. But this is a red herring. Fed. R. Civ. P. 32(a)(3) is not the sole basis for admitting deposition testimony.

In this case, Plaintiffs offer the testimony of Superintendent Uselton, Mrs. Lynchard, Ms. Thompson, Mr. Lee, and Mr. Watson pursuant to Fed. R. Evid. 801(d)(2)(D), which provides a hearsay exception for statements by an opposing party's "agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D).

Multiple courts have established that, if deposition testimony falls into this definition, Fed. R. Evid. 801(d)(2)(D) provides an independent basis for admitting the testimony, and the Court need not conduct an analysis under Fed. R. Civ. P. 32. *See MF Glob. Holdings Ltd.*, 232 F. Supp. 3d at 574 ("Rule 801 (d)(2)(D) provides an independent basis—separate from Rule 32(a)(3) —for admitting deposition testimony."); *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1079-80 (10th Cir. 2009) (holding opposing party statements as admissible under 801(d)(2)

without showing witness unavailability under Fed. R. Civ. P. 32(a)(1)); *Fair Fight Action, Inc. v. Raffensperger*, 599 F. Supp. 3d 1337, 1343 n.9 (N.D. Ga. 2022) (citing *In re Rsrv. Fund Sec. & Derivative Litig.*, No. 09 CIV. 4346 PGG, 2012 WL 12354233, at *4 n.5 (S.D.N.Y. Oct. 3, 2012); *Carpenter v. Forest Meadows Owners Ass'n*, No. 1:09-cv-01918-JLT, 2011 WL 3207778, at *5 (E.D. Cal. July 27, 2011)); *Johnson v. Big Lots Stores, Inc.*, No. CIV.A.04-3201, 2008 WL 2191482, at * 3 (E.D. La. Apr. 29, 2008) ("801(d)(2) provides a ground for the admission of Hecker's deposition testimony that is independent from Federal Rule of Civil Procedure 32(a).").

Thus, the appropriate analysis does not turn on Rule 32, but on whether the 801(d)(2)(D) exception to hearsay applies. The application of 801(d)(2)(D) turns on three factors.

First, Rule 801(d)(2)(D) applies when there is an agency or employment relationship between the declarant and the party against whom the statement is being used. Although Rule 801(d)(2)(D) does not define a party "agent," the Fifth Circuit has adopted a non-"hyper-technical" approach to assessing the agency relationship based on a background assumption of "general common law principles of agency." *Saks*, 964 F.2d at 1524 (citing *Cmty. for Creative Non–Violence v. Reid*, 490 U.S. 730, 739–41 (1989); *Boren v. Sable*, 887 F.2d 1032, 1039 (10th Cir. 1989)). Under those principles, where a party-opponent directs the tasks of the declarant, an agency relationship exists for the purposes of Rule 801(d)(2)(D). *See Boren*, 887 F.2d at 1039 (summarizing cases).

Second, the statement must concern a matter within the scope of the relationship. To determine the scope of the employment relationship between a party and their agent, the court will "examine whether the statement relates to the employee's duties." *Ward v. Jackson State Univ.*, 602 F. App'x 1000, 1004 (5th Cir. 2015) (citing *MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 978–79 (5th Cir. 2014) (per curiam)). "[T]he framework for evaluating scope of

employment for vicarious admission purposes is more loosely defined. In such other contexts, '[t]he only requirement is that the subject matter of the admission match the subject matter of the employee's job description.'" *Kelly ex rel. all Heirs at L. of Kelly v. Labouisse*, No. 3:07CV631TSLJC, 2009 WL 427103, at *5 (S.D. Miss. Feb. 19, 2009), *aff'd sub nom. Kelly v. Labouisse*, 364 F. App'x 895 (5th Cir. 2010) (citation omitted).

Third, the statement must have been made while the relationship existed. *See Saks*, 964 F.2d at 1523. For statements made during a deposition, courts analyze whether the agency relationship existed at the time of the deposition. *See id.* at 1524–25.

## II. Superintendent Uselton, Mrs. Lynchard, Ms. Thompson, Mr. Lee, and Mr. Watson's testimony fits within the exclusion to hearsay definition under 801(d)(2)(D).

Here, as set forth below, the testimony of Superintendent Uselton, Mrs. Lynchard, Ms. Thompson, Mr. Lee, and Mr. Watson satisfies all three of Fed. R. Evid. 801(d)(2)(D)'s requirements for admitting their deposition testimony.

### A. Superintendent Uselton, Mrs. Lynchard, Ms. Thompson, Mr. Lee, and Mr. Watson had an Agency/Employment Relationship with DeSoto County.

*First*, each of these individuals was an agent or employee of DeSoto County, which is the party against whom the statements are being offered. *See McCain*, 286 F. Supp. 3d at 801. A statutory relationship between the employee and the County is strong evidence to establish 801(d)(2)(D)'s requirements. *See Griggs v. Chickasaw Cnty., Mississippi*, No. 1:16CV13-SA-RP, 2017 WL 3444790, at *1 (N.D. Miss. Aug. 11, 2017). In *Griggs*, Judge Aycock held that a county sheriff and deputy were agents of the county for the purposes of Fed. R. Evid. 801(d)(2)(D). *Id.* The fact that the Mississippi Code required sheriffs to file budgets and reports with the county board of supervisors made it "unreasonable" to suggest that the sheriff was not an agent of the county. *Id.* (citing Miss. Code Ann. § 19-25-13). In *Griggs*, as here, although the action being

challenged in the lawsuit was taken by the Board of Supervisors, the party opponent included "the County, not merely the Board," *id*., meaning the relevant question was agency or employment with the *county*.

For Superintendent Uselton, Mrs. Lynchard, Ms. Thompson, and Mr. Lee, the result and reasoning in *Griggs* makes clear that these deponents were agents/employees of DeSoto County for purposes of Fed. R. Evid. 801(d)(2)(D). Superintendent Uselton is the Superintendent of Education for DeSoto County Schools.[11] He serves under contract with the county pursuant to Mississippi law, which authorizes a county to employ a superintendent of education. *See* Miss. Code Ann. §§ 37-9-13, 37-9-25.[12] Changes to school district policy must be approved by the County school board.[13] And the superintendent is required by state law to submit financial reports to the County school board. Miss. Code Ann. § 37-9-18(1)(a). In *Griggs*, the Sheriff's office was not a named defendant, but the Sheriff's duties established his agency relationship to the *county* defendant. *Griggs*, 2017 WL 3444790, at *1. So too here, while the Board is not a named defendant, DeSoto County is, and the superintendent's duties, which parallel the Sheriff from *Griggs* both in practice and as a matter of law, establish the same requisite agency relationship with DeSoto County.

As to Mrs. Lynchard, as DeSoto County Administrator,[14] she is an agent/employee of the County. Mississippi law expressly authorizes Boards of Supervisors to employ county administrators who, "under the policies determined by the board of supervisors and subject to said board's general supervision and control," administer county affairs falling under the board's

---

[11] Uselton Dep. 10:19–11:6.
[12] Superintendent Uselton explained in his deposition that he was elected in 2015, but, pursuant to an intervening change in state law requiring that all superintendents be appointed, he has been serving under contract with the school board since 2018. Uselton Dep. 11:7–13:13.
[13] Uselton Dep. 17:3–18:4.
[14] Lynchard Dep. 18:15–22.

control and carry out the board's policies. Miss. Code Ann. § 19-4-1. Further, the County Administrator is charged with ensuring that "all orders, resolutions and regulations of the board of supervisors are faithfully executed" and to "do any and all other administrative duties that the board of supervisors could legally do themselves and that they can legally delegate." Miss. Code Ann. § 19-4-7(m), (s). These statutory duties compare to the Sheriff's duty to file budgets and reports with the county board of supervisors which were sufficient to establish the requisite agency relationship in *Griggs*, which also held that county supervisors "clearly were agents of [the] county." *See Griggs*, 2017 WL 3444790, at *1. An Administrator carrying out duties that those supervisors "could legally do themselves" is clearly an agent of DeSoto County. Miss. Code Ann. § 19-4-7(s).

Ms. Thompson, as Circuit Clerk for DeSoto County,[15] is also an agent/employee of the County. The Mississippi Constitution establishes the requisite employee–agency relationship between the county's Circuit Clerk and the county, providing that "the clerk of the circuit court . . . shall be selected in each county" and serve a four-year term. MISS. CONST. art. 6, § 168. Ms. Thompson is thus a county employee serving in a leadership role established by state law. That is sufficient to establish that she is an employee/agent of DeSoto County for the purposes of 801(d)(2)(D)'s hearsay exclusion. Just as an elected sheriff is an agent/employee of a County, *see Griggs*, 2017 WL 3444790 at *1, so too is an elected Circuit Clerk.

Mr. Lee is also an employee of the County as Director of the DeSoto County Agri-Education Center.[16] The Agri-Education Center is a newly-constructed county project with outdoor recreational facilities, equestrian riding trails, parks, and educational and programmatic

---

[15] Thompson Dep. 11:15–17.
[16] Lee Dep. 47:2–6.

offerings.[17] To be sure, because the Agri-Education Center is a new and unique entity, there are few Mississippi statutes that set forth Mr. Lee's duties (in contrast to those of Superintendent Uselton, Mrs. Lynchard, and Ms. Thompson). Nevertheless, his role is encompassed by Fed. R. 801(d)(2)(D), applying the Fifth Circuit's non-"hyper-technical" approach to assessing the agency relationship based on "general common law principles of agency." *Saks*, 964 F.2d at 1524. At common law, agency relationships involved "a consensual relationship in which one person . . . acts as a representative . . . of another . . . with power to affect the legal rights and duties of the other person." *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 325 (5th Cir. 2016) (quoting RESTATEMENT (THIRD) OF AGENCY § 1.01).

Mr. Lee meets that definition. He has an employment contract with the County, and his responsibilities are under the County's control. As Director, Mr. Lee frequently meets with the County Board of Directors to discuss projects and problems at the new Center. For example, he has held meetings with Supervisor Foster about cement pouring,[18] Supervisor Denison about dirt erosion,[19] Supervisor Gardner about a "punch list" of different Center projects the Supervisors want completed,[20] and Supervisor Caldwell to plan a committee meeting with local officials about upcoming Center events.[21] Mr. Lee received direction and guidance from the County Supervisors regarding these projects. Mr. Lee also works closely with other DeSoto County employees, meeting with others such as Administrator Lynchard, and representatives from Parks and Recreation and Roads Management departments, to coordinate and execute projects.[22] Indeed, in

---

[17] Lee Dep. 253:6–254:21.
[18] Lee Dep. 24:19–23.
[19] Lee Dep. 21:22–22:11.
[20] Lee Dep. 25:8–18.
[21] Lee Dep. 29:4–15.
[22] Lee Dep. 29:16–30:9.

disclosing Mr. Lee as a potential witness in this case, Defendants noted: "Mr. Lee remains employed by DeSoto County and may only be contacted through undersigned counsel." Ex. A.

As for Mr. Watson, at the time of his deposition, he was retained by Defendants as a consulting expert in this case to assist in defending the County's redistricting decisions.[23] That retained engagement establishes an agency relationship for purposes of Rule 801(d)(2)(D): Defendants hired Watson to perform redistricting-related work on their behalf in this litigation, compensated him for that work, and relied on his expertise in support of their defense.[24] Indeed, he declined to answer certain questions at his deposition at Defense counsel's instruction because he was a consulting expert witness.[25] Under *Saks*, the agency inquiry turns on common-law principles and the functional relationship between the declarant and the party—not on whether the declarant held a government title or fits an employment-law label. *See Saks*, 964 F.2d at 1524. Mr. Watson's work was directed by the County defendants, thus establishing an agency relationship under Rule 801(d)(2)(D). *See Boren*, 887 F.2d at 1039.

**B. Superintendent Uselton, Mrs. Lynchard, Ms. Thompson, Mr. Lee, and Mr. Watson's Testimony Was Within the Scope of their Relationship with the County.**

*Second*, the testimony from Superintendent Uselton, Mrs. Lynchard, Ms. Thompson, Mr. Lee, and Mr. Watson fell within the scope of their relationship with DeSoto County. Each deponent's testimony is related to the duties of their employment with the County. *See Ward*, 602 F. App'x at 1004; *Kelly*, 2009 WL 427103, at *5 ("[T]he only requirement is that the subject matter of the admission match the subject matter of the employee's job description.").

---

[23] Watson Dep. 19:20–20:10 (Defense counsel stating "we've retained [Watson] as a consultant to help us defend the case").
[24] *See id.*
[25] *Id.*

Superintendent Uselton's designated deposition testimony concerned his work as the county's school superintendent. Among other topics, his deposition concerned the structure of his working relationship with the school board, [26] DeSoto schools' performances on state accountability metrics,[27] DeSoto schools' graduation rates,[28] and his hiring decisions (which are reviewed and approved by the County via its school board).[29] The designated statements match Superintendent Uselton's duties as superintendent, satisfying the requirements of 801(d)(2)(D).

Mrs. Lynchard's designated deposition testimony concerned her work as the DeSoto County Administrator, satisfying the second condition of 801(d)(2)(D)'s hearsay exemption. Her deposition covered her job responsibilities and working relationship with the Board of Supervisors,[30] the redistricting process and related interactions with constituents,[31] and the Board of Supervisors' appointment process.[32] *Griggs* reinforces that where an official participates in, implements, or operationalizes county action—as Mrs. Lynchard does—statements about that action "concern a matter within the scope" of that official's agency. *See Griggs*, 2017 WL 3444790, at *1.

Ms. Thompson's designated deposition testimony concerned her work as the Circuit Clerk for DeSoto County. Her deposition covered her job responsibilities and her role in election administration and implementing new district maps.[33] Because the subject matter of the designated

---

[26] Uselton Dep. 17:03–18:04.

[27] Uselton Dep. 31:02–31:24, 33:06–37–12.

[28] Uselton Dep. 39:16–43:11.

[29] Uselton Dep. 77:12–79:08.

[30] *See, e.g.,* Lynchard Dep. 34:20–3514; 37:12–38:20; 43:05–43:23; 56:23–59:03.

[31] *See, e.g.,* Lynchard Dep. 63:21–64:20; 69:21–70:02; 89:22–90:20; 101:17–101:23; 119:23–120:19; 134:11–135:17; 136:06–15.

[32] *See, e.g.,* Lynchard Dep. 232:19–233:20, July 16, 2025; *id.* at 234:07–234:09; *id.* at 235:17–241:09.

[33] *See, e.g.,* Thompson Dep. 21:25–24:18, October 6, 2025 (job duties); *id.* at 48:14–49:13, 49:21–50:11, 54:11–56:06, 57:13–58:12, 65:11–65:14, 84:08–84:19 (election administration and map implementation).

testimony matches the subject matter of Ms. Thompson's job duties, it satisfies the second condition of 801(d)(2)(D)'s hearsay exemption. *See Ward*, 602 F. App'x at 1004.

Mr. Lee's testimony in his deposition was within the scope of his employment relationship with DeSoto County. In assessing the "scope of employment" inquiry, the Fifth Circuit has looked to the authority of an agent to act, management of the product or good, maintaining records, and holding "accounting responsibility" for the product or good. *See Labouisse*, 364 Fed. Appx. at 896. At a high level, Mr. Lee provided extensive testimony in his deposition about his responsibilities at the Agri-Education Center, meetings with the Board of Supervisors, and the hiring process for his appointment.[34] Mr. Lee also explained his responsibility for executing the "punch list" of the Supervisor's goals[35] and his joint role in working with the County's Chief Financial Officer to develop a fiscal year budget for the Center.[36] Not only does Mr. Lee's testimony relate to his employment with the County, but it also sheds light on his authority and actions on behalf of the County within the scope of their relationship.

Mr. Watson's designated testimony also falls within the scope of his agency relationship with the County. The entirety of his testimony concerns DeSoto County's redistricting process and eventual map—the very subject of his retained engagement as a consulting expert. As defense counsel put it, "we've retained [Watson] as a consultant to help us defend the case."[37] Given that role, his deposition testimony on redistricting principles, the County's redistricting process, demographic considerations, and factors bearing on the challenged plans, is admissible because they are precisely the matters on which Defendants retained him to consult in this case. Because

---

[34] *See e.g.* Lee Dep. 247:2–248:16.
[35] Lee Dep. 25:8–18.
[36] Lee Dep. 259:9–18.
[37] Watson Dep. 19:20–20:10.

the subject matter of the statements matches the subject matter of his retained work for Defendants, the "scope" element is satisfied. *See Saks*, 964 F.2d at 1524.

### C. Superintendent Uselton, Mrs. Lynchard, Ms. Thompson, Mr. Lee, and Mr. Watson's Testimony Was Made While the Relationship with DeSoto County Existed.

*Third*, each deposition occurred while the agency/employment relationship existed. *See Saks*, 964 F.2d at 1523. For statements made during a deposition, courts analyze whether the relationship existed at the time of the deposition. *See id.* at 1524–25. At the time of their respective depositions, Superintendent Uselton served as Superintendent of Education for DeSoto County Schools,[38] Mrs. Lynchard served as County Administrator for DeSoto County,[39] Ms. Thompson served as Circuit Clerk for DeSoto County,[40] Mr. Lee was Director of the Agri-Education Center,[41] and Mr. Watson was retained as a consulting expert by defense counsel.[42] Just as those relationships satisfy 801(d)(2)(D)'s requirements for an agent or employee relationship, the timing of those depositions does as well.

Because the testimony of Superintendent Uselton, Mrs. Lynchard, Ms. Thompson, Mr. Lee, and Mr. Watson satisfy Fed. R. Evid. 801(d)(2)(D), they are admissible at trial, independent of any Fed. R. Civ. P. 32 analysis. *See supra* Part I.

### III. Dr. Bonneau's designated deposition excerpts are admissible under Federal Rule of Civil Procedure 32(a)(4)(B).

The deposition testimony of Dr. Christopher Bonneau is admissible pursuant to Fed. R. Civ. P. 32(a)(4)(B) because Defendants have not committed to making him available and he is beyond the Court's subpoena power.

---

[38] Uselton Dep. 10:19–11:6.
[39] Lynchard Dep. 18:15–22.
[40] Thompson Dep. 11:15–17.
[41] Lee Dep. 47:2–6.
[42] Watson Dep. 19:20–20:10.

Dr. Bonneau is an expert witness who has investigated issues regarding this case. While he was retained by Defendants as an expert, his purpose is to "help the trier of fact." Fed. R. Evid. 702(a); *see Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 412 (5th Cir. 1989) ("The purpose of expert testimony is to guide the jury."); *Robinson v. Ethicon, Inc.*, 2021 WL 5741491, at *2 (S.D. Tex. Dec. 2, 2021) ("the very purpose of expert testimony is to assist the trier of fact"); *Mears v. Jones*, 2019 WL 3483157, at *1 (S.D. Miss. July 31, 2019) ("The purpose of expert testimony is to assist the jury in determining facts."); *Fabela v. City of Farmers Branch, Tex.*, 2012 WL 3135545, at *4 n.10 (N.D. Tex. Aug. 2, 2012) ("As is commonly the case in § 2 litigation, [plaintiffs'] claim turns on the expert witnesses' factual testimony.") (internal quotations omitted). Given that role, it cannot be Defendants' decision alone to determine whether the Court can benefit from his testimony. "'[T]here may be situations when the witness should be permitted to testify for the opposing party,'" including by the opposing party designating deposition testimony of a party's retained expert. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2021 WL 7084393, at *1 (N.D. Fla. Aug. 18, 2021) (citing *Peterson v. Willie*, 81 F.3d 1033, 1037–38 (11th Cir. 1996)). As Defendants correctly note, "[t]he use of a deposition at trial is within the district court's discretion[.]" *Delgado v. City of El Campo*, 68 F.3d 471 [published in full at 1995 WL 581848], at *3 (5th Cir. Sept. 20, 1995).

DeSoto County retained Dr. Bonneau as an expert witness to ascertain whether Black voters in DeSoto County lacked equal opportunity to elect their preferred candidates. ECF No. 318-42 at 1. While Dr. Bonneau's testimony may prove helpful to this Court, Defendants have refused to commit to permitting the Court to hear that testimony. Defendants have listed Dr. Bonneau—as they did for all their lay and expert witnesses—as "may call." ECF No. 382-2; *see also* Ex. B (email dated January 15, 2026 from defense counsel stating "[a]t this time, we have not

15

decided if we will actually call Dr. Bonneau"). Nor have Defendants indicated whether they would make him available for Plaintiffs' case-in-chief. *See id.*[43]

Dr. Bonneau resides beyond the subpoena power of this Court because he lives in Pittsburgh, Pennsylvania. *See* Fed. R. Civ. P. 32(a)(4)(B) ("A party may use for any purpose the deposition of a witness . . . more than 100 miles from the place of hearing or trial"); Fed. R. Civ. P. 45(c)(1)(A) ("A subpoena may command a person to attend a trial, hearing, or deposition only…within 100 miles of where the person resides, is employed, or regularly transacts business in person.").

Dr. Bonneau's testimony would help this Court adjudicate the merits of Plaintiffs' Section 2 claim. In particular, Defendants have asserted that whether electoral results in DeSoto County are more consistent with partisan or racial polarization is relevant to the totality of the circumstances inquiry for a Section 2 claim. *See* ECF 318-42 at 12–14. Dr. Bonneau's testimony at his deposition directly addresses that question. The probative value of Dr. Bonneau's testimony outweighs concerns about prejudice to Defendants, which are negligible in a bench trial. *See Peterson v. Willie*, 81 F.3d 1033, 1037 (11th Cir. 1996) (citing *Granger v. Wisner*, 656 P.2d 1238, 1242 (Ariz. 1982)) (describing risk of confusing "[j]urors unfamiliar with the role of counsel in adversary proceedings").

Plaintiffs recognize that this situation is somewhat unusual. But so is Defendants' refusal to commit to calling an expert they retained. Given these circumstances, out of an abundance of caution, Plaintiffs have designated portions of Dr. Bonneau's deposition, which are admissible pursuant to Fed. R. Civ. P. 32(a)(4).

---

[43] As of the time of the filing of this memorandum, Defendants' counsel has not responded to Plaintiffs' counsel's January 15th, 2026 inquiry: "Given that uncertainty, will you make Dr. Bonneau available for our case in chief?"

**PLAINTIFFS' RESPONSES TO DEFENDANTS' LINE-BY-LINE OBJECTIONS**

**DeSoto County (Chief Deputy Justin Smith)**

**Objection:** 97:1-99:2 – FRE 403 – Waste of Time & Speculation - This portion of the testimony consists exclusively of counsel requesting the production of certain records and the witness testifying regarding his uncertainty of the records that can be reasonably produced.

- **Response:** The witness testifies about the County's retention of demographic information related to arrestees, which is highly relevant to the County's ability to be responsive to the concerns of Black residents. The designation also indicates what information Plaintiffs requested from the County.

**Chris Watson**

**Objection:** 91:16-24 – FRE 403 & 702 - - Question interferes with the Court's determination of the law by questioning a fact witness regarding his understanding (speculation) as to whether certain hypothetical events would lead to a Section 2 of the Voting Rights Act.

- **Response:** Defendants do not identify any danger under FRE 403 that outweighs the probative value of the relevant evidence. Moreover, the witness does not offer expert testimony or make any legal conclusions. He testifies based on his personal knowledge of the redistricting process about what he personally would have done in a particular scenario.

**Objection:** 113:18-21 – FRE 403 – Lack of Personal Knowledge & Waste of Time – Witness testifying he does not know if a third party, the DeSoto County Board of Supervisors publicized a specific date.

- **Response:** The danger of waste of time does not substantially outweigh the probative value of the evidence. That the witness, who was intimately involved in the redistricting process, does not know whether the Board of Supervisors publicized a date by which maps had to be submitted by community members is highly relevant to the Board's responsiveness to Black residents, who had advocated for transparency and public input throughout the redistricting process.

**Objection:** 124:2-12 – FRE 403 - Assumes Facts Not in Evidence & Confusing – The question asks references an exhibit that has not been previously admitted and is not entered during the portion of the deposition designated.

- **Response:** The question references deposition Exhibit 13, which was previously marked during the deposition and is the cover memo to the redistricting plan the witness was being questioned about (deposition Exhibit 18). The witness is asked whether counsel

read from deposition Exhibit 13 correctly. He understood the question and provided clear testimony. Both exhibits are on Plaintiffs' exhibit list, and Plaintiffs will move for it to be admitted into evidence. (PX-170 is identical to Exhibit 13 of the deposition; page one of PX-074 is identical to Exhibit 18 of the deposition).

**Objection:** 141:25-142:14 – FRE 403 - Assumes Facts Not in Evidence & Confusing – The question asks references an exhibit that has not been previously admitted and is not entered during the portion of the deposition designated.

- **Response:** The question references deposition Exhibit 20, which was previously marked during the deposition and which deposition Exhibit 25 refers to. The witness is asked whether counsel read from Exhibit 25 correctly. He understood the question and provided clear testimony. Both exhibits are on Plaintiffs' exhibit list, and Plaintiffs will move for it to be admitted into evidence. (PX-11 is identical to Exhibit 20 of the deposition; PX-080 is identical to Exhibit 25 of the deposition).

**Objection:** 143:24-144:6 – FRE 403 - Assumes Facts Not in Evidence & Confusing – The question asks references an exhibit that has not been previously admitted and is not entered during the portion of the deposition designated.

- **Response:** The question asks the witness whether two exhibits correspond to each other. The witness understood the question and provided clear testimony based on his personal knowledge. Both exhibits are on Plaintiffs' exhibit list, and Plaintiffs will move for it to be admitted into evidence. (Page 3 of PX-079 is identical to Exhibit 27 of the deposition; PX-080 is identical to Exhibit 25 of the deposition).

**Objection:** 144:12-17 – FRE 403 - Assumes Facts Not in Evidence & Confusing – The question asks references an exhibit that has not been previously admitted and is not entered during the portion of the deposition designated.

- **Response:** The question asks the witness whether two exhibits correspond to each other. The witness understood the question and provided clear testimony based on his personal knowledge. Both exhibits are on Plaintiffs' exhibit list, and Plaintiffs will move for it to be admitted into evidence. (PX-11 is identical to Exhibit 20 of the deposition; Page 3 of PX-079 is identical to Exhibit 27 of the deposition).

**Objection:** 158:18-161:11 – FRE 801 & 802 – Hearsay - Introduces a hearsay document (a report from one of Plaintiffs' experts) and requests the witness to testify regarding this inadmissible hearsay document.

- **Response:** The expert report is not being shown for the truth of the matter asserted. In addition, the witness is asked questions and provides testimony about matters outside of the expert report in this designation.

**Objection:** 160:4-18 – FRE 702 – Unsupported Expert Testimony & Speculation – Question asks the witness to offer a professional opinion regarding the "compactness" of a particular district on a map the witness has not seen before the question is asked and to which the witness' answer makes clear without a full analysis the question cannot be answered.

- **Response:** The witness is being asked about his personal observations of the map, not his expert opinion.

**Objection:** 161:3-11 – FRE 403, 702, 801, & 802 - Introduces a hearsay document (a report from one of Plaintiffs' experts) and requests the witness to testify regarding this inadmissible hearsay document. Question asks the witness to offer a professional opinion regarding a particular district on a map the witness has not seen before the question is asked.

- **Response:** The expert report is not being shown for the truth of the matter asserted. The witness is being asked about his personal knowledge, not his expert opinion. Finally, Defendants do not identify any danger under FRE 403 that outweighs the probative value of the relevant evidence.

**<u>Cory Uselton</u>**

**Objection:** 33:23-36:7 – FRE 403 – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

- **Response:** The website is a government website, which is self-authenticating and is a public record of the Mississippi Department of Education. Defendants do not describe how this designation is confusing. Even if it were confusing, this would not substantially outweigh the probative value of the testimony, as the testimony pertains to racial disparities in school rankings across the county, which are relevant to multiple elements of Plaintiffs' claim.

**Objection:** 39:20-43:11 & 43:16-44:11 – FRE 403 – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

- **Response:** The website is a government website, which is self-authenticating and is a public record of the Mississippi Department of Education. Defendants do not describe how this designation is confusing. Even if it were confusing, this would not substantially outweigh the probative value of the testimony, as the testimony pertains to racial disparities in high school graduation rates across the county, which are relevant to multiple elements of Plaintiffs' claim.

**Objection:** 47:20-23 – FRE 403 – Confusing – Question designated, but not the witness' answer.

- **Response:** The witness answers the question in later designated testimony.

**Objection:** 48:1-49:5 - FRE 403 – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

- **Response:** The website is a government website, which is self-authenticating and is a public record of the Mississippi Department of Education. Defendants do not describe how this designation is confusing. Even if it were confusing, this would not substantially outweigh the probative value of the testimony, as the testimony pertains to racial disparities in college and career readiness across the county, which are relevant to multiple elements of Plaintiffs' claim.

**Objection:** 50:18-53:17 - FRE 403 – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

- **Response:** The website is a government website, which is self-authenticating and is a public record of the Mississippi Department of Education. Defendants do not describe how this designation is confusing. Even if it were confusing, this would not substantially outweigh the probative value of the testimony, as the testimony pertains to racial disparities in college and career readiness rates across the county, which are relevant to multiple elements of Plaintiffs' claim.

**Objection:** 54:24-61:7 - FRE 403 – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

- **Response:** The website is a government website, which is self-authenticating and is a public record of the Mississippi Department of Education. Defendants do not describe how this designation is confusing. Even if it were confusing, this would not substantially outweigh the probative value of the testimony, as the testimony pertains to racial disparities in access in academic programs across the county, which are relevant to multiple elements of Plaintiffs' claim. Finally, the witness testifies about information not on the website in part of the designation.

**Objection:** 62:24-65:11 - FRE 403 – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

- **Response:** The website is a government website, which is self-authenticating and is a public record of the Mississippi Department of Education. Defendants do not describe how this designation is confusing. Even if it were confusing, this would not substantially outweigh the probative value of the testimony, as the testimony pertains to racial disparities in student proficiency rates across the county, which are relevant to multiple elements of Plaintiffs' claim. Finally, the witness testifies about information not on the website in most of the designation.

**Objection:** 65:21-66:6 - FRE 403 – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

- **Response:** The website is a government website, which is self-authenticating and is a public record of the Mississippi Department of Education. Defendants do not describe how this designation is confusing. Even if it were confusing, this would not substantially outweigh the probative value of the testimony, as the testimony pertains to racial disparities in student proficiency rates across the county, which are relevant to multiple elements of Plaintiffs' claim. The witness testifies about information not on the website in most of the designation.

**Objection:** 67:25-68:17 - FRE 403 – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

- **Response:** The website is a government website, which is self-authenticating and is a public record of the Mississippi Department of Education. Defendants do not describe how this designation is confusing. Even if it were confusing, this would not substantially outweigh the probative value of the testimony, as the testimony pertains to racial disparities in student proficiency rates across the county, which are relevant to multiple elements of Plaintiffs' claim.

**Objection:** 74:20-75:18 - FRE 403 – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

- **Response:** The website is a government website, which is self-authenticating and is a public record of the Mississippi Department of Education. Defendants do not describe how this designation is confusing. Even if it were confusing, this would not substantially outweigh the probative value of the testimony, as the testimony pertains to racial disparities in student post-secondary enrollment rates across the county, which are relevant to multiple elements of Plaintiffs' claim.

**Objection:** 85:2-16 - FRE 403 – More Unfairly Prejudicial than Probative – Witness testifying that a complaint regarding racial disparity in school discipline was filed in or around 2016 – without any testimony or evidence regarding the credibility of that complaint or its resolution.

- **Response:** Evidence of a complaint concerning racial disparities in school discipline is highly relevant to Plaintiffs' claim. The witness had the opportunity to discuss credibility of the complaint in response to questions asked later in the deposition.

**Objection:** 89:22-90:20 - FRE 403, 801, & 802 – Hearsay, Assumes Facts Not in Evidence, Confusing, More Unfairly Prejudicial than Probative – Witness testifying regarding a hearsay news article reporting on an alleged dispute regarding a social justice lesson plan created by the New York Times (reportedly including a racial slur) and used by a single teacher at Horn Lake Middle School.

- **Response:** Evidence of the use of a lesson plan with a racial slur in a 6th Grade class is highly relevant to Plaintiffs' claim. There is no prejudice or confusion associated with the testimony, and even if there were, it would not substantially outweigh its probative value. The witness's testimony about the incident is not hearsay.

**Objection:** 102:15-103:15 - FRE 403 – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

- **Response:** The website is a government website, which is self-authenticating and is a public record of DeSoto County. Defendants do not describe how this designation is confusing. Even if it were confusing, this would not substantially outweigh the probative value of the testimony, as the testimony pertains to racial disparities in student athletics across the county, which are relevant to multiple elements of Plaintiffs' claim.

**Objection:** 103:20-104:7 - FRE 403 – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

- **Response:** The website is a government website, which is self-authenticating and is a public record of DeSoto County. Defendants do not describe how this designation is confusing. Even if it were confusing, this would not substantially outweigh the probative value of the testimony, as the testimony pertains to racial disparities in student athletics across the county, which are relevant to multiple elements of Plaintiffs' claim.

**Objection:** 104:19-105:23 - FRE 403 – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

- **Response:** The websites are government websites, which are self-authenticating and are public records of DeSoto County. Defendants do not describe how this designation is confusing. Even if it were confusing, this would not substantially outweigh the probative value of the testimony, as the testimony pertains to racial disparities in student athletics and fine arts across the county, which are relevant to multiple elements of Plaintiffs' claim.

**Objection:** 106:24-107:4 - FRE 403 – Assumes Facts Not in Evidence & Confusing – Witness testifying regarding a website that has not been produced or entered into evidence.

- **Response:** The website is a government website, which is self-authenticating and is a public record of DeSoto County. Defendants do not describe how this designation is confusing. Even if it were confusing, this would not substantially outweigh the probative value of the testimony, as the testimony pertains to racial disparities in fine arts across the county, which are relevant to multiple elements of Plaintiffs' claim.

**Objection:** 113:7-11 - FRE 403, 801, & 802 – Speculation & Hearsay – Witness testifying he is not aware of any reason to not trust the hearsay statements included in the website (which has not been produced or entered into evidence) shown to the witness during his deposition.

- **Response:** The website is a government website, which is self-authenticating and is a public record of Mississippi Department of Education and therefore not hearsay. It is not speculation for the witness to testify that he knows of no reason to doubt the accuracy of the data on a government website that his office administers.

**Edith Dale Thompson**

**Objection:** 7:15 – FRE 403 – Confusing – Answer designated without the designation of the question.

- **Response:** Plaintiffs withdraw this designation.

**Objection:** 28:3-6 – FRE 403 – More Unfairly Prejudicial Than Probative – Questioning witness regarding her training in assisting individuals who do not speak English – a fact that has no relevance to African-American voting opportunities in DeSoto County, Mississippi.

- **Response:** The witness is testifying about her obligations as Circuit Clerk, an elected official in DeSoto County.

**Objection:** 79:21-80:11 – FRE 403 & 702 – Unsupported Speculation Regarding an Expert Opinion – Asking a fact witness for their opinion about whether a hypothetical change in state law would increase voter participation.

- **Response:** The witness is testifying based on her personal knowledge and experience as the Circuit Clerk of DeSoto County that adopting no-excuse early voting in DeSoto County would allow more people to vote because they would no longer need an excuse to vote before election day. She is basing her testimony on her experience and personal knowledge of the voting process.

**Objection:** 80:12-15 – FRE 403 & 702 – Unsupported Speculation Regarding an Expert Opinion; Waste of Time – Asking a fact witness for their opinion about whether more people voting in DeSoto County would be positive.

- **Response:** The witness is not providing an expert opinion. Rather, she is testifying about her view that adopting no-excuse early voting would be good for DeSoto County. She is not providing expert testimony.

**Objection:** 80:22-24 – FRE 403 & 702 – Unsupported Speculation Regarding an Expert Opinion – Asking a fact witness for their opinion about whether a hypothetical change in state law would increase voter participation.

- **Response:** The witness is testifying based on her personal knowledge and experience as the Circuit Clerk of DeSoto County that adopting no-excuse early voting in DeSoto County would encourage more citizens to vote.

**Objection:** 84:8-19 – FRE 403 – Lack of Relevance & Waste of Time – Witness' opinion on voter fraud in DeSoto County, an issue not in dispute in this litigation.

- **Response:** The witness is not testifying about her opinion on voter fraud. She is testifying that she has never observed or heard of an incident of voter fraud in DeSoto County. This is relevant to Plaintiffs' claim because eliminating voter fraud is sometimes used as a justification for voter suppression measures that disproportionately impact Black voters in Mississippi and across the country.

## Jessie Medlin

**Objection:** 20:25-21:2 – FRE 403 – Confusing – Witness provided a "(Nonverbal response)" to the question asked.
- **Response:** In the exchange immediately following this designation, the witness makes clear verbally that the his response to the question was "yes."

**Objection:** 63:10-23 – FRE 403 – Waste of Time – Witness testimony regarding his lay understanding of the t to be used in redistricting.

- **Response:** There is no danger that the testimony is a waste of time. As a member of the County Board of Supervisors, the witness's understanding of the criteria used in the County's redistricting is extremely relevant to Plaintiffs' claim, particularly the Board's responsiveness to the interests of the Black community in DeSoto during the redistricting process (Senate Factor 8) and the tenuousness of the County's justification for adopting the 2022 plan (Senate Factor 9). Even if there were some danger, it does not substantially outweigh the probative value of the evidence.

## Lee Caldwell

**Objection:** 30:5-7 – FRE 403 – Confusing - Question lacks context and is confusing because of that lack of context.

- **Response:** The testimony is not confusing. The designated testimony immediately before this designation makes clear what the witness is referring to – that she spent about $20,000 on her campaign in 2019. Any risk of confusion is low since this is a bench trial. Regardless, the danger of confusion does not substantially outweigh the probative value of the testimony. The resources of white-preferred candidates such as Ms. Caldwell is relevant to the openness of the political process to Black residents of DeSoto.

**Objection:** 47:8 – FRE 403 – Confusing – Question designated, but not the answer.

- **Response:** Plaintiffs mistakenly made this designation. It is withdrawn.

71:13-22 – FRE 403 – Lack of Personal Knowledge, Speculation, Confusing – Witness testifying to her understanding of a third parties' email message.

- The witness is testifying as to her personal knowledge and understanding of an email that was sent to her. She is not speculating about her understanding of the email. The testimony is not confusing. Any risk of confusion is low since this is a bench trial. Regardless, the danger of confusion does not substantially outweigh the probative value of the testimony.

**Objection:** 77:13-19 – FRE 801 & 802 – Hearsay – Having witness read the out-of-court statement of a third party.

- **Response:** The testimony is not being introduced for the truth of the matter asserted.

**Objection:** 91:13-14 – FRE 403 – Confusing – Question designated, but not the answer.

- **Response:** Plaintiffs intended to designate the full question and answer (91:13-17).

**Objection:** 101:9-19 – FRE 403 – Speculation – Witnesses opinion regarding why a particular demographic group might hold a political opinion.

- **Response:** As a member of the Board of Supervisors, the witness's perspectives on the interests of her constituents are relevant to Plaintiffs' claim, particularly with respect to the Board's responsiveness to the interests of Black residents (Senate Factor 8). Any danger addressed by FRE 403 does not substantially outweigh the probative value of the testimony.

**Objection:** 101:20-102:7 – FRE 403 – Lack of Relevance/Waste of Time – Witness testifying to the "benefits" of having a female member of the DeSoto County Board of Supervisors.

- **Response:** It is highly relevant to Plaintiffs' claim that there are benefits to constituents of a particular demographic group to have a representative from the same demographic group on the Board of Supervisors. There is no danger that this testimony is a waste of time. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 102:12-19 – FRE 403 – Lack of Relevance/Waste of Time – Witness testifying to the "benefits" of having a female member of the DeSoto County Board of Supervisors.

- **Response:** It is highly relevant to Plaintiffs' claim that there are benefits to constituents of a particular demographic group to have a representative from the same demographic group on the Board of Supervisors. There is no danger that this testimony is a waste of time. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Mark Gardner**

**Objection:** 32:8-11 – FRE 403 – Confusing – Answer designated, but not the question.

- **Response:** Plaintiffs withdraw this designation.

**Objection:** 57:16-17 – FRE 403 – Confusing – Question designated, but not the answer.

- **Response:** Plaintiffs intended to designate the answer (57:19).

**Objection:** 99:20 – FRE 403 – Confusing – Stray remark by witness designated without either a question or answer designated.

- **Response:** Plaintiffs mistakenly made this designation. It is withdrawn.

**Objection:** 102:1-6 – FRE 403 – More unfairly prejudicial than probative, Speculation, & Confusing – Witness testifying regarding his understanding of a legal term of art with which he is not familiar.

- **Response:** As a member of the Board of Supervisors, the witness's understanding of whether drawing a majority-minority district is "gerrymandering" is highly relevant to Plaintiffs' claim, particularly with respect to the responsiveness of the Board to the interests of Black residents (Senate Factor 8). The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 105:5-20 – FRE 403, 801 & 802 – Confusing & Hearsay – Witness testifying regarding the contents of a document that is not introduced in the designation or identified in the designated testimony.

- **Response:** The witness is not testifying about the contents of the document, but rather his own recollection of what was said at the meeting based on his personal knowledge. Regardless, the document in question is the official minutes for a DeSoto County Board of Supervisors public meeting, which is a government document, and thus not hearsay. The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 139:1-6 – FRE 403 – Speculation & Waste of Time – Witness testifying he is not aware of economic differences between the white and Black residents of DeSoto County.

- **Response:** As a member of the Board of Supervisors, the witness's lack of knowledge of the socioeconomic disparities between Black and white residents in DeSoto County is highly relevant to Plaintiffs' claim, particularly with respect to the responsiveness of the Board to the interests of Black residents (Senate Factor 8). The witness is not speculating about his lack of knowledge and there is no danger that the testimony is a waste of time. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

26

**Objection:** 167:16-169:17 – FRE 401 & 403 – Relevance & Waste of Time – Witness testifying regarding the administrative structure of the DeSoto County Convention and Visitors Bureau.

- **Response:** The structure of the DeSoto County Convention and Visitors Bureau ("CVB") is relevant to the  to responsiveness of the Board of Supervisors (Senate Factor 8), which appoints members to the CVB. There is no danger that the testimony is a waste of time. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 204:17-206:1 – FRE 401 & 403 – Relevance, Confusing, & More unfairly prejudicial than probative – Witness testifying to his understanding of a separate Voting Rights Act case to which he was not a party and his opinion regarding the decision in that case.

- **Response:** As a member of the Board of Supervisors, the witness's knowledge, understanding, and perspective on the outcome of the successful Section 2 lawsuit against Mississippi's state legislative districts, which resulted in the creation of a new Black-opportunity district in DeSoto County, is highly relevant to Plaintiffs' claim, in particular with respect to the responsiveness of the Board to the interests of Black residents (Senate Factor 8). The testimony is not confusing and there is no danger that the Court will be confused. Nor is there any danger that the testimony is unfairly prejudicial. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Michael Lee**

**Objection:** 10:1-9 – FRE 403 – Speculation & Confusing – Witness testifying regarding his understanding of why Plaintiffs brought the lawsuit.

- **Response:** As a member of the Board of Supervisors, the witness's understanding about a lawsuit related to racial discrimination against Black voters in DeSoto County is highly relevant to Plaintiffs' claim, particularly with respect to the Board's responsiveness to the interests of Black residents (Senate Factor 8). The witness was not asked about why Plaintiffs brought a lawsuit, but rather why there is a lawsuit about the redistricting lines. As such, he was not asked to speculate about anything, nor did he. The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 11:17-20 – FRE 403 – Confusing – Question designated, but not the full answer.

- **Response:** The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 100:5-25 – FRE 403 – Waste of Time – Witness testifying about his lack of memory regarding his promotions at the DeSoto County Sheriff's office before his 2003 departure from that employment.

- **Response:** The bulk of this designation is testimony about what role the witness started with at the office and what role he was promoted to. As a member of the Board of Supervisors, the witness's employment background is relevant to Plaintiffs' claim. The designation does not present the danger of wasting time. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 101:14-19 – FRE 403 – Waste of Time – Witness testifying about his lack of memory regarding his promotions at the DeSoto County Sheriff's office before his 2003 departure from that employment.

- **Response:** A portion of this designation is testimony about what role the witness was promoted to. As a member of the Board of Supervisors, the witness's employment background is relevant to Plaintiffs' claim. The designation does not present the danger of wasting time. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 102:6-10 – FRE 403 – Waste of Time – Witness testifying about his promotions at the DeSoto County Sheriff's office before his 2003 departure from that employment.

- **Response:** As a member of the Board of Supervisors, the witness's employment background is relevant to Plaintiffs' claim. The testimony does not present the danger of wasting time. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 103:3-6 – FRE 403 – Waste of Time – Witness testifying about his lack of memory regarding his promotions at the DeSoto County Sheriff's office before his 2003 departure from that employment.

- **Response:** The witness testifies that he remembers that he was tapped for the Sergeant position. As a member of the Board of Supervisors, the witness's employment background is relevant to Plaintiffs' claim. Moreover, how high-ranking employees of the County are hired and promoted is relevant to Plaintiffs' claim, particularly with respect to the effects of discrimination in employment in DeSoto County (Senate Factor 5) and responsiveness of the Board the interests of Black residents (Senate Factor 8). The testimony does not present the danger of wasting time. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 106:7-107:6 – FRE 403 – Waste of Time – Witness testifying about his promotions at the DeSoto County Sheriff's office before his 2003 departure from that employment.

- **Response:** As a member of the Board of Supervisors, the witness's employment background is relevant to Plaintiffs' claim. Moreover, how high-ranking employees of the County are hired and promoted is relevant to Plaintiffs' claim, particularly with respect to the effects of discrimination in employment in DeSoto County (Senate Factor 5) and responsiveness of the Board the interests of Black residents (Senate Factor 8). The testimony does not present the danger of wasting time. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 108:5-8 – FRE 403 – Waste of Time – Witness testifying about the lack of training he received regarding working with individuals of different races while employed by the DeSoto County Sheriff's Office from 1987 until 2003.

- **Response:** The lack of training received by officers of the DeSoto County Sheriff's Office on dealing with people from different racial and ethnic backgrounds is highly relevant to Plaintiffs' claim, particularly with respect to the effects of discrimination in policing in DeSoto County (Senate Factor 5). The testimony does not present the danger of wasting time. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 127:9-21 – FRE 403 – Waste of Time – Witness testifying regarding a former sheriff's endorsements in a 2023 sheriff election that witness lost.

- **Response:** Defendants have put the 2023 sheriff's election at issue in this litigation, including by listing the victorious candidate as a potential trial witness. As a result, endorsements of the candidates in that race are relevant to countering Defendants' arguments. The testimony does not present the danger of wasting time. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 127:24-128:1 – FRE 403 – Waste of Time – Witness testifying regarding a former sheriff's endorsements in a 2023 sheriff election that witness lost.

- **Response:** Defendants have put the 2023 sheriff's election at issue in this litigation, including by listing the victorious candidate as a potential trial witness. As a result, endorsements of the candidates in that race are relevant to countering Defendants' arguments. The testimony does not present the danger of wasting time. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 128:10-21 – FRE 403 – Waste of Time & Confusing – Witness being asked questions regarding his view (and the views of others) on the "constitutional role" of a sheriff.

- **Response:** Plaintiffs withdraw this designation.

**Objection:** 128:24-131:6– FRE 403 – Waste of Time & Confusing – Witness being asked about political controversies involving a driving under the influence charge (or lack thereof) brought against the son of an employee of the sheriff's department.

- **Response:** As a member of the Board of Supervisors, the witness's knowledge of an incident of preferential treatment for a white resident of DeSoto County, and lack of knowledge of concerns from the NAACP about the Sheriff Office's treatment of Black residents, is highly relevant to Plaintiffs' claim, particularly with respect to the responsiveness of the Board of Supervisors to the interests of Black residents (Senate Factor 8). Moreover, the incident is relevant to disparities in policing between Black and white residents in DeSoto County (Senate Factor 5). The testimony is not confusing and there is no danger that the Court will be confused. Nor is there any danger that the testimony is a waste of time. Regardless, any such dangers do not substantially outweigh the probative value of the testimony.

**Objection:** 131:20-– FRE 403, 801, & 802 – Waste of Time, Confusing, & Hearsay – Witness being asked about political controversies involving a driving under the influence charge (or lack thereof) brought against the son of an employee of the sheriff's department and further asked to comment on the meaning of an out-of-court statement made by a private individual purportedly to a reporter who then printed that supposed statement in a news article.

- **Response:** The designated portion of the transcript objected to here is only one line in a question, so it is unclear what Defendants are objecting to. Nevertheless, as a member of the Board of Supervisors, the witness's knowledge of an incident of preferential treatment for a white resident of DeSoto County, and lack of knowledge of concerns from the NAACP about the Sheriff Office's treatment of Black residents, is highly relevant to Plaintiffs' claim, particularly with respect to the responsiveness of the Board of Supervisors to the interests of Black residents (Senate Factor 8). Moreover, the incident is relevant to disparities in policing between Black and white residents in DeSoto County (Senate Factor 5). The testimony is not being introduced for the truth of the matter asserted. The testimony is not confusing and there is no danger that the Court will be confused. Nor is there any danger that the testimony is a waste of time. Regardless, any such dangers do not substantially outweigh the probative value of the testimony.

**Objection:** 228:4-14 – FRE 403 – Confusing – Designation of a question and objection, but the question was ultimately withdrawn and never answered.

- **Response:** Plaintiffs mistakenly made this designation. It is withdrawn.

**Objection:** 229:22-23 & 230:1-2 – FRE 403 – Confusing – Follow-up question that is nothing more than attorney testimony after the witness answered that he did not know the answer to the original question.

- **Response:** As a member of the Board of Supervisors, the witness's lack of knowledge and understanding of the redistricting criteria employed by the Board in redrawing the map is highly relevant to Plaintiffs' claim, particularly with respect to the Board's responsiveness to the interests of Black residents (Senate Factor 8). The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such dangers do not substantially outweigh the probative value of the testimony.

## Ray Denison

**Objection:** 81:15-82:16 – FRE 403 – Confusing – Designated portion of the transcript involves cross-talk, the re-asking of a modified question repeatedly and no clear answer to the question regarding the witness' fears, if any, that running for public office might hurt the finances of his business.

- **Response:** The witness's testimony is clear that he did "[n]ot really" feel personally concerned about the impact of running for office on his business. The testimony is highly relevant to Plaintiffs' claim, particularly with respect to the disparities between the types of obstacles that Black and white candidates for office in DeSoto County face when running. The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such dangers do not substantially outweigh the probative value of the testimony.

**Objection:** 125:22-126:2 – FRE 403 – Speculation – Witness asked to testify regarding by what a third party meant by her statement at a Board of Supervisors meeting.

- **Response:** The witness is being asked about his understanding of a concern expressed by a Black constituent about the timing of the meeting to adopt a new redistricting plan. As a member of the Board of Supervisors, the witness's understanding of this concern is highly relevant to Plaintiffs' claim, particularly with respect to the responsiveness of the Board to the interests of Black residents (Senate Factor 8). The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such dangers do not substantially outweigh the probative value of the testimony.

**Objection:** 153:9-156:7 – FRE 403, 801 & 802 – Confusing & Hearsay – Witness testifying regarding the contents of a document that is not introduced in the designation or identified in the designated testimony

- **Response:** The designation includes testimony that is not about the document. The relevant deposition exhibit is on Plaintiffs' exhibit list, and Plaintiffs will move for it to be admitted into evidence. (The Exhibit is identical to PX-068). The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such dangers do not substantially outweigh the probative value of the testimony.

**Objection:** 194:23-195:12 – FRE 403 – Speculation, Waste of Time, & Confusing – Witness asked to testify regarding specific demographic information with which he was not familiar and could not provide answers.

- **Response:** As a member of the Board of Supervisors, the witness's lack of knowledge of whether Walls is a majority-Black town, or has a substantial Black population, is highly relevant to Plaintiffs' claim, particularly with respect to the responsiveness of the Board to the interests of Black residents (Senate Factor 8). The testimony is not confusing and there is no danger that the Court will be confused. Nor is it a waste of time. Regardless, any such dangers do not substantially outweigh the probative value of the testimony.

**Objection:** 196:21-24 – FRE 403 – Speculation, Waste of Time, & Confusing – Witness asked to testify regarding specific demographic information with which he was not familiar and could not provide answers.

- **Response:** As a member of the Board of Supervisors, the witness's lack of knowledge of whether Horn Lake is a majority-Black town is highly relevant to Plaintiffs' claim, particularly with respect to the responsiveness of the Board to the interests of Black residents (Senate Factor 8). The testimony is not confusing and there is no danger that the Court will be confused. Nor is it a waste of time. Regardless, any such dangers do not substantially outweigh the probative value of the testimony.

**Objection:** 209:11-20 – FRE 403 – Speculation, Waste of Time, & Confusing – Witness asked to testify regarding information which does not possess.

- **Response:** The witness is not asked to speculate, nor does he. As a member of the Board of Supervisors, the witness's lack of knowledge of the lack of complaints about the lack of polling places in Black churches in DeSoto County is highly relevant to Plaintiffs' claim, particularly with respect to the use of voting practices or procedures by the County that enhance the opportunity for discrimination (Senate Factor 3) and responsiveness of the Board to the interests of Black residents (Senate Factor 8). The testimony is not confusing and there is no danger that the Court will be confused. Nor is it a waste of time. Regardless, any such dangers do not substantially outweigh the probative value of the testimony.

**Objection:** 223:12-15 – FRE 403 – Confusing – Answer designated, but not the question.

- **Response:** Plaintiffs intended to designate the question (223:10-11).

**Objection:** 230:8-231 – FRE 403 – Confusing – Designation of cross-talk and objections without a clear question and answer, despite the fact that a clear question and answer are designated immediately following this confusing portion of the deposition.

- **Response:** Plaintiffs withdraw this designation.

32

**Objection:** 232:11-234:18 – FRE 401 & 403 – Relevance, Confusing, & More unfairly prejudicial than probative – Witness testifying to his understanding of a separate Voting Rights Act case to which he was not a party and his opinion regarding the decision in that case.

- **Response:** As a member of the Board of Supervisors, the witness's knowledge, understanding, and perspective on the outcome of the successful Section 2 lawsuit against Mississippi's state legislative districts – in which the County filed an amicus brief – which resulted in the creation of a new Black-opportunity district in DeSoto County, is highly relevant to Plaintiffs' claim, in particular with respect to the responsiveness of the Board to the interests of Black residents (Senate Factor 8). The testimony is not confusing and there is no danger that the Court will be confused. Nor is there any danger that the testimony is unfairly prejudicial. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

### DeSoto County Election Commission (Sissie Ferguson)

**Objection:** 150:24-151:17 – FRE 401 & 403 – Relevance & Confusing - Questioning the witness about the considerations for redistricting despite the witness repeatedly testifying that the Election Commission does not have a role in redistricting.

- **Response:** The Election Commission could have certain priorities with respect to redistricting without having a role in the process. The witness testifies that certain considerations were not important to the Election Commission with respect to redistricting, and also testifies as to her knowledge of communities of interest. The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 219:1-24 – FRE 403, 801 & 802 – Confusing & Hearsay – Witness testifying regarding the contents of a document that is not introduced in the designation or identified in the designated testimony.

- **Response:** The witness is not testifying about the document. Rather, she is testifying about her personal knowledge and recollection of a request reflected in the document, and whether the request was fulfilled. The testimony is not hearsay. The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 224:19-226:5 - FRE 403, 801, & 802 – Confusing & Hearsay – Witness being asked to testify regarding whether a third-party email correctly states the law.

- **Response:** The witness is not testifying about the email in the first part of the designation. Instead, the email refreshed her recollection about the time limit for making polling location changes, and she is testifying about her understanding of that

requirement. She then testifies about her understanding of what the email, which was sent to her, says. As the representative of the Election Commission, it is appropriate for her to testify as to legal requirements of the Election Commission. The testimony is not hearsay. The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 234:22-235:7 – FRE 403, 801 & 802 – Confusing & Hearsay – Witness testifying regarding the contents of a document that is not introduced in the designation or identified in the designated testimony.

- **Response:** The witness is testifying about whether she agrees with an assessment by the Circuit Clerk, as reflected in an email (deposition exhibit 15), which is included on Plaintiffs' trial exhibit list (as PX-066), and Plaintiffs will move for it to be admitted into evidence. Therefore, the testimony is not hearsay. The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 236:7-237:10 – FRE 801 & 802 – Hearsay – Offering the out-of-court statement of a third party, the former Chairman of the DeSoto County Republican Party for the truth of the matter asserted and then asking the witness to comment on the third party's statement.

- **Response:** The testimony is not hearsay. The witness is testifying about the Election Commission's perspective about a concern reflected in the email.

**Objection:** 237:25-238:22 – FRE 801 & 802 – Hearsay – Offering the out-of-court statement of a third party, the former Chairman of the DeSoto County Republican Party for the truth of the matter asserted and then asking the witness to comment on the third party's statement.

- **Response:** The testimony is not hearsay. The witness is testifying about the Election Commission's perspective about a concern reflected in the email.

**Objection:** 279:14-287:3 – FRE 403, 801, & 802 – Speculation, Lack of Personal Knowledge, and Hearsay – Asking the witness to testify regarding semiotics – the meaning of a symbol on a third-party's tshirt and to testify regarding what other third parties might reasonably believe regarding the third party's t-shirts symbol, with each question premised on an out-of-court statement as reported by a news website.

- **Response:** The witness was testifying as to her interpretation of a t-shirt worn in a polling location with a confederate flag, noose, and the words "Mississippi Justice." Her testimony is based on her personal knowledge and recollection of the photo and incident. She also testifies that she does not think it would be reasonable for a Black person to feel offended, threatened, or intimidated by the t-shirt at a polling location, and that the person taking the photo of the t-shirt, not the person wearing the t-shirt, is who broke the

law. As a member and designated representative of the Election Commission, this testimony is highly relevant to Plaintiffs' claim. It is not hearsay or speculative.

**Objection:** 289:22-290:6 – FRE 403 – Harassing & Waste of Time – Witness being asked a harassing question regarding lynchings in DeSoto County and the attorney asking the question agreed to withdraw it during the deposition.

- **Response:** Plaintiffs withdraw this designation.

## DeSoto County (Vanessa Lynchard)

**Objection:** 54:10-13 – FRE 403 – Confusing – Designation of a question, but not the answer to the question.

- **Response:** This designation reflects Plaintiffs' request for Defendants to produce the past five years of statistics on rejections of business license applications.

**Objection:** 58:5-7 – FRE 403 – Confusing – Designation of a portion of a question, and an interruption by the witness.

- **Response:** This designation references the exhibit being discussed. The designation is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 68:15-71:14 – FRE 403 – Confusing – Designation of a question, but only a portion of the answer.

- **Response:** This designation excludes non-responsive portions of the witness's answer. The designation is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 71:15-72:10 – FRE 403 – Confusing – Designation of a question, but only a portion of the answer.

- **Response:** This designation excludes non-responsive portions of the witness's answer. The designation is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 77:9-78:8 – FRE 403 – Confusing – Designation of a question, but only a portion of the answer.

- **Response:** This designation excludes non-responsive portions of the witness's answer. The designation is not confusing and there is no danger that the Court will be confused.

Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 81:13-83:6 – FRE 403 – Confusing – Designation of a question, but only a portion of the answer.

- **Response:** This designation excludes non-responsive portions of the witness's answer. The designation is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 83:7-84:9 – FRE 403 – Confusing – Designation of a question, but only a portion of the answer.

- **Response:** This designation excludes non-responsive portions of the witness's answer. The designation is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 86:13-87:2 – FRE 403 – Confusing – Designation of a question, but only a portion of the answer.

- **Response:** This designation excludes non-responsive portions of the witness's answer. The designation is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 90:24-91:4 – FRE 403 – Confusing – Designation of a question, but only a portion of the answer.

- **Response:** This designation excludes non-responsive portions of the witness's answer. The designation is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 91:24-92:23 – FRE 403 – Confusing – Designation of a question, but only a portion of the answer.

- **Response:** This designation excludes non-responsive portions of the witness's answer. The designation is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 95:4-10 – FRE 403 – Confusing – Designation of a question, but only a portion of the answer.

- **Response:** This designation excludes non-responsive portions of the witness's answer. The designation is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 133:21-25 – FRE 403 – Confusing – Designation of a question that was not answered.

- **Response:** The witness partially answers the question in the designated testimony on the next page. The designation is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 168:19-169:15 – FRE 403 – Confusing – Designation of a question, but only a portion of the answer.

- **Response:** This designation excludes non-responsive portions of the witness's answer. The designation is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 185:3-17 – FRE 403 – Confusing – Attorney statement and not evidence
- **Response:** This designation includes an attorney representation on the record.

## Vanessa Lynchard (Individually)

**Objection:** 28:24-29:9 - FRE 403 – Confusing – Attorney statement and not evidence.

- **Response:** Plaintiffs withdraw this designation.

**Objection:** 37:12-38:20 – FRE 403, 801 & 802 – Confusing & Hearsay – Witness testifying regarding the contents of a document that is not introduced in the designation or identified in the designated testimony.

- **Response:** The document is introduced at the beginning of the designation as deposition Exhibit 2 and is identified as the County Administrator page of the DeSoto County website. The document is not hearsay because it is a government website, which is self-authenticating and is a public record of DeSoto County. The designation is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 79:6-80:9 – FRE 403, 801 & 802 – Confusing & Hearsay – Witness testifying regarding the contents of a document that is not introduced in the designation or identified in the designated testimony.

- **Response:** In the first part of the designation, the witness is testifying about deposition Exhibit 4, which is included in Plaintiffs' trial exhibit list (as PX-322), and Plaintiffs will move for it to be admitted into evidence. The document is the official minutes for a DeSoto County Board of Supervisors public meeting that the witness prepared, which is a government document, and thus not hearsay. Later in the designation, the plaintiff is not testifying about the document, but rather her personal recollection of the meeting. That testimony is also not hearsay. The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 134:11-135:17 – FRE 403, 801 & 802 – Confusing & Hearsay – Witness testifying regarding the contents of a document that is not introduced in the designation or identified in the designated testimony.

- **Response:** The document is identified in a previous designation (131:10-15). The document is the official minutes for a DeSoto County Board of Supervisors public meeting, which is a government document that the witness prepared, and thus not hearsay. Moreover, the witness is not testifying about information about which she has personal knowledge in portions of the testimony, such as the identity of Mr. Woodard and whether or not there are any Black members of the County's governing bodies. That testimony is also not hearsay. The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 136:6-15 – FRE 403, 801, & 802 – Speculation, Lack of Personal Knowledge, and Hearsay – Asking the witness to testify regarding an out-of-court statement in a document that is not identified or introduced in the designated testimony and asking the witness to speculate on what third parties meant by their statements.

- **Response:** The question is asking about the witness's personal knowledge of whether Black residents of DeSoto County have expressed that they have no representation on the County's governing bodies. The witness's answer is not hearsay, and she is answering based on her personal knowledge. As a senior official in DeSoto County government appointed by the Board of Supervisors, the witness's lack of knowledge about Black residents' concerns is highly relevant to Plaintiffs' claim, particularly with respect to the responsiveness of the Board to the interests of Black residents (Senate Factor 8).

**Objection:** 140:17-141:25 – FRE 403, 801, & 802 – Speculation, Lack of Personal Knowledge, and Hearsay – Asking the witness to testify regarding an out-of-court statement in a document that is not identified or introduced in the designated testimony and asking the witness to speculate on what third parties meant by their statements.

- **Response:** The witness is not testifying about the document (official meeting minutes of the DeSoto County Board of Supervisors, which the witness prepared) in this designation.

Nor is she asked to speculate on what third parties meant by their statements. Instead, she is testifying based on her personal knowledge of the redistricting process. Therefore, the testimony is not hearsay.

**Objection:** 143:21-144:25 – FRE 403, 801, & 802 – Speculation, Lack of Personal Knowledge, and Hearsay – Asking the witness to testify regarding an out-of-court statement in a document that is not identified or introduced in the designated testimony and asking the witness to speculate on what third parties meant by their statements.

- **Response:** The document is identified in a previous designation (131:10-15). The document is the official minutes for a DeSoto County Board of Supervisors public meeting, which is a government document that the witness prepared, and thus not hearsay.

**Objection:** 178:3-8 – FRE 403 – Confusing & Lack of Personal Knowledge – Attorney testifying to facts not in evidence despite the witness repeatedly stating she is not aware of those facts.

- **Response:** As a senior official in DeSoto County government appointed by the Board of Supervisors, the witness's lack of knowledge about Black residents' desire to be a part of the redistricting process is highly relevant to Plaintiffs' claim, particularly with respect to the responsiveness of the Board to the interests of Black residents (Senate Factor 8).

**Objection:** 180:18-181:4 – FRE 403, 801 & 802 – Confusing, Lack of Personal Knowledge, Speculation, & Hearsay – Witness testifying regarding her understanding of the meaning of a third party's out-of-court statement.

- **Response:** The witness is testifying about an email that was sent to her and being asked her understanding of what it meant. The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 192:17-193:3 – FRE 403, 801 & 802 – Confusing, Lack of Personal Knowledge, Speculation, & Hearsay – Witness testifying regarding her understanding of the meaning of a third party's out-of-court statement.

- **Response:** The witness is testifying about an email that was sent to her and being asked her understanding of what it meant. The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

**Objection:** 222:12-223:2 – FRE 403, 801 & 802 – Confusing, Lack of Personal Knowledge, Speculation, & Hearsay – Witness testifying regarding her understanding of the meaning of a third party's out-of-court statement.

-

- **Response:** The witness is testifying about an email that she sent, not a third party's email. She is testifying about her own personal knowledge. The testimony is not confusing and there is no danger that the Court will be confused. Regardless, any such danger does not substantially outweigh the probative value of the testimony.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Objections to Plaintiffs' Deposition Designations and permit Plaintiffs to present their designated deposition excerpts at trial.

Dated: January 19, 2026

Respectfully submitted,

/s/ Joshua Tom
Joshua Tom (Miss. Bar No. 105392)
**ACLU OF MISSISSIPPI**
101 South Congress Street
Jackson, MS 39201
Telephone: (601) 354-3408
jtom@aclu-ms.org

/s/ Daniel J. Hessel
Daniel J. Hessel*
Ruth Greenwood*
**ELECTION LAW CLINIC**
**HARVARD LAW SCHOOL**
6 Everett Street, Ste. 4105
Cambridge, MA 02138
(617) 496-0222
dhessel@law.harvard.edu
rgreenwood@law.harvard.edu

Brenda Wright*
Victor Genecin*
Breanna Williams*
Jory Burks*
Kathryn Sadasivan*
**NAACP LEGAL DEFENSE AND**
**EDUCATIONAL FUND, INC.**
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
bwright@naacpldf.org
vgenecin@naacpldf.org
bwilliams@naacpldf.org

Victor Jones*
Pilar Whitaker*
**NAACP LEGAL DEFENSE AND**
**EDUCATIONAL FUND, INC.**
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 216-2720
Facsimile: (202) 682-1312
vjones@naacpldf.org
pwhitaker@naacpldf.org

*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice*

jburks@naacpldf.org
ksadasivan@naacpldf.org

Amir Badat (Miss. Bar No. 106599)
**BADAT LEGAL PLLC**
P.O. Box 15
Tougaloo, MS 39174
Phone: (601) 462-9592
amir.badat@gmail.com

**CERTIFICATE OF SERVICE**

I, Daniel J. Hessel, do certify that on this day I filed the foregoing with the ECF System which sent notification to all counsel of record.

This the 19th day of January, 2026.

*/s/ Daniel J. Hessel*
Daniel J. Hessel