IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| HAROLD HARRIS; PASTOR ROBERT TIPTON, JR.; DELTA SIGMA THETA SORORITY, INC.; and DESOTO COUNTY MS NAACP UNIT 5574 | PLAINTIFFS |
| v. | Civil No. 3:24-cv-00289-GHD-RP |
| DESOTO COUNTY, MISSISSIPPI; DESOTO COUNTY BOARD OF SUPERVISORS; and DESOTO COUNTY ELECTION COMMISSION | DEFENDANTS |

**OPINION**

Presently before the Court are Defendants' Objections [Doc. No. 373] to the Magistrate Judge's December 29, 2025, Order Granting Motion to Strike [366]. The subject order [366] granted Plaintiffs' motion to strike eight defense witnesses, precluded those witnesses from testifying at trial, and precluded them from inclusion in Defendants' list of trial witnesses in the pretrial order. Upon due consideration, the Defendants' objections are overruled, and the Magistrate Judge's order is affirmed.

*I.     Standard of Review*

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine "pretrial matter[s] not dispositive of a party's claim or defense." *See* 28 U.S.C. § 636(b)(1)(A)1; Fed. R. Civ. P. 72(a); L.U. Civ. R. 72(d). "A party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a)). *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's non-dispositive

orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ("[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law"). "Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.'" *Moore*, 755 F.3d at 808 n.15 (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); see *also* Fed. R. Civ. P. 72(a).

## II.  Analysis and Discussion

Defendants object to the entirety of the Magistrate Judge's order at issue; more specifically, they claim he made reversable error by finding (1) Plaintiffs' motion to strike was timely and (2) exclusion was appropriate for Defendants' eight witnesses at issue in that motion to strike. Both issues are addressed below. At the outset, however, the Court rejects Defendants' extensive "what's-good-for-the-goose-is-good-for-the-gander reasoning" argument. A cursory reading of the Magistrate Judge's order reveals this argument ignores the Magistrate Judge's full and thorough analysis of the merits. Plaintiffs state it clearly, "rhetorical flourish does not render Judge Percy's decision contrary to law." The Court now turns to the more pressing matters.

### A. Classification of Plaintiffs' Motion

Beginning with the procedural matter, Defendants argue Plaintiffs' motion to strike was untimely filed pursuant to Local Rule 7(b)(2)(C) which states in relevant part, "A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court, and time to effectuate the court's order before the discovery deadline." The Magistrate Judge found Plaintiffs' motion to strike was procedurally proper, stating, "A motion to strike an untimely disclosure, which is a motion to exclude evidence, is not a motion to compel or limit discovery that must be filed in advance of the discovery deadline." Both parties cite district court case law to support their opposing stances on this point, but interestingly, both parties cite *Gerald v. University of Southern Mississippi*, 2:12-cv-147-KS-MTP, 2013 WL 5592454, *2-3 (S.D. Miss. Oct. 10, 2013). *Gerald* clearly aligns with the Magistrate Judge's reasoning, and Defendants acknowledge as much in their reply in support of their earlier motion to strike [333, at 2]. Plaintiffs' motion to strike [341] is not a discovery motion, and thus, the limits set forth in Local Rule 7(b)(2)(C) do not apply. The Plaintiffs' motion was timely filed.

### B. Untimeliness of Defendants' Disclosure

Defendants next take issue with the Magistrate Judge's finding their disclosure of the subject witnesses was untimely. Defendants disclosed the subject witnesses on September 12, 2025, misspelling two witnesses' names and as the Magistrate Judge found, "provided no useful information regarding the subjects of any of the [witnesses'] discoverable information" [366]. Defendants then supplemented this disclosure on September 30, 2025, correcting the misspelling, identifying an additional witness, and providing the required Rule 26(a)(1)(A)(i) information for each witness [366]. Defendants argued this supplemental disclosure was made "as soon as possible

3

after learning . . . of the need to locate and identify individuals with knowledge of the defendant Board of Supervisors' actions addressing the needs of the county's black citizens" [366].

This Court finds it difficult to believe the need to establish this familiar *Gingles* factor in Section 2 litigation slipped past Defendants' experienced lawyers, and the Magistrate Judge's ruling indicates likewise. Despite Defendants' explanation, the Magistrate Judge found the Defendants' supplemental disclosures untimely, pointing to the well-recognized nature of that factor,[1] the Complaint's use of that factor, this Court's specific reference to the factor in its opinion on motion to dismiss [97], and Plaintiffs' initial disclosures identifying individuals with knowledge concerning this factor.

Additionally, Defendants claimed and are now claiming the burden was on Plaintiffs to object to the sufficiency of the disclosure or notice depositions "out of an abundance of caution" during the three-week period between the initial disclosure and the supplemental disclosure. The Magistrate Judge succinctly corrects this flawed argument, noting, "[P]arties are obliged to disclose witnesses in sufficient time to permit the witnesses' deposition to be complete before the discovery deadline" [366]. *Powell v. Worldwide Truck*, LLC No. 3:23-cv-2985-TSL-MTP, 2024 WL 4770428, at *4 (S.D. Miss. 2024) (internal quotation marks and other citations omitted). The onus, therefore, was on Defendants to supplement their obviously inadequate initial disclosure "in a *timely* manner." *Powell*, 2024 WL 4770428, at *4 (quoting Fed. R. Civ. P. 26(e)(1)). These facts clearly show Defendants had notice Plaintiffs needed the information concerning Section 2's government responsiveness factor and it was Defendants' responsibility to correct their flawed initial disclosure in a timely manner; therefore, the Magistrate Judge made no error in finding Defendants disclosures were untimely.

---

[1] See *Thornburg v. Gingles*, 478 U.S. 30, 36-37 (1986) and its progeny.

### C. Exclusion of Defendants' Witnesses

Defendants finally claim the Magistrate Judge erred by striking the eight witnesses at issue here. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). It has already been established Defendants' failure to properly disclose their witnesses was not justified. To determine whether that failure was harmless, the Magistrate Judge considered four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose" [366]. *Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 729 (5th Cir. 2010).

This Court agrees with the Magistrate Judge's findings on the first factor; that is, the importance of these witnesses' testimonies is "uncertain" [366]. As they told the Magistrate Judge before his ruling on the motion to strike [341], Defendants again state these witnesses "*may* testify to their knowledge" of certain issues relevant to this case, and "*[d]epending on how trial proceeds*, those facts *may* be essential to the underlying claims and defenses" [374, at 13 (emphasis added)]. This potentiality is "no bar to exclusion." *Geiserman v. MacDonald*, 893 F.2d 787, 793-95 (5th Cir. 1990).

As to the second factor, the prejudice to Plaintiffs is readily apparent, and the Magistrate Judge makes that clear in his order: "[P]laintiffs were deprived of the opportunity to depose . . . the individuals during discovery, and [Defendants] were not agreeable to [Plaintiffs'] offer to afford each side an opportunity to depose . . . late-disclosed witnesses after the close of discovery" [366]. Defendants again attempt to shift the burden, arguing "Plaintiffs had ample opportunity to depose these individuals during the discovery period" after the September 12, 2025, disclosure

5

[374]. This argument is still unconvincing because as the Court noted above, the disclosure on September 12, 2025, was insufficient; therefore, Plaintiffs were prejudiced by the deprivation of their opportunity to depose these witnesses.

Turning to the third factor, this Court again agrees with the Magistrate Judge's findings. Defendants should have a very clear understanding a continuance is not possible in this matter, and yet, they continue to argue "there can be no debate that a continuance, if granted, would relieve **any** prejudice suffered by Plaintiffs" [374]. This is especially true in light of the Fifth Circuit's recent denial [Case No. 62-60020, Doc. No. 39] of their writ of mandamus [62-60020, Doc. 2]. As the Magistrate Judge explains, this Court has already expedited this trial and denied a stay or continuance twice. Additionally, "a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Geiserman*, 893 F.2d at 792.

Finally, the Magistrate Judge found Defendants' explanation for their untimely disclosure "lacking," and this Court may only upset that decision if it finds that decision was "clearly erroneous or contrary to the law" [366]. *Robinson v. Rodger Ryan Intervect U.S.A., Inc.*, No. 3:07-cv-74, 2009 WL 1298261, at *1 (N.D. Miss. May 7, 2009). Defendants again—as previously discussed—shift the blame on Plaintiffs for not objecting and claim they need not "justify their supplemental disclosures on September 12th beyond making them." The Magistrate Judge found this explanation "wrongly suggests that a party has no duty to provide all the information required of Rule 26(a)(1)(A)(i) disclosures unless and until there is an objection to an insufficient disclosure" [366]. This Court agrees with that reasoning and finds none of it clearly erroneous nor contrary to law.

### *III.   Conclusion*

Defendants failed to show the Magistrate Judge's reasoning was clearly erroneous or contrary to law; therefore, Defendants' Objections [Doc. No. 373] to the Magistrate Judge's December 29, 2025, Order Granting Motion to Strike [366] should be overruled.

An order in accordance with this opinion shall issue this day.

THIS, the 23rd day of January, 2026.

*[signature]*
SENIOR U.S. DISTRICT JUDGE