**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

HAROLD HARRIS, PASTOR ROBERT TIPTON, JR., DELTA SIGMA THETA SORORITY, INC., and DESOTO COUNTY MS NAACP UNIT 5574,
*Plaintiffs*,
v.
DESOTO COUNTY, MISSISSIPPI; DESOTO COUNTY BOARD OF SUPERVISORS; and DESOTO COUNTY ELECTION COMMISSION,

*Defendants*.

No. 3:24-cv-00289-GHD-RP

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION [493, 494] TO DISALLOW DEFENDANTS' BILL OF COSTS [490, 490-1]**

## INTRODUCTION

Plaintiffs respectfully submit this Reply Memorandum in further support of their motion to disallow Defendants' Bill of Costs.

Plaintiffs' motion to disallow, ECF Nos. 493 & 494, demonstrates that every category of expense claimed by Defendants is incompletely documented, overstated, and contains significant inaccuracies, and that Defendants claim at least $114,255.87 in expenses that are not taxable as costs under the relevant statutes and caselaw. Plaintiffs' motion also demonstrates, *inter alia*, that Defendants claim thousands of dollars in duplicate charges: i.e., expenses that were not incurred at all. In addition, Plaintiffs show that Defendants claim thousands of dollars in completely undocumented copying charges. In response, Defendants do not seek to amend any part of their Bill of Costs. Their submission passes in silence over the numerous items they double-billed, *see* ECF No. 494 at 4-5 & 16, and makes no effort to address the inflated charges and missing

documentation highlighted by Plaintiffs. Instead, they have filed new materials that contradict their original filing. Defendants' costs presentation is unreliable, and their Bill should be disallowed.

## ARGUMENT

### I. DEFENDANTS' RESPONSE PROVIDES NO GROUNDS FOR REQUIRING PLAINTIFFS TO PAY ANY EXPENSE THAT IS NOT TAXABLE UNDER 28 U.S.C. § 1920, AND THE COURT SHOULD DISALLOW ALL SUCH EXPENSES.

Defendants repeat and repeat that the Court has discretion to award costs, but their appeals to discretion founder on the shoals of the Supreme Court's clear instructions that 28 U.S.C. § 1920 must be narrowly construed, that Fed. R. Civ. Pro. Rule 54(d) does not support "the broadest possible reading of the costs enumerated in § 1920," and that "the discretion granted by Rule 54(d) is not a power to evade the specific categories of costs set forth by Congress." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 572 (2012) (cleaned up). As this Court has recognized, the discretion to award costs is a one-way street: a district court may award, or decline to award, expenses described by the categories of 28 U.S.C. § 1920 as costs, but it may not award expenses outside those categories as costs. *Britt v. Miss. Farm Bureau Cas. Ins. Co*., No. 1:17-cv-219DAS, 2024 WL 3908985, at *1 (N.D. Miss. Aug. 22, 2024) (Davidson, J.) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987)); *Cook Child.'s Med. Ctr. v. New England PPO Plan of Gen. Consolidation Mgmt., Inc*., 491 F.3d 266, 274 (5th Cir. 2007)); *Kmart Corp. v. Kroger Co.*, No. 1:11-cv-00103DAS, 2014 WL 3700004, at *2 (N.D. Miss. July 24, 2014) (same). Without explicit statutory or contractual authorization, which Defendants have not shown to be present here, "federal courts may only award those costs articulated in section 1920." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010).

### A. The Court Should Disallow Defendants' Claim for $77,773.74 for Attorney and Staff Travel, Meals, Lodging, Mileage, and Courier Charges.

Defendants purport to respond to Plaintiffs' arguments for disallowance of these charges, ECF No. 494 at 3-7, in just 5 lines of their 14-page memorandum of law. ECF No. 496 at 8. They say nothing about this claim in the Declaration of counsel attached to Exhibit A to their Response. ECF No. 495-1 at 1-2. They have no answer to the clear case law that disallows claims for expenses for attorney and staff travel, meals, lodging, mileage, and courier charges, *see* ECF No. 494 at 4, and beg this Court to exercise discretion it does not have to award them these expenses, citing this Court's decision in *Kmart Corp. v. Kroger Co*., No. 1:11-CV-00103, 2014 WL 3700004, at *1-2 (N.D. Miss. July 24, 2014), in which the Court emphasized that courts "may not award costs outside [the statutory] categories." *Id*. Their non-response should be taken as a concession that they are not entitled to these expenses.

### B. The Court Should Disallow Defendants' Purported Expenses of $4,599.00 for an E-Discovery Platform.

E-discovery expenses are not authorized by 28 U.S.C. § 1920. *Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 341 (2019). With their original Bill, and with their Response, Defendants fail to provide meaningful support for these expenses. ECF No. 496 at 8-9. They argue, however, that the expense of their Everlaw platform was necessary because of Plaintiffs' requests for electronically stored information, and that this expense qualifies as "[f]ees and disbursements for printing" and as "[f]ees for exemplification and the costs of making copies" under 28 U.S.C. § 1920 (3) & (4). In support, they cite *Chenault v. Dorel Indus., Inc.*, No. A-08-CA-354-SS, 2010 WL 3064007, at *3 (W.D. Tex. Aug. 2, 2010), in which the district court permitted recovery of costs for an electronic database. It is doubtful that *Chenault* is still good law, given the subsequent decisions of the Supreme Court in *Rimini St., Inc.* and *Taniguchi*. In any event, the database in

*Chenault* was created to process a specific, quantified, and very large volume of email discovery—an estimated 30 gigabytes, ultimately narrowed to roughly 800,000 pages, and the court allowed the cost only because the database was created in lieu of printing those pages, a cost that would itself have been taxable under § 1920(4). *Id*. Defendants apparently do not perceive the irony in their citation of a case that taxed costs for a database that substituted for printing, while they seek to recover the expenses of their e-discovery platform *plus* nearly $17,000 for printing. Unlike the prevailing party in *Chenault*, Defendants have not identified the volume of documents their Everlaw subscription processed, have not shown that the subscription took the place of any specific, otherwise-taxable printing cost, and have not separated any conversion or copying component from the hosting, review, and categorization functions set forth in their Bill. If *Chenault* is still valid, a flat monthly fee for a review platform is not the kind of substitute for printing expenses that was addressed by that case.

Although Defendants attached 78 pages of copies of incomplete invoices and of checks generated by their counsel to their response to the instant motion, ECF No. 495-1 at 3-80, they did not attach the Everlaw invoices that Plaintiffs noted were missing from their Bill of Costs, even though these were listed, by invoice number, in their original submission. ECF No. 494 at 7 *and* 490-1 at 53. Thus, this Court is still without any proof of the specific services that Everlaw billed in the monthly charges Defendants claim: Defendants have not put forward any evidence that any part of the Everlaw "Usage," or "Subscription," or "Usage/Subscription," ECF No. 490-1 at 53, that they claim as costs was, in fact, "[f]ees and disbursements for printing" or "[f]ees for exemplification and the costs of making copies" under 28 U.S.C. § 1920 (3) & (4).

The fact that Defendants did not attach Everlaw's invoices to their Bill of Costs, and did not attach them to their response after Plaintiffs noted that they are missing, can only mean that

those invoices would not support, and perhaps would undermine, Defendants' position. Plaintiffs observed in their motion that e-discovery platforms, such as Everlaw, are generally usable for more than one matter at the same time. ECF No. 494 at 8. Defendants have no response.

### C. The Court Should Disallow Defendants' Purported Expenses of $1,325.00 for the Fees of a Private Process Server.

Defendants identified no exceptional circumstances, as required by the Fifth Circuit, to justify taxing their employment of a private process server. *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (absent something exceptional about the parties or the nature of the case, the costs of private process servers should not be taxed); *Cypress-Fairbanks Indep. Sch. Dist. v. Michael*, 118 F.3d 245, 257 (5th Cir. 1997). Now, Defendants claim for the first time that "exceptional circumstances" exist, citing *Katz v. State Farm Fire & Cas. Co.,* No. CIV.A. 06-4155, 2009 WL 3712588 (E.D. La. Nov. 4, 2009), but only with regard to 3 of the 10 persons named on their process servers' invoices: Melvin Young, Monica McInnis and Rep. Hester Jackson-McCray. Compare ECF No. 496 at 10 with ECF No. 490-1 at 2. Charges for Mr. Young and Ms. McInnis total $255.00. ECF No. 490-1 at 3 & 5. The process server charged $420.00 to serve Rep. Jackson-McCray and two other persons. ECF No. 490-1 at 5. If Rep. Jackson-McCray represented one-third of that charge, service on her cost $140.00. Therefore, the 3 individuals about whom Defendants claim "exceptional circumstances" generated process server fees totaling $395.00, at most, and, on Defendants' own terms, their claim is overstated by $930.00.

But Defendants have not established their entitlement to any fees for private service of process. They claim as an "exceptional circumstance" the fact that Plaintiff identified these individuals as persons who may have had discoverable information; but any person identified by a party may have discoverable information. In *Katz*, on which Defendants rely, the court found "exceptional circumstances" because plaintiffs had not provided proper addresses for certain

witnesses and others could not be served despite repeated attempts. *Id.*at *2 . Defendants do not allege that Plaintiffs provided any inaccurate addresses. Of the three persons that Defendants claim presented "exceptional circumstances," only one, Monica McInnis, required "multiple attempts." ECF No. 490-1 at 7. The two others were each served on the first try. ECF No. 490-1 at 3 (Melvin Young) & 5 (Rep. Jackson-McCray). The total charge claimed by Defendants for Ms. McInnis is $55.00. ECF No. 490-1 at 2. The entirety of Defendants' claim for private service of process should be disallowed.

### D. The Court Should Disallow Defendants' Claim, as Costs for Printing Trial Exhibits, $4,280.83 in Charges for Plaintiffs' Trial Exhibits, Color Copies, UPS Shipping and Comb Binding of Deposition Transcripts.

Defendants also fail to provide any additional support for their attempt to claim their expenses for materials it was convenient for their counsel to have at counsel table. *See* ECF 494 at 9. They insist that their Bill of Costs is sufficient on this point because defense counsel executed the Declaration on the Bill of Costs form, ECF No. 490, asserting that the copies were "necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." ECF No. 496 at 11. They purport to find support for this proposition in this Court's decision in *Kmart Corp. v. Kroger Co.,* without mentioning that this Court required the party seeking costs to document them with particularity, holding that a party that seeks costs "has the burden of supporting its request with evidence documenting the costs incurred." *Kmart Corp.*, 2014 WL 3510488, at *4 (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991)). Here, Defendants' itemization of the copies and services it seeks to tax in this category, ECF No. 490-1 at 42, demonstrates that, as set forth in Plaintiffs' motion, all the copies and services are of non-taxable types: (1) copies of Plaintiffs' exhibits made for defense counsel's use at counsel table were clearly obtained for defense counsel's convenience and are not a cost of

producing Defendants' own exhibits; (2) comb-binding deposition transcripts is another expense incurred purely for the convenience of counsel; and, (3) Defendants have no authority to claim expenses of shipping, binding or color copies. *See* ECF No. 494 at 9. Defendants make no response. Accordingly, $4,280.83 in printing costs for trial claimed by Defendants must be disallowed as expenses not recognized as taxable costs. Defendants' response provides no additional documentation that the remaining $630.04 they claim in this category was actually incurred and that it was necessary for trial.

**E. The Court Should Disallow Defendants' Undocumented Claim for $12,349.40 in Copying Expenses.**

Defendants further muddy the waters concerning the $12,349.40 they assert they incurred in photocopying expenses. In their original filing, Defendants presented a listing of dates and page counts, with no description of what was copied on any date, or why. ECF No. 490-1 at 46–52. Now, they claim that Exhibit D to their Response contains "descriptions of the content for the copying costs and invoices." ECF Nos. 496 at 11 &4 95-4. Exhibit D's list of "descriptions of the content" of Defendants' copying costs concerns expenses of $5004.20; ECF No. 495-4; their Bill claims $12,349.40. ECF No. 490-1 at 46-52. But Defendants have not even described a subset of the total they claim, because the dates and numbers of copies on the new list do not correspond to the dates and numbers of copies filed by Defendants with their Bill of Costs:

| | PAGE COUNTS | |
|---|---|---|
| **PRINTING DATES LISTED ON ECF NO. 495-4** | **Bill of Costs, Ex. A ECF No. 490-1 at 46-52** | **Def'ts' Resp., Ex. D, ECF No. 495-4** |
| **2/12/2025** | No entry for this date | 242 |
| **2/25/2025** | No entry for this date | 27,809 |
| **2/27/2025** | No entry for this date | 309 |
| **4/2/2025** | 75 | 2,599 |
| **6/3/2025** | No entry for this date | 4,705 |
| **7/9/2025** | 93 | 950 |
| **7/11/2025** | 48 | 180 |
| **7/30/2025** | 33 | 0 |
| **8/15/2025** | 17 | 614 |
| **8/19/2025** | 93 | 4,747 |
| **9/10/2025** | 220 | 170 |
| **9/12/2025** | 28 | 848 |
| **9/30/2025** | 3197 | 2,050 |
| **10/5/2025** | 73 | 3,804 |
| **10/6/2025** | 199 | 1,015 |

As the above table shows, none of the copying purportedly described in Defendants' Response corresponds to the copying listed in their original submission. Indeed, Defendants claimed in their original submission that during February, 2025, they made 64 copies, 5 on February 3 and 59 on February 17. ECF No. 490-1 at 46. In their Response, they purport to describe a total of 28,360 copies, made on three different dates that month. ECF No. 495-4.

Defendants proffer Exhibit D to their Response to support the copying costs claimed in their Bill. They do not assert that the copies they now describe are new costs not previously claimed, and it is too late for them to do so. Some district courts in this Circuit have exercised their discretion to accept a late submission that supports a timely, but insufficiently documented, bill of costs, *see, e.g.*, *Covenant Cap. Partners v. Soil Savers Inc.*, No. 3:06-CV-0399-O, 2008 WL 2941125, at *13 (N.D. Tex. Jul. 30, 2008), but courts reject post-deadline attempts to document

costs not asserted in the original bill. *Tempest Publ'g Inc. v. Hacienda Recs. & Recording Studio, Inc.*, 141 F. Supp. 3d. 712, 724 (S.D. Tex. 2015); *Nichols v. Tillman*, No. 5:11-cv-00010-DCB-JMR, 2013 WL 594884, at *2 (S.D. Miss. Feb. 15, 2013); *Ferrera v. 4JLJ, LLC*, No. 2:15-CV-182, 2017 WL 1130080 at *2 (S.D. Tex. Mar. 27, 2017).

Defendants' new descriptions, moreover, concern 50,042 copies they claim to have made as part of their required disclosures, or in response to Plaintiffs' requests for production, or copies of documents that Plaintiffs produced. Pursuant to the Case Management Order herein, however, ECF No. 67 at 3, electronically stored information—almost the entirety of the documents produced by either side—was produced in its native format. Accordingly, the photocopies described in ECF No. 495-4 were not necessary. *See Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285–86 (5th Cir. 1991) ("Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court."); *Bank One Texas, N.A. v. Apex Energy LLC,* 2002 WL 22055, at *2 (N.D. Tex. Jan. 4, 2002) (copies of fee statements for copying "merely show a lump sum amount" for photocopying expenses, with "absolutely no evidence of what documents were copied or how they relate to this lawsuit"; affidavit of legal assistant that the charges for copying papers "were necessarily incurred in the course of litigation" was "insufficient to establish that the copying charges were necessary"; cost item denied in full); *Great Am. Ins. Co. of New York v. Lowry Dev., LLC,* No. 1:06CV097 LTS-RHW, 2010 WL 11530561, at *2 (S.D. Miss. Apr. 27, 2010) (requiring "some evidence" $29,832.52 in copies were not "made only for the convenience of counsel.").

**F. The Court Should Disallow Defendants' Claim for $32,837.10 for deposition transcripts.**

The reporters' invoices that Defendants attached to their Bill concerning their claim for $32,837.10 for deposition transcripts did not specify whether the transcripts were ordered on a

regular or expedited basis, nor did Defendants explain their reasons for incurring expedited delivery charges for any transcript. *See* ECF 494 at 14. Defendants also failed to attach payment documents to the reporters' invoices. Defendants still do not explain which transcripts they ordered on an expedited basis, and their rationale for doing so. Rather, all they have done is supply copies of checks purportedly sent to court reporters in payment of most—but not all—of the reporters' invoices. ECF No. 495-1 at 29-59.

Presumably, these are all the payments they can document, but they do not add up to the amount Defendants' claim. They have not produced a copy of any check tendered in payment for the deposition transcripts of Ms. Theresa Isom, Ms. Pam McKelvy, or Dr. Jacob Grumbach, for which they purport to tax $1540.00, $1441.75, and $2296.55 respectively. Thus, Defendants seek $32,837.10 in deposition transcript costs but have documented that they paid $27,558.80. To establish their entitlement to this amount, which represents the greater part of their claim for expenses that could qualify as costs under 28 U.S.C. § 1920, they should have provided evidence of the basis on which they ordered these transcripts—regular or expedited—and of their grounds for incurring expedited transcript costs.

### G. The Court Should Disallow Defendants' Insufficiently Documented Claim for $2,921.27 of Their Expert Witnesses' Travel Expenses.

Defendants documented payment of $1,335.45 of the $4,256.72 they seek as costs for the travel expenses of expert witnesses. ECF No. 494 at 15-16. Now, they provide no additional support for the remaining $2921.27, but say only that they "have submitted the required documentation and materials." ECF No. 496 at 14. They have no answer to Plaintiffs' citation of this Court's holding in *Kmart* that rental car charges are not taxable as costs, 2014 WL 3510488, at *6–*7, *see* Doc. 494 at 15, and say nothing about their overstatement of the rental car charges

they claim, or about Mr. Bonneau's exorbitant parking charge, or about the fact that they purport to charge twice for Mr. Trende's airfare. See ECF No. 490-1 at 117, *see* ECF 494 at 15-16.

### H. Defendants Make No Attempt to Explain Their Inflated Claim for Trial Transcript Costs, and This Claim Should be Disallowed.

Finally, Defendants stand silent concerning their inflated claim for trial transcript costs: the amount they should properly have paid for trial transcripts was $3,310.35 and not the $8,332.95 they seek. ECF 494 at 12-13. In this category, therefore, their Bill of Costs contains an overcharge of $5,022.60. The absence of any response should be read as Defendants' concession that their Bill is incorrect on this point as well.

## II. DEFENDANTS' RESPONSE COMPOUNDS THE DEFECTS IN THEIR BILL OF COSTS, PROVIDING ADDITIONAL GROUNDS ON WHICH THE COURT SHOULD DENY THE ENTIRETY OF DEFENDANTS' BILL.

The Fifth Circuit held in *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006), that district courts may deny or reduce requests for costs in the sound exercise of their discretion when the circumstances warrant doing so, and that, when the non-prevailing party litigated in good faith, costs may be denied to the prevailing party if one or more additional factors are present. *Id.* at 794–95. Plaintiffs' motion shows that they litigated in good faith, and that additional factors recognized by courts are present to support disallowance of Defendants' claimed costs: The case presented close and difficult legal issues, Defendants' conduct greatly increased the costs of the litigation, and their Bill of Costs is excessive and unsupported by the necessary evidence. *See* ECF No. 494 at 16-21. Defendants' Response confirms an additional basis for disallowance: Examination of its contents reveals that Defendants' presentation of their costs is unreliable.

Even when expenses claimed by a prevailing party could qualify as costs under 28 U.S.C. § 1920, the determination of the amount to be awarded can only be made based on credible evidence. *Summit Technology, Inc. v. Nidek Co., Ltd.,* 435 F.3d 1371 (Fed. Cir. 2006) ("Cost awards

are bound by the constraints of section 1920, and, when challenged, a prevailing party must offer some reliable documentation or other proof that its bill of costs represents the allowable costs that it actually and necessarily incurred during the litigation"). Here, Defendants insist repeatedly in their Response that all the Court needs to support their claimed costs is defense counsel's affidavits. See ECF No. 496 at 11, 13-14. But counsel swore to the correctness of costs for which he put forward incorrect and conflicting documentation, and swore that those costs were incurred when, in fact, the expenses claimed included numerous instances of double billing. Thereafter, when the defects in Defendants' presentation were shown, defense counsel did not correct them, but instead submitted additional conflicting information and swore again that that he reviewed the costs sought and the supporting evidence, that these expenses were incurred, ECF 495-1 at 1, ¶¶2-3, and that the amounts reflected in the invoices attached to the Response "accurately reflect costs actually incurred." *Id.*, ¶5. Defendants' presentation is too unreliable for any part of it to be credited.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that the Court issue an Order disallowing the entirety of Defendants' Bill of Costs.

Dated: September 18, 2026

Respectfully submitted,

*/s/ Joshua Tom*
Joshua Tom (Miss. Bar No. 105392)
**ACLU OF MISSISSIPPI**
101 South Congress Street
Jackson, MS 39201
Telephone: (601) 354-3408
jtom@aclu-ms.org

Amir Badat (Miss. Bar No. 106599)
**BADAT LEGAL PLLC**
P.O. Box 15
Tougaloo, MS 39174

*/s/ Brenda Wright*
Brenda Wright*
Kathryn Sadasivan*
Victor Genecin*
Breanna Williams*
Pilar Whitaker*
**NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.**
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592

Phone: (601) 462-9592
amir.badat@gmail.com

bwright@naacpldf.org
ksadasivan@naacpldf.org
vgenecin@naacpldf.org
bwilliams@naacpldf.org
pwhitaker@naacpldf.org

Ruth Greenwood*
**ELECTION LAW CLINIC**
**HARVARD LAW SCHOOL**
6 Everett Street, Ste. 4105
Cambridge, MA 02138
(617) 496-0222
rgreenwood@law.harvard.edu

*Attorneys for Plaintiffs*
**Admitted Pro Hac Vice*